**CLOSED, APPEAL, APPEAL_NAT**

# U.S. Bankruptcy Court
## Southern District of Texas (Houston)
## Adversary Proceeding #: 24-03066

*Assigned to:* Bankruptcy Judge Alfredo R Perez
*Lead BK Case:* 99-99999
*Lead BK Title:* Out of District Main Case
*Lead BK Chapter:* 7
*Demand:*

*Date Filed:* 04/11/24
*Date Terminated:* 06/13/24
*Date Removed From State:*
04/11/24

*Nature[s] of Suit:*  01 Determination of removed claim or cause

### Joint Debtor
-----------------------
**James Michael Andersen**
17041 El camiino Real
Suite 204
Houston, TX 77058
281-488-2800
SSN / ITIN: xxx-xx-8554

represented by **James Michael Andersen**
Attorney at Law
17041 El Camino Real
Ste 204
Houston, TX 77058
281-488-2800
Email: jandersen.law@gmail.com

### Plaintiff
-----------------------
**Elizabeth Thomas**

represented by **James Michael Andersen**
(See above for address)

V.

### Defendant
-----------------------
**Primary Residential Mortgage Inc**

represented by **Gwen E. Richard**
Irelan McDaniel PLLC
2520 Caroline St, 2nd Floor
Houston, TX 77004

713-222-7666
Fax : 713-222-7669
Email: grichard@imtexaslaw.com

*Defendant*
-----------------------
**Stewart Title Company**

*Defendant*
-----------------------
**MTH Lending Group, LP**                    represented by **Dale M Holidy**
Germer PLLC
2929 Allen Parkway, Suite 2900
Houston, TX 77019
713-650-1313
Email: rholidy@germer.com

*Defendant*
-----------------------
**Meritage Homes of Texas LLC**

*Defendant*
-----------------------
**Mary L Lester**

*Defendant*
-----------------------
**Meritage Homes Corporation**

*Defendant*
-----------------------
**Stewart Title Guaranty Company**

*Counter-Defendant*

------------------------

# Miramar Lake Homeowers Association Inc

| Filing Date | # | Docket Text |
|---|---|---|
| 04/11/2024 | 🔘1<br>(5 pgs) | Adversary case 24-03066. Nature of Suit: (01 (Determination of removed claim or cause)) Notice of Removal Elizabeth Thomas , Miramar Lake Homeowers Association Inc . Receipt Number 0, Fee Amount $350 (ltg4) (Entered: 04/15/2024) |
| 04/22/2024 | 🔘2<br>(2 pgs) | Order for Conference Pre-Trial Conference set for 6/13/2024 at 10:00 AM at Houston, Courtroom 404 (MI). (tjl4) (Entered: 04/22/2024) |
| 04/23/2024 | 🔘3<br>(43 pgs; 9 docs) | Motion for Remand. Objections/Request for Hearing Due in 21 days. Filed by Defendant MTH Lending Group, LP Hearing scheduled for 5/20/2024 at 01:00 PM at Houston Courthouse. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Proposed Order) (Holidy, Dale) (Entered: 04/23/2024) |
| 04/23/2024 | 🔘4<br>(2 pgs) | Notice *of Hearing*. (Related document(s):3 Motion for Remand) Filed by MTH Lending Group, LP (Holidy, Dale) (Entered: 04/23/2024) |
| 04/23/2024 | 🔘5<br>(3 pgs) | Order Requiring Elizabeth Thomas and James M. Andersen to Personally Appear and Show Cause Why They Should Not be Held In Civil Contempt of Court and Sanctioned Until They Cease Their Contemptuous Behavior, Signed on 4/23/2024 **Show Cause hearing to be held on 5/1/2024 at 08:00 AM at Houston, Courtroom 404 (MI).** (SierraThomasAnderson) (Entered: 04/23/2024) |
| 04/24/2024 | 🔘6<br>(2 pgs) | Certificate (Filed By MTH Lending Group, LP ). (Holidy, Dale) (Entered: 04/24/2024) |
| 04/24/2024 | 🔘7<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):2 Order for Conference) No. of Notices: 0. Notice Date 04/24/2024. (Admin.) (Entered: 04/24/2024) |
| 04/25/2024 | 🔘8<br>(12 pgs; 2 docs) | Supplemental Motion for Remand. Objections/Request for Hearing Due in 21 days. Filed by Defendant MTH Lending Group, LP (Attachments: # 1 Exhibit A) (Holidy, Dale) (Entered: 04/25/2024) |
| 04/25/2024 | 🔘9<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):5 Order Setting Hearing) No. of Notices: 0. Notice Date 04/25/2024. (Admin.) (Entered: 04/25/2024) |
| 04/28/2024 | 🔘10<br>(186 pgs; 12 docs) | Response *WITHDRAWAL OF NOTICE OF REMOVAL WITH PREJDUICEE* (related document(s):3 Motion for Remand, 8 Motion for Remand). Filed by Elizabeth Thomas (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit) (Andersen, James) (Entered: 04/28/2024) |

| 04/29/2024 | 🌐11<br>(1 pg) | Remand Order (Related Doc # 3) Signed on 4/29/2024. (SierraThomasAnderson) (Entered: 04/29/2024) |
|---|---|---|
| 04/30/2024 | 🌐13<br>(3 pgs) | Notice *Non-Representation of Elizabeth Thomas as to Any Cliams related to P.C.F. PROPERTIES IN TX LLC.* Filed by Elizabeth Thomas (Andersen, James) (Entered: 04/30/2024) |
| 05/01/2024 | 🌐14 | Courtroom Minutes. Time Hearing Held: 7:57 AM - 8:10 AM, 8:18 AM - 8:34 AM. Appearances: Dale Holiday for the Defendant. James Andersen for the Plaintiff. Plaintiff Elizabeth Smith present. Gwen Richard an interested party. Kim Altuler an interested party. The Court heard oral argument. Witnesses sworn in and testimony given: James Andersen and Elizabeth Thomas. As stated on the record, parties to file an agreement regarding dismissal no later than 05/02/24 at 5:00 PM. If parties are unable to reach an agreement, hearing to be held on 05/03/24 at 8:00 AM. As stated on the record, wrongful removal compensation motion to be filed no later than 05/15/24 at 5:00 PM. Responses due no later than 05/28/2024 at 5:00 PM. Hearing to be held on 06/10/24 at 1:30 PM as stated on the record. The Court required the parties to attend the hearing in person. (Related document(s):5 Order Setting Hearing) **Hearing scheduled for 6/10/2024 at 01:30 PM at Houston, Courtroom 404 (MI).** (SierraThomasAnderson) (Entered: 05/01/2024) |
| 05/01/2024 | 🌐15<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 5/1/2024 7:57:39 AM ]. File Size [ 6264 KB ]. Run Time [ 00:13:03 ]. (admin). (Entered: 05/01/2024) |
| 05/01/2024 | 🌐16<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 5/1/2024 8:18:10 AM ]. File Size [ 7856 KB ]. Run Time [ 00:16:22 ]. (admin). (Entered: 05/01/2024) |
| 05/01/2024 | 🌐17<br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):11 Order on Motion For Remand) No. of Notices: 0. Notice Date 05/01/2024. (Admin.) (Entered: 05/01/2024) |
| 05/02/2024 | 🌐18<br>(2 pgs) | Notice *of Filing.* Filed by MTH Lending Group, LP (Holidy, Dale) (Entered: 05/02/2024) |
| 05/08/2024 | 🌐19<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (14-Day) by Meritage Homes of Texas/Kim Altsuler. This is to order a transcript of Elizabeth Thomas & James Andersen Show Cause Hearing on 5/1/2024 before Judge Marvin P. Isgur. Court Reporter/Transcriber: Access Transcripts (Filed By Meritage Homes of Texas LLC ). (Irving, Stephen) Electroincally Forwarded to Access Transcripts, LLC, on 05/08/2024. Estimated Date of Completion: 05/22/2024. Modified on 5/8/2024 (BenjaminRomero). (Entered: 05/08/2024) |
| 05/13/2024 | 🌐20<br>(26 pgs; 2 docs) | Transcript RE: Show Cause Hearing held on 5/1/24 before Judge Marvin Isgur. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 08/12/2024. (AccessTranscripts) (Entered: 05/13/2024) |

| Date | Doc | Description |
|---|---|---|
| 05/15/2024 | 21<br>(197 pgs; 17 docs) | Joint Application for Compensation *Primary Residential Mortgage Inc. and Meritage Homes of Texas, LLC.* Objections/Request for Hearing Due in 21 days. (Attachments: # 1 Appendix Exhibit List # 2 Exhibit Exhibit A # 3 Exhibit B # 4 Exhibit Exhibit C # 5 Exhibit Exhibit D # 6 Exhibit Exhibit E # 7 Exhibit F # 8 Exhibit G # 9 Exhibit Exhibit H # 10 Exhibit I # 11 Exhibit J # 12 Exhibit Exhibit K # 13 Exhibit Exhibit L # 14 Exhibit Exhibit M # 15 Affidavit N # 16 Exhibit Exhibit O) (Richard, Gwen) (Entered: 05/15/2024) |
| 05/15/2024 | 22<br>(182 pgs; 16 docs) | Exhibit List (Filed By Primary Residential Mortgage Inc ).(Related document(s):21 Application for Compensation) (Attachments: # 1 Exhibit Exhibit A # 2 Exhibit Exhibit B # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit # 12 Exhibit # 13 Exhibit # 14 Affidavit # 15 Affidavit) (Richard, Gwen) (Entered: 05/15/2024) |
| 05/16/2024 | 23<br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):20 Transcript) No. of Notices: 0. Notice Date 05/16/2024. (Admin.) (Entered: 05/16/2024) |
| 05/28/2024 | 24<br>(13 pgs; 2 docs) | Objection *With Motion To Strike Portions of Counsel Motion for Compensation* (related document(s):21 Application for Compensation). Filed by Elizabeth Thomas (Attachments: # 1 Proposed Order) (Andersen, James) (Entered: 05/28/2024) |
| 05/28/2024 | 25<br>(112 pgs; 5 docs) | Response *Attorney's Affidavit for Compensation with Attorney Fees* (related document(s):21 Application for Compensation). Filed by Elizabeth Thomas (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (Andersen, James) (Entered: 05/28/2024) |
| 06/07/2024 | 26<br>(7 pgs; 3 docs) | Agreed Motion to Withdraw as Attorney. Objections/Request for Hearing Due in 21 days. Filed by Plaintiff Elizabeth Thomas (Attachments: # 1 Proposed Order # 2 Proposed Order) (Andersen, James) (Entered: 06/07/2024) |
| 06/10/2024 | 27 | Courtroom Minutes. Time Hearing Held: 1:29 PM - 2:40 PM. Appearances: Kim Altuler an interested party. James Anderson for the Plaintiff. Plaintiff Elizabeth Thomas present. Exhibits admitted: ECF no. 21 15-16. ECF no. 22 5 in case no. 22-00742. ECF no. 23 in case no. 22-00742. ECF no. 25 1-3 not for the truth of the matters asserted. Witnesses sworn in and testimony given: Gwen Richard. The Court heard oral argument. Motion granted; order to be entered. (Related document(s): 14 Courtroom Minutes) (SierraThomasAnderson) (Entered: 06/10/2024) |
| 06/10/2024 | 28<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 6/10/2024 1:29:16 PM ]. File Size [ 33967 KB ]. Run Time [ 01:10:46 ]. (admin). (Entered: 06/10/2024) |
| 06/11/2024 | 29<br>(1 pg) | Order Granting Compensation (Related Doc # 21). Signed on 6/11/2024. (SierraThomasAnderson) (Entered: 06/11/2024) |
| 06/13/2024 | 30 | Courtroom Minutes. Time Hearing Held: 10:01 - 10:02. Appearances: none. The Court directed the clerk to close the case for reasons stated on the record. The Court retains jurisdiction to enforce the compensation |

| | | order as stated on the record. (Related document(s):2 Order for Conference) (SierraThomasAnderson) (Entered: 06/13/2024) |
|---|---|---|
| 06/13/2024 | 31<br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):29 Order on Application for Compensation) No. of Notices: 0. Notice Date 06/13/2024. (Admin.) (Entered: 06/13/2024) |
| 07/03/2024 | 32<br>(189 pgs; 17 docs) | Joint Motion For Contempt. Objections/Request for Hearing Due in 21 days. Filed by Primary Residential Mortgage Inc Hearing scheduled for 7/18/2024 at 09:00 AM at Houston, Courtroom 404 (MI). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit # 12 Exhibit # 13 Exhibit # 14 Exhibit # 15 Exhibit # 16 Proposed Order) (Richard, Gwen) (Entered: 07/03/2024) |
| 07/18/2024 | 33 | Courtroom Minutes. Time Hearing Held: 9:09 AM - 9:19 AM. Appearances: Gwen Richard for Primary Residential Mortgage Inc. Kim Altsuler for Meritage Homes of Texas. Plaintiff Elizabeth Thomas present. Hearing continued to 08/23/24 at 10:00 AM as stated on the record. (Related document(s):32 Motion for Contempt) **Hearing scheduled for 8/23/2024 at 10:00 AM at Houston, Courtroom 404 (MI).** (SierraThomasAnderson) (Entered: 07/18/2024) |
| 07/18/2024 | 34<br>(1 pg) | PDF with attached Audio File. Court Date & Time [ 7/18/2024 9:09:10 AM ]. File Size [ 5120 KB ]. Run Time [ 00:10:40 ]. (admin). (Entered: 07/18/2024) |
| 07/18/2024 | 35<br>(2 pgs) | Notice *of Hearing on Joint Motion for Civil Contempt*. Filed by Primary Residential Mortgage Inc (Richard, Gwen) (Entered: 07/18/2024) |
| 07/18/2024 | 36<br>(2 pgs) | Certificate *of Service* (Filed By Primary Residential Mortgage Inc ). (Richard, Gwen) (Entered: 07/18/2024) |
| 08/19/2024 | 37<br>(8 pgs; 3 docs) | Application *SUGGESTON OF BANKRUPCTY* Filed by Plaintiff Elizabeth Thomas (Attachments: # 1 Exhibit A # 2 Exhibit B) (Andersen, James) (Entered: 08/19/2024) |
| 08/21/2024 | 38<br>(10 pgs; 4 docs) | Joint Response *TO MOTION FOR CONTEMPT*. Filed by Elizabeth Thomas (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Andersen, James) (Entered: 08/21/2024) |
| 08/22/2024 | 39<br>(1 pg) | Order Setting Hearing Signed on 8/22/2024 (Related document(s):32 Motion for Contempt) **Hearing scheduled for 9/10/2024 at 10:00 AM at Houston, Courtroom 400 (ARP).** (abm4) (Entered: 08/22/2024) |
| 08/22/2024 | 40<br>(1 pg) | Order Reassigning Adversary Proceeding, Signed on 8/22/2024 (SierraThomasAnderson) (Entered: 08/22/2024) |
| 08/24/2024 | 41<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):39 Order Setting Hearing) No. of Notices: 0. Notice Date 08/24/2024. (Admin.) (Entered: 08/24/2024) |
| 08/24/2024 | 42<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):40 Generic Order) No. of Notices: 0. Notice Date 08/24/2024. (Admin.) (Entered: 08/24/2024) |

| | | |
|---|---|---|
| 09/05/2024 | ⬤[43](1 pg) | AO 435 TRANSCRIPT ORDER FORM (3-Day) by Gwen Richard. This is to order a transcript of Hearing on Motion for Compensation, 6/10/2024 before Judge Marvin P. Isgur. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By Primary Residential Mortgage Inc ). (Richard, Gwen) Electronically forwarded to Veritext Legal Solutions on 9.12.24. Estimated completion date 9.15.24. Modified on 9/12/2024 (CSRodriguez). (Entered: 09/05/2024) |
| 09/10/2024 | ⬤44 | Courtroom Minutes. Time Hearing Held: 10:00 AM to 10:09 AM. Appearances: James Andersen pro se defendant; Alzadia Spires pro se defendant; Elizabeth Thomas pro se; Kim Alsuler for Meritage Homes; Gwen Richard for defendant Primary Residential Mortgage Inc. ERO: yes. Argument heard. Court orders defendants James Andersen and Elizabeth Thomas to submit financial disclosures within 14 days; oral order entered allowing financial disclosures to be filed under seal. Court to enter an order. (Related document(s):[32](#) Motion for Contempt) (abm4) (Entered: 09/10/2024) |
| 09/10/2024 | 🔊[45](1 pg) | PDF with attached Audio File. Court Date & Time [ 9/10/2024 10:00:17 AM ]. File Size [ 4168 KB ]. Run Time [ 00:08:41 ]. (admin). (Entered: 09/10/2024) |
| 09/10/2024 | ⬤[46](2 pgs) | Order in Aid of Order Granting Compensation Signed on 9/10/2024 (Related document(s):[29](#) Order on Application for Compensation) (abm4) (Entered: 09/10/2024) |
| 09/12/2024 | ⬤[47](4 pgs) | BNC Certificate of Mailing. (Related document(s):[46](#) Generic Order) No. of Notices: 0. Notice Date 09/12/2024. (Admin.) (Entered: 09/12/2024) |
| 09/23/2024 | ⬤[48](1 pg) | AO 435 TRANSCRIPT ORDER FORM (Ordinary (30 days)) by Gwen E. Richard. This is to order a transcript of Hearing on Motion for Contempt, 9/10/2024 before Judge Alfredo R. Perez. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By Primary Residential Mortgage Inc ). (Richard, Gwen) Electronically forwarded to Veritext Legal Solutions on 9/24/24. Estimated completion date 10/24/24 Modified on 9/24/2024 (BrittanyNicklaus). (Entered: 09/23/2024) |
| 09/24/2024 | ⬤[49](55 pgs) | Sealed Document *FILING OF MONTHLY BANK STATEMENTS* (Filed By Elizabeth Thomas ). (Andersen, James) (Entered: 09/24/2024) |
| 09/24/2024 | ⬤[50](3 pgs) | Sealed Document *lease and bank statements* (Filed By James Michael Andersen ). (Andersen, James) (Entered: 09/24/2024) |
| 10/02/2024 | ⬤[51](2 pgs) | Notice *of Hearing on Joint Motion for Civil Contempt*. (Related document(s):[32](#) Motion for Contempt) Filed by Primary Residential Mortgage Inc (Richard, Gwen) (Entered: 10/02/2024) |
| 10/03/2024 | ⬤[52](2 pgs) | Order to Show Cause for Failure to Comply with Order in Aid of Order Granting Compensation, Signed on 10/3/2024 (Related document(s):[32](#) Motion for Contempt, [46](#) Generic Order) (abm4) (Entered: 10/03/2024) |

| | | |
|---|---|---|
| 10/05/2024 | 🔵 53<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):52 Generic Order) No. of Notices: 1. Notice Date 10/05/2024. (Admin.) (Entered: 10/05/2024) |
| 10/15/2024 | 🔵 54<br>(125 pgs; 4 docs) | Sealed Document *BANK STATEMENTS* (Filed By James Michael Andersen ). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3) (Andersen, James) (Entered: 10/15/2024) |
| 10/15/2024 | 🔵 55<br>(4 pgs) | Response *To Order to Show Cause*. Filed by James Michael Andersen (Andersen, James) (Entered: 10/15/2024) |
| 10/15/2024 | 🔵 56<br>(5 pgs; 2 docs) | Motion to Continue Hearing On (related document(s):32 Motion for Contempt). Filed by Elizabeth Thomas (Attachments: # 1 Proposed Order) (Andersen, James) (Entered: 10/15/2024) |
| 10/15/2024 | 🔵 57<br>(1 pg) | Sealed Document *Elizabeth Thomas Doctor Medical Excuse* (Filed By Elizabeth Thomas ). (Andersen, James) (Entered: 10/15/2024) |
| 10/16/2024 | 🔵 58<br>(1 pg) | Order Granting Motion for Continuance, Signed on 10/16/2024 (Related document(s):32 Motion for Contempt) **Hearing scheduled for 11/5/2024 at 09:00 AM at Houston, Courtroom 400 (ARP).** (abm4) (Entered: 10/16/2024) |
| 10/18/2024 | 🔵 59<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):58 Order Setting Hearing) No. of Notices: 1. Notice Date 10/18/2024. (Admin.) (Entered: 10/18/2024) |
| 10/21/2024 | 🔵 60 | Courtroom Minutes. Time Hearing Held: 9:00 AM to 9:13 AM. Appearances: Kim Alsuler for Meritage Homes of Texas; Gwen Richard for Primary Residential Mortgage Inc.; John Burger for P.C. F Properties in TX, LLC. Testimony heard. The Court will enter a supplemental order for additional attorney fees as stated on the record. A further Order to Show Cause hearing is set for an in person hearing on **11/5/2024 at 9:00 AM** ERO: yes. (Related document(s):32 Motion for Contempt). (abm4) (Entered: 10/21/2024) |
| 10/21/2024 | 🔵 61<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 10/21/2024 9:00:00 AM ]. File Size [ 6296 KB ]. Run Time [ 00:13:07 ]. (admin). (Entered: 10/21/2024) |
| 10/21/2024 | 🔵 62<br>(2 pgs) | Order to Show Cause and Compelling in Person Appearance at the Hearing Scheduled for November 5, 2024 at 9:00 AM, Signed on 10/21/2024 (Related document(s):32 Motion for Contempt, 51 Notice, 52 Generic Order) **Show Cause hearing to be held on 11/5/2024 at 09:00 AM at Houston, Courtroom 400 (ARP).** (abm4) (Entered: 10/21/2024) |
| 10/21/2024 | 🔵 63<br>(2 pgs) | Supplemental Order Awarding Further Compensation, Signed on 10/21/2024 (abm4) (Entered: 10/21/2024) |
| 10/22/2024 | 🔵 64<br>(8 pgs; 2 docs) | Transcript RE: held on 9/10/24 before Judge ALFREDO R. PEREZ. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by |

| | | Transcript access will be restricted through 01/21/2025. (VeritextLegalSolutions) (Entered: 10/22/2024) |
|---|---|---|
| 10/23/2024 | 🌐 65 (4 pgs) | BNC Certificate of Mailing. (Related document(s):62 Order Setting Hearing) No. of Notices: 1. Notice Date 10/23/2024. (Admin.) (Entered: 10/23/2024) |
| 10/23/2024 | 🌐 66 (4 pgs) | BNC Certificate of Mailing. (Related document(s):63 Generic Order (Adversary)) No. of Notices: 0. Notice Date 10/23/2024. (Admin.) (Entered: 10/23/2024) |
| 10/26/2024 | 🌐 67 (3 pgs) | BNC Certificate of Mailing. (Related document(s):64 Transcript) No. of Notices: 1. Notice Date 10/26/2024. (Admin.) (Entered: 10/26/2024) |
| 11/01/2024 | 🌐 68 (4 pgs; 2 docs) | Opposition Motion to Continue Hearing On (related document(s):62 Order Setting Hearing, 63 Generic Order (Adversary)). Filed by Elizabeth Thomas (Attachments: # 1 Proposed Order) (Andersen, James) (Entered: 11/01/2024) |
| 11/01/2024 | 🌐 69 (1 pg) | Sealed Document *Out on Medical Unitl 11/13/2024* (Filed By Elizabeth Thomas ). (Andersen, James) (Entered: 11/01/2024) |
| 11/03/2024 | 🌐 70 (6 pgs; 2 docs) | First Motion to Amend (related document(s):63 Generic Order (Adversary)). Filed by James Michael Andersen (Attachments: # 1 Proposed Order) (Andersen, James) (Entered: 11/03/2024) |
| 11/04/2024 | 🌐 71 (1 pg) | Order Granting Motion for Continuance, Signed on 11/4/2024 (Related document(s):68 Motion to Continue). Hearing on the Defendants Motion for Contempt is continued as to Elizabeth Thomas only. **Hearing scheduled for 11/25/2024 at 03:00 PM at Houston, Courtroom 400 (ARP).** (abm4) (Entered: 11/04/2024) |
| 11/04/2024 | 🌐 72 (6 pgs) | Notice of Appeal filed. (related document(s):63 Generic Order (Adversary). Fee Amount $298. Appellant Designation due by 11/18/2024. (Andersen, James) (Entered: 11/04/2024) |
| 11/04/2024 | 🌐 73 | Election to Appeal to Court of Appeals *Elizabeth Thomas*. (Andersen, James) (Entered: 11/04/2024) |
| 11/05/2024 | 🌐 74 | Courtroom Minutes. Time Hearing Held: 9:14 AM to 9:20 AM; 9:36 AM to 9:41 AM. Appearances: James Andersen as Debtor; Kim Altsuler for Meritage Homes of Texas; Gwen Richard for Primary Residential Mortgage Inc.; John Burger for P.C. F Properties in TX, LLC. Parties were ordered to confer about a payment plan. James Andersen is to draft a formal offer letter. All pending matters will be held in abeyance. Parties are to file a joint report by Tuesday, November 12, 2024 as stated on the record and contact the Case Manager. ERO: yes. (Related document(s):32 Motion for Contempt, 52 Order). (abm4) (Entered: 11/05/2024) |
| 11/05/2024 | 🌐 75 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 11/5/2024 9:14:11 AM ]. File Size [ 2480 KB ]. Run Time [ 00:05:10 ]. (admin). (Entered: 11/05/2024) |

| | | |
|---|---|---|
| 11/05/2024 | 🔊 76 (1 pg) | PDF with attached Audio File. Court Date & Time [ 11/5/2024 9:36:25 AM ]. File Size [ 2264 KB ]. Run Time [ 00:04:43 ]. (admin). (Entered: 11/05/2024) |
| 11/05/2024 | 77 (1 pg) | AO 435 TRANSCRIPT ORDER FORM (Ordinary (30 days)) by Gwen E. Richard. This is to order a transcript of Motion for Civil Contempt hearing held 11/5/2024 before Judge Alfredo R. Perez. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By Primary Residential Mortgage Inc ). (Richard, Gwen) Electronically forwarded to Veritext on 11/06/2024. Estimated completion date: 12/06/2024. Modified on 11/6/2024 (glc4). (Entered: 11/05/2024) |
| 11/06/2024 | 78 (3 pgs) | BNC Certificate of Mailing. (Related document(s):71 Order Setting Hearing) No. of Notices: 1. Notice Date 11/06/2024. (Admin.) (Entered: 11/06/2024) |
| 11/07/2024 | 79 (1 pg) | Clerk's Notice of Filing of an Appeal. On 11/04/2024, Elizabeth Thomas filed a notice of appeal. The appeal has been assigned to U.S. District Judge George C Hanks, Jr, Civil Action 4:24cv4354. Parties notified (Related document(s):72 Notice of Appeal). (bwl4) (Entered: 11/07/2024) |
| 11/09/2024 | 80 (3 pgs) | BNC Certificate of Mailing. (Related document(s):79 Clerk's Notice of Filing of an Appeal) No. of Notices: 1. Notice Date 11/09/2024. (Admin.) (Entered: 11/09/2024) |
| 11/12/2024 | 81 (3 pgs) | Status Report (Filed By Primary Residential Mortgage Inc ). (Richard, Gwen) (Entered: 11/12/2024) |
| 11/14/2024 | 82 (3 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal (related document(s):72 Notice of Appeal, 73 Election to Appeal). (Andersen, James) (Entered: 11/14/2024) |
| 11/18/2024 | 83 (4 pgs; 2 docs) | Opposition Motion to Continue Hearing On (related document(s):70 Motion to Amend. Filed by Elizabeth Thomas (Attachments: # 1 Proposed Order) (Andersen, James) (Entered: 11/18/2024) |
| 11/18/2024 | 84 (1 pg) | Sealed Document *THOMAS MECIAL TO 12/4/2924* (Filed By Elizabeth Thomas ). (Andersen, James) (Entered: 11/18/2024) |
| 12/04/2024 | 85 (10 pgs; 2 docs) | Transcript RE: held on before Judge ALFREDO R. PEREZ. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 03/4/2025. (VeritextLegalSolutions) (Entered: 12/04/2024) |
| 12/06/2024 | 86 (3 pgs) | BNC Certificate of Mailing. (Related document(s):85 Transcript) No. of Notices: 1. Notice Date 12/06/2024. (Admin.) (Entered: 12/06/2024) |
| 04/16/2024 | ● | Judge Marvin Isgur added to case. (hlc4) (Entered: 04/16/2024) |

| | | |
|---|---|---|
| 04/24/2024 | | The order issued at ECF no. 5 in case 24-3066 was served in accordance with the order. (SierraThomasAnderson) (Entered: 04/24/2024) |
| 05/06/2024 | | ***Delivery Confirmation; delivery date(s) 4/30/2024 (Related document(s):12 Document(s) Sent). (hlc4) (Entered: 05/06/2024) |
| 06/13/2024 | | Adversary Case 4:24-ap-3066 Closed. (SierraThomasAnderson) (Entered: 06/13/2024) |
| 08/22/2024 | | Judge Alfredo R Perez added to case. Involvement of Judge Marvin Isgur Terminated. (tjl4) (Entered: 08/22/2024) |
| 08/22/2024 | | The hearing previously scheduled for 8/23/24 at 10:00 am before Judge Marvin Isgur is *canceled* due to case reassignment. (tjl4) (Entered: 08/22/2024) |
| 10/02/2024 | | Hearing Set by Request (Related document(s):32 Motion for Contempt). Contacted by Sarah Cartwright. Movant to notice all interested parties and file a certificate of service with the court. **Hearing scheduled for 10/21/2024 at 09:00 AM at Houston, Courtroom 400 (ARP).** (tjl4) (Entered: 10/02/2024) |
| 11/07/2024 | | Receipt of Notice of Appeal( 24-03066) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A25694755. Fee amount $ 298.00. (U.S. Treasury) (Entered: 11/07/2024) |
| 11/18/2024 | | *Notice of Cancellation of Hearing.* The hearing previously scheduled for 11/25/24 at 3:00 pm is *canceled* per the abatement of the case issued at ECF No. 74 (Related document(s): 32 Joint Motion for Contempt) (tjl4) (Entered: 11/19/2024) |
| 11/20/2024 | | Remark Case review waiting for the appellee to file their record of designation (hl4) (Entered: 11/20/2024) |

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ELIZABETH THOMAS,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 24-3066** |
| | § | |
| **MERITAGE HOMES OF TEXAS, ET AL.,** | § | |
| **Defendants** | § | |

**PRIMARY RESIDENTIAL MORTGAGE, INC. AND MERITAGE HOMES OF TEXAS, LLC'S JOINT MOTION FOR ORDER OF CIVIL CONTEMPT**

**There will be a hearing on this motion on July 18, 2024 at 9:00 a.m. in Courtroom No. 404.**

Primary Residential Mortgage, Inc. ("PRMI") and Meritage Homes of Texas, LLC ("Meritage") file this Joint Motion for Order of Civil Contempt against Elizabeth Thomas ("Thomas") and James M. Andersen ("Andersen"), and respectfully show the following:

## I.    INTRODUCTION

1.    Thomas and Andersen have defied and ignored this Court's Order to pay attorney's fees to PRMI and Meritage. On June 11, 2024, the Court entered an Order Granting Compensation, ordering Thomas and Andersen to pay $13,657.50 to PRMI and $4,612.50 to Meritage in full and in cash within 14 days of the entry of the Order. (Dkt. 29). Neither Thomas nor Andersen has paid one dollar to PRMI or Meritage. PRMI and Meritage therefore move for Thomas and Andersen to be held in contempt of court.

2.    Thomas and Anderson have used the courts to endlessly tie PRMI, Meritage, and others up in frivolous lawsuits. These efforts resulted in orders from several District Judges within the Southern District prohibiting Thomas and Andersen from removing cases to the Southern District courts without first securing leave from the Chief Judge of the Southern District. Thomas and Andersen continued to remove cases to the Southern District as a means of extending

1

groundless lawsuits, thereby willfully violating multiple orders, including two orders from Judge Hittner in Civil Action H-19-559 on April 16, 2019 (the "Hittner Orders"); Judge Bennett in Civil Action 22-705 on February 16, 2023 (the "Bennett Order"); and Judge Hanks in Civil Action 22-742 on March 30, 2023 (the "Hanks Order") (collectively, the "Removal Orders").  Thomas and Andersen acknowledged on the record that they were aware of the orders and that their violations were willful.  As a result, this Court ordered Thomas and Andersen to pay attorneys' fees to PRMI and Meritage incurred as a result of their last improper removal to this Court.  The payments were due on June 21, 2024, but as of the filing of this motion, Thomas and Andersen have not paid or contacted counsel for PRMI and Meritage to make payment arrangements.

## II.  UNDISPUTED FACTS

3.     On April 23, 2024, the Court ordered Thomas and Andersen to appear and show cause why they should not be held in civil contempt and sanctioned.

4.     On April 29, 2024, the Court remanded this proceeding and three others to the state courts in which each action originated.  The Court retained jurisdiction over any compensatory civil sanctions or requests for compensation sought against Thomas and Andersen.

5.     On May 1, 2024, the Court conducted a show cause hearing relating Thomas and Andersen's ongoing violations of the Removal Orders.  At this hearing, and in response to the Court's questioning, Thomas and Andersen admitted to their willful violations of the Removal Orders.  Thomas and Anderson also acknowledged that they owe money to compensate certain opposing parties for their intentional violation of the Removal Orders.  Thomas agreed to dismiss her suit against MTH Lending Group, L.P. with prejudice in order to resolve all issues in that case. The Court reminded Thomas and Andersen that any compensation sought by other defendants in relation to the violation of the Removal Orders remains before the Court.

000013

6.    The Court then established a process by which PRMI and Meritage could obtain a hearing to determine the appropriate amount of compensation due as a consequence of Thomas and Andersen's violations of the Removal Orders.

7.    On May 15, 2024, PRMI and Meritage filed a Joint Motion for Compensation in compliance with the Court's directive.

8.    On June 10, 2024, the Court conducted an evidentiary hearing on the Joint Motion for Compensation.  On June 11, 2024, the Court entered an Order Granting Compensation, ordering Thomas and Andersen to pay $13,657.50 to PRMI and $4,612.50 to Meritage in full and in cash within 14 days of the entry of the Order.  (Dkt. 29).

9.    More than fourteen days have passed since the Court entered its Order Granting Compensation, but no funds have been tendered by either Thomas or Andersen to PRMI or Meritage.  Neither Thomas nor Andersen has contacted counsel for PRMI or Meritage to discuss payment arrangements or any alternative arrangements.

### III.  ARGUMENT AND AUTHORITIES

**A.  The Court Has Authority To Find Thomas And Andersen In Civil Contempt.**

10.    The Court possesses inherent authority to enforce its orders through civil contempt and may do so even after a final judgment in order to vindicate the sanctity of its prior orders and the court system in general.  *Waffenschmidt v. MacKay,* 763 F.2d 711, 716 (5th Cir. 1985).   A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995).

11.    In a civil contempt proceeding, the movant must establish by clear and convincing evidence that (1) a court order was in effect, (2) the order required specific conduct by the

000014

respondent, and (3) the respondent failed to comply with the court's order.  *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004); *Petroleos Mexicanos v. Crawford Enters.*, 826 F.2d 392, 401 (5th Cir. 1987).  "Willfulness is not an element of civil contempt. *Petroleos Mexicanos*, 826 F.2d at 401; *Jim Walter Res., Inc. v. Int'l Union, United Mine Workers Am.*, 609 F.2d 165, 168 (5th Cir. 1980) ("In civil contempt proceedings the question is not one of intent but whether the alleged contemnors have complied with the court's order.") (citation omitted).

12.    The clear and convincing evidence in a contempt proceeding is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitance, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995).  If the movant establishes a prima facie case, the respondent "may assert a present inability to comply with the order in question" as a defense. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

13.    Contempt may be civil or criminal.  *Int'l Union, United Mine Workers of American v. Bagwell*, 512 U.S. 821 (1994).  Civil contempt is "designed to compel future compliance with a court order, [is] coercive in nature and avoidable through compliance." *Id.*

14.    "Upon a finding of contempt, the district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005).  Civil contempt may be used for either or both of two purposes: to coerce the contemnor into compliance with the court's order and to compensate the complaining party for losses sustained.  *Am. Airlines, Inc. v. Allied Pilots Ass'n.*, 228 F.3d 574, 585 (5th Cir. 2000).

000015

15.     When holding a party in civil contempt, courts have the power to order either imprisonment or the payment of fines. *Bagwell*, 512 U.S. at 827.  Imprisonment for a fixed term is coercive, rather than punitive, when the party engaged in contempt is given the option of earlier release if he complies with a court order. *Id.* at 828.  The court may set a per diem fine to coerce the contemnor to comply with an order and considers the following factors in setting the fine: (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanction may impose; and (4) the willfulness of the contemnor in disregarding the court's order. *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (no abuse of discretion in imposing a $500 per diem sanction for contemnor's failure to comply with an order to produce certain documents requested in discovery).

**B.  Thomas And Andersen Violated The Court's Order Commanding Them To Pay PRMI and Meritage.**

16.     Just as they ignored the Removal Orders, Thomas and Andersen have ignored this Court's order compelling them to compensate PRMI and Meritage for expenses incurred as a result of their violations of the Removal Orders.  Thomas and Anderson have not paid amounts ordered. Further, neither Thomas nor Andersen contacted counsel for PRMI or Meritage to discuss seeking an extension, to propose payment terms that would allow for payment over time, or to discuss the possibility of dismissing the frivolous litigation against PRMI and Meritage as a means of resolving all outstanding issues.  In short, Thomas and Andersen have completely ignored the Court's June 11, 2024, Order.

**C.  Thomas's And Andersen's Actions Of Contempt Have Caused PRMI And Meritage To Incur Additional Attorney's Fees.**

17.     Thomas's and Andersen's acts of contempt without justification warrant enforcement by this Court, including, but not limited to, an assessment of costs and fees against them.  Their collective failure to acknowledge and abide by the Removal Orders and the Court's

5

June 11, 2024, Order Granting Compensation have caused PRMI and Meritage to incur unnecessary expenses and delay in terminating this litigation and collecting the compensation awarded by this Court. PRMI and Meritage ask the Court to order Thomas and Andersen to appear and show cause why they should not be held in civil contempt; to award PRMI and Meritage their expenses, including attorney's fees, incurred in preparing this Joint Motion for Civil Contempt; and ultimately to hold Thomas and Andersen in civil contempt for their failure to comply with the Court's June 11, 2024, Order as this Court deems proper.

## IV. **<u>PRAYER</u>**

For the foregoing reasons, PRMI and Meritage pray that this Court enter an Order:

(1) Granting PRMI's and Meritage's Joint Motion for Order of Civil Contempt;

(2) Ordering Thomas and Andersen to appear before this Court to show cause for failing to comply, or even attempting to comply, with the June 11, 2024, Order;

(3) Finding Thomas and Andersen in civil contempt;

(4) Imposing sanctions of $500 per day and imprisonment, as authorized by the law, until such time as Thomas and Andersen comply with the Court's June 11, 2024, Order or come to terms with PRMI and Meritage such that the parties jointly petition the Court for relief from that Order;

(5) Awarding PRMI and Meritage its expenses incurred in preparing this Motion, including its attorney's fees in an amount to be proven at the show cause hearing; and

(6) Granting PRMI and Meritage any and all such further relief at law or in equity to which the Court may find them justly entitled.

Respectfully submitted,

6

000017

IRELAN MCDANIEL
A Professional Limited Liability Company

By: */s/ Gwen E. Richard*
    Gwen E. Richard
    grichard@imtexaslaw.com
    State Bar No 16842730
    2520 Caroline St., 2nd Floor
    Houston, Texas 77004
    Phone:  713.222.7666
    Fax:    713.222.7669

**ATTORNEY FOR PRIMARY
RESIDENTIAL MORTGAGE, INC.**


**PECKAR & ABRAMSON, P.C.**


By: */s/ Kim Altsuler*
    Kim Altsuler
    Federal Bar No. 21838
    State Bar No. 00796656
    kaltsuler@pecklaw.com
    1717 West Loop South, Suite 1400
    Houston, TX 77027
    Telephone: 713-568-1500
    Facsimile:  713-568-1490


**ATTORNEYS FOR MERITAGE HOMES
OF TEXAS, LLC**


## CERTIFICATE OF CONFERENCE

    I certify that on July 3, 2024, at 10:16 a.m., I conferred by telephone with James M. Andersen, in his individual capacity and as counsel for Elizabeth Thomas, about the relief requested in Primary Residential Mortgage, Inc.'s and Meritage Homes of Texas, LLC's Joint Motion for Order of Civil Contempt.  I also conferred with both Ms. Thomas and Mr. Andersen by email on July 2, 2024.  Ms. Thomas and Mr. Andersen oppose the requested relief.

                                   */s/ Gwen E. Richard*
                                     Gwen E. Richard

000018

## CERTIFICATE OF SERVICE

I certify that on July 3, 2024, a copy of Primary Residential Mortgage, Inc.'s and Meritage Homes of Texas, LLC's Joint Motion for Order of Civil Contempt was served by filing it with the Court's Case Management/Electronic Case Filing system and by email as follows:

James M. Andersen
P.O. Box 58554
Webster, Texas 77598
Email: *jandersen.law@gmail.com*

Dale M. Holiday
Germer PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Email: *holidyefile@germer.com*

*/s/ Gwen E. Richard*
Gwen E. Richard

8

000019

```
                  UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF TEXAS (HOUSTON)

                                      .
ELIZABETH THOMAS,                     .  Case No. 24-03066
                                      .
               Plaintiff,             .
                                      .
v.                                    .
                                      .
MIRAMAR LAKE HOMEOWNERS               .
ASSOCIATION, INC. et al.,             .  515 Rusk Street
                                      .  Houston, TX 77002
               Defendants.            .
                                      .  Wednesday, May 1, 2024
. . . . . . . . . . . . . . . . .     .  7:57 a.m.



                  TRANSCRIPT OF SHOW CAUSE HEARING
                 BEFORE THE HONORABLE MARVIN ISGUR
                UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:


  For Elizabeth Thomas:   James Michael Andersen, Attorney at
                          Law
                          By:  JAMES MICHAEL ANDERSEN, ESQ.
                          17041 El Camino Real, Ste. 204
                          Houston, TX 77058
                          281-488-2800

  For Miramar Lake        Germer PLLC
  Homeowners              By:  RETT HOLIDY, ESQ.
  Association, Inc.:      2929 Allen Parkway #2900
                          Houston, TX 77019
                          713-650-1313


  Audio Operator:         Courtroom ECRO Personnel

  Transcription Company:  Access Transcripts, LLC
                          10110 Youngwood Lane
                          Fishers, IN 46048
                          (855) 873-2223
                          www.accesstranscripts.com

      Proceedings recorded by electronic sound recording,
  transcript produced by transcription service.
```

1

```
APPEARANCES (Continued):


For Meritage Homes       Peckar & Abramson, P.C.
Corporation, Meritage    By:  KIM ALTSULER, ESQ.
Homes of Texas:          1717 W Loop S, Suite 1400
                         Houston, TX 77027
                         713-568-1500

Also Present:            GWEN RICHARD, ESQ.

                         JOHN BERGER, ESQ.
```

```
 1          (Proceedings commence at 7:57 a.m.)

 2              THE COURT:  Good morning, please be seated.

 3              All right.  This morning we are here on an eight

 4  o'clock hearing on a civil contempt matter.  This is a show

 5  cause hearing.  The case number is Adversary Proceeding

 6  24-3066.  Please come forward and make your appearances at the

 7  hearing.  Come on forward, please, to the podium.

 8              MR. HOLIDY:  Good morning, Your Honor.  I'm Rett

 9  Holidy.  I represent Defendant MTH Lending Group, LP.

10              THE COURT:  Thank you, Mr. Holidy.

11              MR. ANDERSEN:  James Andersen, representing Elizabeth

12  Thomas.

13              THE COURT:  Good morning, Mr. Andersen.

14              MR. ANDERSEN:  Good morning.

15              MS. THOMAS:  Elizabeth Thomas.

16              THE COURT:  Good morning, Ms. Thomas.

17              MS. THOMAS:  Good morning, Your Honor.

18              THE COURT:  So Mr. Andersen, Ms. Thomas, why did you

19  violate multiple orders of the Court?

20              MR. ANDERSEN:  Your Honor, I just -- I was trying

21  to -- in my thought processes, I was under a lot of stress.

22  I'm the caregiver for my brother who fell two years ago and

23  lost his memory.  I'm the sole caregiver for this brother.  And

24  additionally, I've recently been diagnosed with heart problems,

25  and there were ongoing treatments for that right now and tests
```

1   to see what's done.  So my thought process, it was not a

2   deliberate thing, I just was --

3            THE COURT:  Of course it was a deliberate thing.  You

4   had multiple court orders that told you not to do it, and you

5   did it.  I want to know why did you violate the court orders?

6            MR. ANDERSEN:  It was not intentional, Your Honor.

7            THE COURT:  Of course it was intentional.  You filed

8   the -- well, maybe I'm wrong, let me back up.  Did you file the

9   notice of removal?

10           MR. ANDERSEN:  Yes, Your Honor.

11           THE COURT:  Okay.  So that was an intentional act.

12   Don't tell me it wasn't intentional.

13           MR. ANDERSEN:  Why?

14           THE COURT:  Why did you file a notice of removal

15   knowing that it violated court orders issued by the United

16   States District Court?

17           MR. ANDERSEN:  At the time, I just -- I was -- I just

18   didn't take the time to go back and check things in my mind and

19   on the checklist, and it was just -- I mean, that's all I can

20   tell you, I just --

21           THE COURT:  Are you still capable of practicing law?

22   Or have you tendered your law license resignation?

23           MR. ANDERSEN:  No, I'm still practicing law.

24           THE COURT:  I didn't ask if you were still

25   practicing, I know that.  I think you're telling me you're not

1  capable of practicing law right now.  Have you tendered your

2  resignation --

3          MR. ANDERSEN:  No.

4          THE COURT:  -- as a lawyer?  Well, why not if you

5  can't read and comply with orders of the Court?  If you're not

6  capable of doing that, how are you capable to practice law?

7          MR. ANDERSEN:  I was just trying to get it done and

8  in a hurry, and with all the other things on my mind, I just --

9  I did not take the time to thoroughly research that option.

10  And if I had, I would have discovered that.

11          THE COURT:  What option?  I don't know what you're

12  talking about.  You were barred from doing something, and

13  you --

14          MR. ANDERSEN:  Yeah.

15          THE COURT:  -- still did it.  What was the option

16  that you couldn't think through?

17          MR. ANDERSEN:  Well, I was trying to get Ms. Thomas'

18  case transferred to the New York.

19          THE COURT:  Well, I know that's what you were trying

20  to do.  How did you think you could do that in the light of the

21  court orders that said you couldn't?

22          MR. ANDERSEN:  It was --

23          THE COURT:  Ms. Thomas, why did you think you could

24  violate the court orders?  You knew they were out there.

25          MS. THOMAS:  I knew they were out there, Your Honor.

6

1    I did.

2           THE COURT:  So why did you think you could violate

3    them?

4           MS. THOMAS:  Because I -- I talked to my -- I talked

5    with my lawyer in New York, and he said that Judge Lang

6    maintained jurisdiction over his -- his own orders.  So he said

7    that Judge Lang can enforce his own orders.

8           THE COURT:  What does that have to do with violating

9    the orders of the United States District Court for the Southern

10    District of Texas?

11           MS. THOMAS:  You're right.

12           THE COURT:  What made you think you could do that?

13           MS. THOMAS:  I couldn't do that.  I --

14           THE COURT:  What is that?

15           MS. THOMAS:  I said, I know I couldn't -- I shouldn't

16    have done that.

17           THE COURT:  So look, we've now remanded the case, but

18    y'all owe a ton of money to people to compensate them for your

19    violation of the court orders.  Are you aware of that?

20           MS. THOMAS:  Yes, Your Honor.

21           MR. ANDERSEN:  Yes.

22           THE COURT:  How are you going to put that money?  Do

23    y'all have the money?

24           MR. ANDERSEN:  No.

25           THE COURT:  Well, what are we going to do about that?

```
 1              MR. ANDERSEN:  I --

 2              MS. THOMAS:  Find a way to get it.

 3              THE COURT:  What is that?

 4              MS. THOMAS:  I said, find a way to get the money.

 5              THE COURT:  Well, finding the way to get the money is

 6   to make you sit in a jailhouse until you find the money.

 7              MS. THOMAS:  Okay.

 8              THE COURT:  You don't get to just violate court

 9   orders.

10              MS. THOMAS:  Okay.

11              THE COURT:  You need to find the money to compensate

12   them.

13              MS. THOMAS:  Yes.

14              THE COURT:  I don't know what they spent.  They're

15   going to need to prove it.  We're going to set up a process

16   where you're going to reimburse them for what it cost them

17   because you violated intentionally court orders.

18              MS. THOMAS:  Yes, Your Honor.

19              THE COURT:  Y'all going to violate them again?

20              MS. THOMAS:  No.

21              MR. ANDERSEN:  No, Your Honor.

22              MS. THOMAS:  No.

23              THE COURT:  But what -- since you violated them,

24   what, this is your third violation.  What makes me think that

25   you're not going to violate them another time?
```

1          MS. THOMAS:  I'm not coming back here in front of

2    you.

3          THE COURT:  What is that?

4          MS. THOMAS:  I said, I don't want to have to come

5    back here.

6          THE COURT:  Well, this is your third violation.  So

7    why do I believe you this time?  That is the question.

8          MS. THOMAS:  I'm not going to do it anymore.

9          THE COURT:  What are you fighting for down in state

10   court so hard?

11         MS. THOMAS:  Well, it's a combination of things.  In

12   a -- in one of the cases, Attorney McClure, who --

13         THE COURT:  Now, what are you fighting to keep?  What

14   are you fighting these guys about?

15         MS. THOMAS:  It's a -- it's a mortgage case.

16         THE COURT:  So you may just lose it.

17         MS. THOMAS:  Yeah.

18         THE COURT:  Right?

19         MS. THOMAS:  Yeah.

20         THE COURT:  Do you want me to give you all some time

21   to see if you can work out something right now where we'll

22   transfer title and make it all really clear that you lose, they

23   win?  Or do you want to be here for compensatory hearings that

24   we'll schedule in the future?  What do you want to try and do?

25         MS. THOMAS:  Whatever -- whatever you order me to do,

1   that's all.

2           THE COURT:  No, I'm not going to order you to be here

3   for those.  You have the right to a hearing and not to try and

4   settle it.  So if you want a hearing, we'll give you a hearing

5   on compensatory sanctions.  I don't have the authority, by the

6   way, to criminally punish you.  I can just make you do what

7   you've done now, which is we've remanded the case, and I can

8   make you pay them for the cost of your violation of the order.

9   But beyond that, I don't have criminal authority.  I've had to

10  refer this to the criminal authorities because it looks to me

11  like you're in criminal contempt.

12          MS. THOMAS:  Okay.

13          THE COURT:  So you may have a criminal problem that

14  comes up, and I've referred it to the U.S. Attorney, and I've

15  referred it to the FBI.

16          MS. THOMAS:  Okay.

17          THE COURT:  Because you all directly violated court

18  orders.  That's a criminal contempt.  We're here today on the

19  civil contempt, which is how we're going to make people whole

20  for your violation.  I'm not punishing you.  That will be up to

21  somebody else.

22          MS. THOMAS:  Okay.

23          THE COURT:  You don't need to fear me punishing you.

24  You can fear me coercing you into getting the right thing done

25  because that, I will do.

10

```
 1              Let me hear from the other side for a minute.
 2   Mr. Holidy?
 3              MR. HOLIDY:  Thank you, Your Honor.  This removal was
 4   filed at 10:01 a.m., which was one minute after the start of
 5   what was supposed to be a trial in the Cause Number 2016-87941.
 6   The night before that, Ms. Thomas, pro se, filed a recusal to
 7   recuse Judge Morris from the case.  So the efforts that we were
 8   trying to get to was a trial that --
 9              THE COURT:  And what are you trying to get at the
10   trial?
11              MR. HOLIDY:  What I was trying to get at the trial
12   was a win for my client.
13              THE COURT:  But the win --
14              MR. HOLIDY:  Because --
15              THE COURT:  -- would be what?
16              MR. HOLIDY:  A finding that she is barred by the
17   statute of limitations, number one.  This house was purchased
18   in 2007.  Number two, she is judicially estopped from asserting
19   these claims because of her 2010 bankruptcy in which
20   Mr. Andersen also represented her.
21              THE COURT:  But just the claims against your client
22   dismissed with prejudice?
23              MR. HOLIDY:  Dismissed with prejudice.
24              THE COURT:  Forget the findings.  Don't you want a
25   dismissal with prejudice?
```

1          MR. HOLIDY:  That's what I want, a dismissal.

2          THE COURT:  Do you want anything beyond the dismissal

3    with prejudice?

4          MR. HOLIDY:  I want a dismissal with prejudice from

5    the 2016 case and the 2017 case.  That's all I want.

6          THE COURT:  And if you get a dismissal with

7    prejudice, do you want more money from them over what they've

8    done here?

9          MR. HOLIDY:  I do not.

10          THE COURT:  Do you want time to talk to them and see

11    if they're going to agree to a dismissal with prejudice?

12          MR. HOLIDY:  I'm happy to do that.

13          THE COURT:  Do you all want to talk to him or do you

14    want a hearing?  What do you all want to do?

15          MS. THOMAS:  So he's asking for me to dismiss my --

16    my claims against MTH Lending Group with prejudice?

17          THE COURT:  Well, he's saying he will do a deal with

18    you if you want to dismiss all your claims with prejudice.

19    Otherwise, we're going to proceed with their hearing on how

20    much money you owe them.  Those are your choices.  Do you want

21    to talk to them about that or do you want to go ahead with --

22    I'll set you down for a hearing?  You're not going to keep

23    doing this.

24          MS. THOMAS:  No, I'm not going to keep doing this.

25          THE COURT:  So, you know, you can go down and you can

```
 1  have your trial in state court, and you can pay money here.

 2  All that's just fine with me.  I'm not going to stop you from

 3  having your trial in state court.  He's willing to do a deal

 4  where you don't have to have the trial in state court and you

 5  don't have to pay him money.  I don't care if you do that or

 6  not.  It's up to you.  Do you want to talk to him or not talk

 7  to him?

 8           MS. THOMAS:  I'll talk to him.

 9           THE COURT:  All right.  We'll come back at -- how

10  long do you all want to talk?  I don't think this should take

11  long.  Ten minutes?

12           MR. HOLIDY:  Ten minutes is great, Your Honor.

13           THE COURT:  I'm going to come back at 8:20, and we'll

14  see if you all have worked this out.  And if you haven't worked

15  it out, we're going to set you for a hearing, give you an

16  opportunity to file your compensatory relief, and then we'll

17  come back for an evidentiary hearing.  There's a room outside,

18  and the courtroom security officer in the back will show you

19  all to a room where you can talk.  I want you to be in the room

20  with him, please, sir.  Thank you.

21           MR. HOLIDY:  Thank you, Your Honor.

22           THE COURT:  Thank you.

23           THE BAILIFF:  All rise.

24      (Recess taken at 8:10 a.m.)

25      (Proceedings resume at 8:18 a.m.)
```

13

```
1                THE BAILIFF:  All rise.

2                THE COURT:  Please be seated.

3                All right.  We're going back on the record in

4   Adversary Proceeding 24-3066.  How do the parties wish to

5   proceed?

6                MR. HOLIDY:  Your Honor, we have reached an agreement

7   for my client with Ms. Thomas and Mr. Andersen where they are

8   agreeing to dismiss with prejudice their claims against my

9   client, MTH Lending Group, LP.  She has agreed that a non-suit

10  with prejudice will be filed in the cases.  There will be one

11  document with all of the captions on it.  And she has agreed to

12  sign those documents when I prepare them and send them to her.

13               THE COURT:  How long will it take you to prepare

14  them?

15               MR. HOLIDY:  I will have those prepared today, and I

16  will email those to Ms. Thomas and Mr. Andersen.

17               THE COURT:  And how long will it take you all to

18  review them?

19               MS. THOMAS:  As soon as he sends it to me, I can

20  just -- I can sign it and send it back to him.

21               THE COURT:  Well, you need to read them.

22               Mr. Andersen, how long will it take you to review

23  them?

24               MR. ANDERSEN:  Same day.

25               THE COURT:  Pardon me?
```

14

```
 1              MR. ANDERSEN:  Same day I get it, Your Honor, I'll
 2   read it.
 3              THE COURT:  All right.
 4              So, Ms. Thomas, I want you to raise your right hand,
 5   please.
 6                   ELIZABETH THOMAS, PLAINTIFF, SWORN
 7              THE COURT:  All right.  Tell me your name, please.
 8              MS. THOMAS:  Elizabeth Thomas.
 9              THE COURT:  Ms. Thomas, my understanding is that you
10   have reached an agreement to dismiss with prejudice all of the
11   claims that you have against all of the defendants in this
12   removed cause of action.  Is that correct?
13              MS. THOMAS:  No, Your Honor.
14              THE COURT:  Okay.
15              MS. THOMAS:  I didn't agree to do that.
16              THE COURT:  What did you agree to do?
17              MS. THOMAS:  I agreed to dismiss my claims with
18   prejudice against MTH Lending Group --
19              THE COURT:  Okay.
20              MS. THOMAS:  -- who Mr. -- who he represents.
21              THE COURT:  All right.  And do you understand that
22   you have the right to proceed to a full trial on the merits in
23   state court instead of doing this?
24              MS. THOMAS:  I understand that I do, but I -- I'm --
25   I listened to his argument.  I would have a hurdle.  I -- I did
```

1  file in 2011.  I do believe that I'll have some statute of

2  limitations issues going on.  It wouldn't make sense to keep

3  doing this if I don't feel like I'm going to prevail.

4          THE COURT:  You have the right not to make this

5  agreement.  I just want to be sure you understand that.

6          MS. THOMAS:  I do.  I understand that, Your Honor.

7          THE COURT:  Okay.

8          MS. THOMAS:  I want to make the agreement.

9          THE COURT:  If you don't make the agreement, I'll set

10  you for a compensatory hearing to Mr. Holidy's client.  But

11  you've decided, in fact, you would rather just dismiss them

12  with prejudice.

13          MS. THOMAS:  Yes, Your Honor.  I did make that

14  decision to enter an agreement.

15          THE COURT:  Do you understand that a dismissal with

16  prejudice means you can never sue them again?

17          MS. THOMAS:  I understand that.  Yes, Your Honor.

18          THE COURT:  Okay.  And are you willingly doing this?

19          MS. THOMAS:  I'm willingly doing this.

20          THE COURT:  Okay.  And you understand that any

21  compensatory relief that might be sought by any other defendant

22  who you don't have a deal with, that they can still seek that

23  here because of what you all did.  So this doesn't resolve the

24  matters before me.  It only resolves your matters with

25  Mr. Holidy's client.

```
 1              MS. THOMAS:  Yes, Your Honor.

 2              THE COURT:  So you could still be back here.

 3              MS. THOMAS:  I know.

 4              THE COURT:  All right.

 5              Would you raise your hand, Mr. Andersen?

 6        JAMES MICHAEL ANDERSEN, PLAINTIFF'S COUNSEL, SWORN

 7              THE COURT:  All right.  Do you understand that you're

 8    not being compelled to do this on behalf of your client or

 9    individually?

10              MR. ANDERSEN:  Yes, Your Honor.

11              THE COURT:  And do you understand that this leaves

12    you open for sanctions that might be imposed, compensatory

13    sanctions, by any other defendant?

14              MR. ANDERSEN:  Yes, I do, Your Honor.

15              THE COURT:  And you understand it leaves open,

16    because there's nothing you can do about it, issues about

17    whether your state bar license should be removed?

18              MR. ANDERSEN:  Yes, Your Honor.

19              THE COURT:  And those are not getting resolved today?

20              MR. ANDERSEN:  Yes, Your Honor.  I understand that.

21              THE COURT:  All right.

22              Does any other party have any questions?  Come on

23    forward, please.

24              MS. ALTSULER:  Thank you.  Your Honor, my name is Kim

25    Altsuler.  I am an attorney for Meritage Homes Corporation and
```

1   Meritage Homes of Texas LLC and a number of individual current
2   or former Meritage Homes employees that Ms. Thomas has sued.  I
3   wanted to appear because I was struck by a comment Ms. Thomas
4   made that she's not dismissing any other defendants, only
5   Mr. Holidy's clients.

6           The removed cause numbers, 2016-87941 that was
7   remanded, my clients were dismissed from that cause number in
8   the state court several years ago.  I believe Ms. Thomas thinks
9   that my client is in that lawsuit, and Ms. Thomas also believes
10  that the removal into this court removed more than just that
11  lawsuit.  I think that her position is she was also removing
12  three other cases that are consolidated under a different cause
13  number in the 333rd Court in Harris County.

14          So I think what I'm asking the Court to do is could
15  you clarify for Mr. Andersen and Ms. Thomas that the order
16  precluding the removals applies to all of these suits that
17  are -- they're all listed in your remand order because I fear
18  that we're going to be still on this revolving door of
19  removals.

20          THE COURT:  So let me be very, very, very clear.
21  First, I've remanded everything that got removed.  Second, they
22  are completely barred from removing anything into this court,
23  meaning the United States District Court and the United States
24  Bankruptcy Court for the Southern District of Texas, unless
25  they get leave from the issuing injunctive district judges,

18

1  period, no exceptions.  Is that clear enough?

2         MS. ALTSULER:  Thank you, Your Honor.

3         THE COURT:  Now, do you want a hearing on whether

4  your client will receive compensation as a consequence of the

5  wrongful removal?

6         MS. ALTSULER:  Yes, Your Honor, that would be great.

7         THE COURT:  All right.  And how long do you want for

8  that hearing?  When can you be ready for it?  You'll need to

9  file the appropriate pleadings, give notice to both

10 Mr. Andersen and Ms. Thomas.

11        MS. ALTSULER:  From my side, the hearing shouldn't

12 take more than 15 minutes.

13        THE COURT:  No, no.  When will you file your motion

14 that outlines what the compensation is that your client is

15 entitled to?

16        MS. ALTSULER:  In two weeks.

17        THE COURT:  Two weeks?

18        MS. ALTSULER:  Is that sufficient?  Thank you.

19        THE COURT:  Okay.  And how long do you all want to

20 respond to her motion seeking compensation from you for the

21 wrongful removal since you're not dismissing her clients?  How

22 long do you want to respond to that?

23        MR. ANDERSEN:  Ten days, Your Honor.

24        THE COURT:  Ten days, okay.  All right.  The deadline

25 for the filing of a compensation motion is May 15th at five

1    o'clock.  The deadline for responding to the compensation

2    motion is a little bit longer than the ten days because that

3    hit a weekend, so it would be May 28th at five o'clock.  The

4    hearing on the compensation motion will be June 10th at 1:30 in

5    the afternoon.  Parties are required to attend the hearing in

6    person.  At that point, we will determine the appropriate

7    amount of compensation, if any.  Okay.

8            Yes, ma'am, go ahead.

9            MS. RICHARD:  Your Honor, my name is Gwen Richard,

10   and I represent Primary Residential Mortgage, Inc.  I'm in the

11   same position that Ms. Altsuler just described, and I would ask

12   the Court for the same procedure and the same deadlines as

13   well.

14           THE COURT:  Any objection, Mr. Andersen and

15   Ms. Thomas?

16           MS. THOMAS:  No, Your Honor.

17           MR. ANDERSEN:  No.

18           THE COURT:  All right.  We'll adopt the exact same

19   thing.

20           MS. RICHARD:  And, Your Honor, Ms. Thomas and I,

21   there is a -- if the Court would indulge us, I don't know if

22   now is the right time, but there is another adversary

23   proceeding in this court that we have a deadline today to file

24   a joint statement on.  And it's a --

25           THE COURT: What is that --

```
1              MS. RICHARD:  -- completely different adversary

2    number, but due to some --

3              THE COURT:  What is that adversary proceeding number?

4              MS. RICHARD:  22-3024.  That case was removed by

5    Ms. Thomas in 2022, and it was before -- it was after one of

6    the anti-removal orders, but before the other two.  And this

7    Court -- before the removal in the case that we're here about

8    right now, before the removal, the Court issued an order for us

9    to file a joint statement by today.  Due to some circumstances,

10   if the Court will indulge us, we would like to bring to the

11   Court's attention where there's a motion for withdrawal

12   pending.

13             We're not going to be able to file a joint statement

14   for everybody today, but I have presented a possible joint

15   statement between myself and Ms. Thomas that we may be able to

16   reach.

17             THE COURT:  Ms. Thomas, how long do you all need to

18   file your joint statement?

19             MS. THOMAS:  If she'd let me hold her pen, I could

20   just sign it right now.

21             THE COURT:  Okay.  So we no longer need the

22   continuance?  You're going to file the joint statement?

23             MS. RICHARD:  That's correct, Your Honor.

24             THE COURT:  Great.

25             MS. RICHARD:  I did need the Court's guidance on how
```

1  to handle the other parties that are -- we haven't been able to

2  file a joint statement as to all parties, as the Court

3  ordered --

4           THE COURT:  Well --

5           MS. RICHARD:  -- because these other parties are

6  not --

7           THE COURT:  I'm not going to address the substance of

8  anything --

9           MS. RICHARD:  Okay.

10          THE COURT:  -- that's before me today because it's --

11          MS. RICHARD:  Sure.

12          THE COURT:  -- not here.  They don't have notice of

13  it.

14          MS. RICHARD:  Okay.

15          THE COURT:  File what you file, and we'll deal with

16  it when we deal with it.

17          Yes, sir?

18          MR. BERGER:  Your Honor, may I be heard?

19          THE COURT:  Yes, sir.

20          MR. BERGER:  Your Honor, my name is John Berger.  I

21  represent a company that's really related to the underlying

22  property that's involved in all these cases.  My client is

23  P.C.F. Properties in TX, LLC.  My client purchased the

24  underlying property at a foreclosure sale in March of 2020.

25          What the Court may not be aware of is that

1   Mr. Andersen and Ms. Thomas have engaged in other kinds of

2   actions outside of this Court.  They filed an involuntary

3   bankruptcy in Delaware last year on a company that has been out

4   of business for almost 30 years.  They tried to use that

5   proceeding to stay the trial court's ruling on my client's

6   summary judgment.

7          The trial court in the 80th Judicial District Court

8   of Harris County rightfully ignored the removal because it

9   didn't apply and entered summary judgment in my client's favor,

10  quieting title, to the property at 8202 Terra Valley Lane,

11  which is really the underlying property that's governing and

12  driving this entire ship.

13         In the course of the proceedings, they have filed,

14  since April of last year, at least ten different lawsuits,

15  again challenging title to the property, again asserting

16  interests that people that are not in the chain of title have

17  had in this property.  Ms. Thomas and Mr. Andersen have been

18  declared vexatious litigants by the 80th District Court of

19  Harris County.

20         The Court has also issued numerous sanctions awards.

21  The administrative court has sanctioned them for filing these

22  frivolous motions to recuse the trial courts, which are

23  typically filed either the day before or the morning of some

24  kind of substantive hearing, either on summary judgment or

25  trial setting.  So what the Court may not be aware of is that

23

```
1   there's a whole industry of problems that they have caused

2   relating to this Terra Valley property.

3            I take from Ms. Thomas' statement that she's not

4   dismissing any of the other claims against other defendants

5   that she may or may not have, is that she's going to continue

6   fighting until she gets title to the Terra Valley property,

7   even though it's clear from the real property record --

8            THE COURT:  Does this have anything to do with the

9   removed causes of action?

10           MR. BERGER:  It does because the underlying --

11           THE COURT:  But were they removed?  Was your dispute

12  with her removed?

13           MR. BERGER:  Yes, it was.

14           MS. THOMAS:  No.

15           THE COURT:  Your dispute with her was removed?

16           MR. BERGER:  Not in this case.

17           THE COURT:  No, was it removed in this case to this

18  Court?

19           MR. BERGER:  No, it isn't.

20           THE COURT:  Then I don't have any jurisdiction over

21  what you're telling me.  None.

22           MR. BERGER:  I agree with that.  I wanted to make

23  that statement so the Court can understand what's been going

24  on.

25           THE COURT:  No, I'm not taking it.  That's your
```

1    statement, it's not evidence, and it's not part of what is

2    within my jurisdiction.  I am not here as a cop.  If she's

3    doing something wrong, report it to people that have the

4    correct authority over it.  I've got no authority over what she

5    might be doing there.  I sent back to the state court the

6    things that were removed, and I'm ordering compensation for

7    people that were affected by that, but it sounds like your

8    client was not affected by the removal.  So deal with it

9    somewhere else.  I'm not taking it up.

10              MR. BERGER:  Okay.

11              THE COURT:  Anyone else?  All right.

12              If the parties are unable, by the end of the day

13    tomorrow, to reach an agreement on the form of the dismissal

14    order, then we are returning here on Friday morning at 8 a.m.,

15    and we're going to enforce the oral agreement that was

16    announced on the record.  We're not changing it, but we will

17    then determine what's the proper order and require it to be

18    signed at that point because I'll enforce this agreement.

19              So if you all don't reach an agreement, I am not

20    trying to force you to sign something that is different than

21    what got set on the record today.  That's true for both of you.

22    And you can come in at 8 in the morning.  I'll then rewrite an

23    order, and I'll look at the two things, and it may be that your

24    form is good or your form is good, and I'll order that one to

25    be used, or maybe I'll write my own.  But we're not going to

1  leave this unresolved.  So you only need to come in -- I want

2  something to be filed by five o'clock tomorrow that tells me

3  whether it has been signed.  If it has not been signed, then we

4  will -- I'm ordering you to reappear at 8 a.m. on Friday

5  morning the 3rd.  Okay.

6          Anything else we need to do today?  All right.  Thank

7  you.  We're in recess.

8          MR. HOLIDY:  Thank you, Your Honor.

9          THE BAILIFF:  All rise.

10     (Proceedings concluded at 8:34 a.m.)

11                          * * * * *

12

13

14

15               C E R T I F I C A T I O N

16

17     I, Heidi Jolliff, court-approved transcriber, hereby

18  certify that the foregoing is a correct transcript from the

19  official electronic sound recording of the proceedings in the

20  above-entitled matter.

21

22

23  _____

24  HEIDI JOLLIFF, AAERT NO. 2850    DATE: MAY 10, 2024

25  ACCESS TRANSCRIPTS, LLC

EXHIBIT B

United States District Court
Southern District of Texas

**ENTERED**

April 16, 2019

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRIMARY RESIDENTIAL | § | |
| MORTGAGE INC. *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. H-19-559 |
| | § | |
| ELIZABETH THOMAS *et al*, | § | |
| | § | |
| Defendants. | § | |

ORDER

Pending before the Court are Primary Residential Mortgage, Inc.'s and

Meritage Homes of Texas, LLC's Joint Motion to Remand and For Further Equitable

Relief (Document No. 11), Stewart Title Company's Joinder in Plaintiffs' Joint

Motion to Remand (Document No. 15), and MTH Lending Group L.P.'s Joinder in

Plaintiffs' Joint Motion to Remand (Document No. 20). Having considered the

motions, submissions, and applicable law, the Court determines the motions should

be granted.

I. BACKGROUND

This is a state anti-suit injunction case arising from a series of related state

court disputes. Plaintiffs Primary Residential Mortgage Inc. ("PRMI") and Meritage

Homes of Texas LLC ("Meritage") (collectively, "Plaintiffs") filed this suit against

Defendants Elizabeth Thomas ("E. Thomas"), James Allen ("Allen"), and Robert L.

Thomas ("R. Thomas") (collectively, "Defendants") to prevent them from improperly removing state court cases to federal court. This is the fifth removal of a related state court case involving at least one of the Defendants and the third removal of this anti-suit injunction case (the "Anti-Suit Case").[1]

A.    *First Removal*

On January 23, 2019, Defendants removed the Anti-Suit Case to the United States District Court for the Southern District of Texas (the "District Court") on the basis of diversity jurisdiction ("First Removal"). On January 28, 2019, the District Court remanded the Anti-Suit Case back to the 127th Judicial District Court of Harris County, Texas.

B.    *Second Removal*

On January 30, 2019, Defendants removed the Anti-Suit Case to the District Court on the basis of federal question jurisdiction ("Second Removal"). On February 19, 2019, the District Court remanded the Anti-Suit Case back to the 127th Judicial District Court of Harris County, Texas for lack of subject-matter jurisdiction and defects in the removal procedure.

---

[1] The Anti-Suit Case is styled in state court as "Cause No. 2018-91506." The other two related state court cases are "Cause No. 2017-82388" and "Cause No. 2017-76078" (collectively, "State Cases").

2

C.   *The Pending Removal*

On February 19, 2019, Defendants removed the Anti-Suit to this Court on the basis of federal question jurisdiction. On February 22, 2019, Plaintiffs moved to remand the case back to the 127th Judicial District Court of Harris County, Texas.

## II.  LAW & ANALYSIS

Plaintiffs move to remand the Anti-Suit Case back to state court, contending the Court lacks subject-matter jurisdiction. Plaintiffs also seek an award of attorneys' fees and an order enjoining Defendants from removing the State Cases without leave of court. The Court addresses each request in turn.

A.   *Remand*

"As a general rule, once a case is remanded to state court, a defendant is precluded from seeking a second removal *on the same ground*." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (emphasis in original). The District Court in the First and Second Removals found there was no federal subject-matter jurisdiction in the Anti-Suit Case. Defendants do not raise, nor does the Court find, a new factual basis for the Pending Removal based on any new facts or pleadings. The Court therefore finds it does not have subject-matter jurisdiction in this case and Defendants may not seek a third removal. Accordingly, Plaintiffs' motion to remand is granted.

3

B.    *Attorneys' Fees*

Plaintiffs seek an award of attorneys' fees contending there was no reasonable basis for the Pending Removal. 28 U.S.C. § 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In deciding whether to grant such an award, the court "consider[s] the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Diaz v. Cameron Cnty., Tex.*, 300 F. App'x 280, 281 (5th Cir. 2008) (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291–92 (5th Cir. 2000)). The removing party bears the burden of proving a state court action is properly removable. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997).

Defendants cite federal question jurisdiction as the sole basis for removal to federal court in both the Second Removal and the Pending Removal. Defendants contend federal question jurisdiction exists on the basis of a purported federal defense to the Plaintiffs' state law claims. Defendants raised the same contention in the Second Removal. The District Court in the Second Removal remanded the Anti-Suit Case, finding that the District Court did not have federal question jurisdiction.

000048

Defendants do not address the legal merits of whether they may seek another removal on the same factual and legal bases as the Second Removal. Defendants response to Plaintiffs' motion to remand rather addresses the two other related state court cases, Cause No. 2017-76078 and Cause No. 2017-83288, and alleges Defendants were "forced to removed [sic] this action to federal court" because the Anti-Suit Case is a "sham to perpetrate fraud upon federal court."[2] The Court further notes Defendants filed the Pending Removal on the same day the District Court remanded the Anti-Suit Case back to state court in the Second Removal. The Court therefore finds Defendants do not provide an objectively reasonable basis for the Pending Removal and therefore an award of attorneys' fees to Plaintiffs is appropriate.

PRMI submitted uncontested evidence that $3,318.00 is a reasonable amount to be awarded as attorneys' fees in relation to the Pending Removal.[3] Therefore, based on the evidence provided by Plaintiffs and this Court's expertise and judgment, the Court finds that an award of $3,318.00 in attorneys' fees is reasonable.

---

[2] *Defendant's Objection and Response to Meritage Homes of Texas LLC., and Primary Residential Mortgage Inc. Reconsideration Remand Motion with a Motion to Dismiss*, Document No. 13 at 5.

[3] *Affidavit in Support of Motion to Remand and For Further Equitable Relief*, Document No. 18.

000049

## C. Injunction

Plaintiffs request Defendants be enjoined from seeking any further removals of the State Cases without prior approval from the Chief Judge of the Southern District of Texas. District Courts are vested with broad discretion in determining whether to levy sanctions and what kind of sanctions are appropriate. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990). Federal Rule of Civil Procedure 11 permits courts to sanction any attorney, represented party, or pro se litigant who signs a pleading without first conducting a reasonable inquiry into relevant facts and law. Fed. R. Civ. P. 11; *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, 498 U.S. 533, 541–42 (1991). "Rule 11 prohibits filings made with any improper purpose, the offering of frivolous arguments, and the assertion of factual allegations without evidentiary support of the likely prospect of such support." *L.F. v. Houston Indep. Sch. Dist.*, 2009 WL 3073926, at *23 (S.D. Tex. Sept. 21, 2009) (Rosenthal, J.) (citations omitted). "This Court is authorized to enjoin future filings when necessary to deter vexatious filings which clog the judicial machinery with meritless litigation or are a flagrant abuse of the judicial process." *Kaminetzky v. Frost Nat'l Bank*, 881 F. Supp. 276, 278 (S.D. Tex. 1995) (Hittner, J.).

This is the third removal of the Anti-Suit Case and the fifth removal of one of the State Cases, by one or more of the Defendants. Defendants sought subsequent removals of the State Cases with the knowledge that the State Cases had previously

000050

been remanded back to state court by the District Court. Moreover, Defendants continue to represent to the Court that Cause No. 2017-76078 remains pending in the Court although Cause No. 2017-76078 has been remanded.[4] The Court therefore finds an injunction against further removals is appropriate to deter Defendants from continuing to seek subsequent, meritless removals. Defendants are thus enjoined from filing any notice of removal in the Anti-Suit Case, Cause No. 2017-76078, and Cause No. 2017-83288 without prior approval from the Chief Judge of the Southern District of Texas. *See K.F. v. Houston Indep. Sch. Dist.*, No. H-11-3834, 2013 WL 121131195, at *9 (S.D. Tex. Feb. 26, 2013) (Hittner, J.) (imposing a pre-filing injunction on plaintiff who continued to file meritless suits); *Revels v. Thaler*, No. 7:12-CV-196-O-BL, 2012 WL 6062692, at *1 (N.D. Tex. Dec. 6, 2012) (O'Connor, J.) (imposing a pre-filing junction on plaintiff for "persistence in filing frivolous lawsuits and abusing the judicial process"). Accordingly, Plaintiffs' request for an injunction is granted.[5]

Accordingly, the Court hereby

---

[4] The Court notes it entered an Order in federal case 4:18-cv-851, clarifying that Cause No. 2017-76078 is not pending in the Court. Moreover, all matters in federal case 4:18-cv-851 were previously remanded to the 333rd Judicial District Court of Harris County, Texas and is currently closed with no pending matters. *See* Civil Action No. 4:18-cv-851, *Order*, Document No. 79.

[5] Defendants also seek sanctions in the amount of $3,500 from each Plaintiff. Having considered the request, submissions, and applicable law, Defendants' request for sanctions is denied.

7

ORDERS that Primary Residential Mortgage, Inc.'s and Meritage Homes of Texas, LLC's Joint Motion to Remand and For Further Equitable Relief (Document No. 11) is **GRANTED**. The Court further

ORDERS that Stewart Title Company's Joinder in Plaintiffs' Joint Motion to Remand (Document No. 15) is **GRANTED**. The Court further

ORDERS that MTH Lending Group L.P.'s Joinder in Plaintiffs' Joint Motion to Remand (Document No. 20) is **GRANTED**.[6] The Court further

ORDERS that Plaintiffs Primary Residential Mortgage Inc. and Meritage Homes of Texas LLC shall recover attorneys' fees in the amount of **$3,318.00** from Defendants Elizabeth Thomas, James Allen, and Robert L. Thomas, jointly and severally, for which let execution issue.

**This case is hereby remanded to the 127th Judicial District Court of Harris County, Texas.**

The Court will issue a separate order of sanctions and preclusion.

---

[6] The Court notes Stewart Title Company and MTH Lending Group, L.P. are not parties in the Pending Removal. On February 21, 2019, Defendants filed an amended notice of removal, purporting to remove Cause No. 2017-82388 and Cause No. 2017-76078 in this case. The Court notes Defendants did not properly remove Cause No. 2017-82388 or Cause No. 2017-76078 into the Pending Removal because *inter alia* the Defendants in the Pending Removal are not defendants in those cases. 28 U.S.C. § 1446; *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("[O]nly a defendant, never a plaintiff, may remove a civil action from state to federal court.").

8

SIGNED at Houston, Texas, on this **15** day of April, 2019.

DAVID HITTNER
United States District Judge

000053

United States District Court
Southern District of Texas
**ENTERED**
April 16, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRIMARY RESIDENTIAL | § | |
| MORTGAGE INC. *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. H-19-559 |
| | § | |
| ELIZABETH THOMAS *et al*, | § | |
| | § | |
| Defendants. | § | |

ORDER OF SANCTIONS AND PRECLUSION

In accordance with the Court's Order granting Primary Residential Mortgage,

Inc.'s and Meritage Homes of Texas, LLC's Joint Motion to Remand and For

Further Equitable Relief, the Court hereby

**ORDERS** that Defendants Elizabeth Thomas ("E. Thomas"), James Allen

("Allen"), and Robert L. Thomas ("R. Thomas") (collectively, "Defendants") are

hereby **ENJOINED, collectively and individually,** from henceforth filing any

notice of removal from the 127th Judicial District Court in Harris County, Texas in

Cause No. 2018-91506, Cause No. 2017-76078, and Cause No. 2017-83288

(collectively, "State Cases") in the Southern District of Texas without advance

written permission from the Chief Judge of the Southern District of Texas. Any new

notices of removal from the State Cases which Defendants seek to file in this Court

will not be docketed until the Chief Judge of the United States District Court for the

Southern District of Texas grants Defendants written leave to file; any new notice of removal of the State Cases which Defendants seek to file in this Court shall be accompanied by a Motion for Leave to File Notice of Removal. The Clerk of this Court shall forward such action and motion to the Chief Judge of the United States District Court for the Southern District of Texas for submission of the motion.

Failure of Defendants to comply with this Order or to continue to file any vexatious or frivolous notices of removal, complaints, motions, or actions raising similar issues addressed in the above-referenced Order may result in the imposition of monetary sanctions and/or an order of contempt of court.

SIGNED at Houston, Texas, on this __15__ day of April, 2019.



_____
DAVID HITTNER
United States District Judge

000055

EXHIBIT D

United States District Court
Southern District of Texas
**ENTERED**
February 16, 202
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT THOMAS, *et al,*      §
                             §
      Plaintiffs,            §
                             §
VS.                          §      CIVIL ACTION NO. 4:22-CV-705
                             §
PCF PROPERTIES IN TEXAS, LLC, *et al,*   §
                             §
      Defendants.            §
                             §
                             §

## ORDER

Before the Court are Defendant/Third-Party Plaintiff PCF Properties in Texas, LLC ("PCF") and Third-Party Defendant JP Morgan Chase Bank, N.A.'s ("Chase") Second Motion to Remand (Doc. #16); Responses from Plaintiff/Counter Defendant Allan Haye (Doc. #17), Third-Party Defendant Elizabeth Thomas (Doc. #28), and Plaintiff/Counter Defendant James Allen (Doc. #29); and a Reply from PCF and Chase (Doc. #34). Having reviewed the parties' arguments and applicable legal authority, the Court grants the Motion to Remand.

In 2007, Third-Party Defendant Elizabeth Thomas ("E. Thomas") obtained a residential mortgage loan to purchase real property located at 8202 Terra Valley in Tomball, Texas (the "Property"). Doc. #16 at 1. In 2010, the mortgage for the Property was assigned to Chase through a deed of trust. *Id.* at 1–2. For a decade, E. Thomas failed to make payments, so on March 3, 2020, Chase foreclosed on the mortgage. *Id.* at 2; Doc. #34 at 1. PCF purchased the Property at a foreclosure sale. Doc. #16 at 2. E. Thomas, and Plaintiff/Counter Defendants James Allen ("Allen") (E. Thomas' brother), Robert Thomas ("R. Thomas") (E. Thomas' son), and Allan Haye ("Haye") (a straw buyer) (collectively, the "Aligned Litigants") have repeatedly filed frivolous lawsuits and bankruptcies to prevent PCF from taking possession of the Property. *Id.* (listing

eleven lawsuits collectively filed by Allen, R. Thomas, and Haye); *id.*, Ex. 5 at 1 (U.S. Bankruptcy Judge Cecelia G. Morris noting that E. Thomas has filed at least six bankruptcies). Judges have found that the Aligned Litigants are working together to "delay and defraud [Chase] in its efforts to foreclose against the [Property]." Doc. #16, Ex. 5 at 2; *Id.*, Ex. 3 at 1 (U.S. Bankruptcy Judge Sean H. Lane finding that "the filing of [E. Thomas'] bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors"). In fact, on April 15, 2019, U.S. District Court Judge David Hittner enjoined E. Thomas, R. Thomas, and Allen from filing any notices of removal from the 127th Judicial District in Harris County for three pending cases without advance written permission from the Chief Judge of the Southern District of Texas. *Id.*, Ex. 1. In his order, Judge Hittner stated,

> Failure of Defendants [E. Thomas, R. Thomas, and Allen] to comply with this Order or to continue to file any vexatious or frivolous notices of removal, complaints, motions, or actions raising similar issues addressed in the above-referenced Order may result in the imposition of monetary sanctions and/or an order of contempt of court.

*Id.*

Yet, despite Judge Hittner's admonishments, the Aligned Litigants have continued their tactics. On June 15, 2020, Allen, as an alleged owner of the Property, sued PCF in the 80th Judicial District of Harris County for quiet title and declaratory judgment regarding ownership of the Property. Doc. #2, Ex. 10 ¶ 2. Haye and R. Thomas were later joined as Plaintiffs, and in February 2021, the plaintiffs filed their Eighth Joint Amended Petition with claims against E. Thomas. *Id.* ¶¶ 4–5, 9. On March 7, 2022, E. Thomas removed the case to this Court claiming that under 28 U.S.C. § 1452 ("Section 1452), the Court has jurisdiction to transfer the case to the U.S. Bankruptcy Court for the Southern District of New York, White Plains Division, where she has a pending Chapter 13 bankruptcy case. Doc. #4 at 17 (Amended Notice of Removal).

PCF and Chase argue that the case must be remanded because this Court lacks jurisdiction

2

under Section 1452. Doc. #16 at 6. Section 1452 allows a party to "remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334(b) of 28 U.S.C. gives district courts "original but not exclusive jurisdiction of all civil proceedings arising under [T]itle 11, or arising in *or related to a case under [T]itle 11*." 28 U.S.C. § 1334(b) (emphasis added). A matter is related to a Title 11 case when "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

E. Thomas argues that this case "is directly related" to her bankruptcy case within the meaning of Section 1334 because the relief sought by PCF and Chase is the same as claims already litigated against her. Doc. #4 at 17. However, United States Bankruptcy Judge Cecelia G. Morris of the Southern District of New York, who presided over E. Thomas' aforementioned Chapter 13 case, stated in a memorandum decision that the Property "is not (and has never been) property of the [bankruptcy] estate." Doc. #16, Ex. 5 at 11. Even further, Judge Morris stated, "The validity of the March 3, 2020 foreclosure sale on the . . . Property is not invalidated or affected in any way whatsoever by this bankruptcy case." *Id.*, Ex. 5 at 12. Because the Property is not a part of the bankruptcy estate, the case is not related to a title 11 proceeding; the outcome of this case as it relates to the Property will not impact the estate being administered in E. Thomas' bankruptcy proceeding. *In re Zale Corp.*, 62 F.3d 746, 753 (5th Cir. 1995) ("[A] third-party action does not create 'related to' jurisdiction when the asset in question is not property of the estate and the dispute has no effect on the estate."). Therefore, the Court lacks jurisdiction under Section 1334(b) as required for a removal pursuant to Section 1452.

For the foregoing reasons, the Motion to Remand is hereby GRANTED, and this case is

3

REMANDED to the 80th Judicial District Court, Harris County, Texas for further proceedings. This Court also expands Judge Hittner's previous directive that the Aligned Litigants receive advance written notice from the Chief Judge of the Southern District of Texas before filing notices of removal to include any and all removals from any Harris County District Court. Moreover, as noted by Judge Hittner, continued frivolous notices of removal, complaints, and motions by the Aligned Litigants will result in the imposition of monetary sanctions and/or an order of contempt from this Court.

It is so ORDERED.

FEB 1 6 2023
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

4

EXHIBIT E

United States District Court
Southern District of Texas
**ENTERED**
March 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MTH LENDING GROUP LP, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-742 |
| | § | |
| ALVIN R. MULLEN II, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER REMANDING CASE

Before the Court are a motion for a preliminary injunction and a "motion to enforce remand order" filed by Defendant Alvin R. Mullen II ("Mullen"). (Dkt. 17; Dkt. 18).[1] The Court has carefully considered the full record in this case, including the dockets of the numerous related proceedings. Both of Mullen's motions are **DENIED AS MOOT**. The Court *sua sponte* **REMANDS** this case to the 333rd Judicial District Court of Harris County, Texas under 28 U.S.C. § 1452(b).[2]

Furthermore, this lawsuit, which was filed in Texas state court over five years ago, has been removed from Texas state court at least five times—four times to this Court and once to the United States Bankruptcy Court for the District of Columbia. *See* Southern District of Texas case numbers 4:19-CV-323, 4:19-CV-559, and 4:19-CV-2486 and District of Columbia bankruptcy case number 18-10020. Accordingly, the Court will

---

[1] The Court, out of necessity, cites to the dockets of several other cases in this opinion. Docket citations that are enclosed in parentheses and prefaced with the abbreviation "Dkt." are citations to the docket of this case, Southern District of Texas case number 4:22-CV-742.

[2] The state-court cause number is 2017-76078.

broaden the preclusion order entered by Judge Hittner after one of the prior removals to include all parties and not just Elizabeth Thomas, James Allen, and Robert L. Thomas. *See* Southern District of Texas case number 4:19-CV-559 at docket entry 37. Once this case returns to Texas state court, **no party may remove it to this Court without advance written permission from the Chief Judge of the Southern District of Texas**. Any attempt to remove this case without obtaining the required permission as set forth in Judge Hittner's order may result in monetary sanctions and/or an order of contempt of court for both the removing party and its counsel.

## BACKGROUND

This case is one strand in a complex web of protracted civil lawsuits and bankruptcy proceedings that Mullen, Elizabeth Thomas, James Allen, Robert L. Thomas, and several other associated parties ("the Mullen parties") have crafted to effectuate, in the words of the United States Bankruptcy Court for the Southern District of New York, "a scheme to delay, hinder, and defraud creditors" through "a long-running systemic plan . . . to prevent a piece of property located at 8202 Terra Valley Lane, Tomball, Texas . . . from being foreclosed." *See* Southern District of New York bankruptcy case number 18-23676 at docket entry 158. Judges of this Court share the New York bankruptcy court's astute view of these cases. In a related bankruptcy appeal, Judge Hughes referred to the Mullen parties' actions as "a ten year campaign of lawsuits and bankruptcies—over 15 have been filed— to avoid foreclosure" through "frivolous litigation" and the recording of "questionable or invalid documents in the real property records . . . including a purported satisfaction and

000061

release of the lien." *See* Southern District of Texas case number 4:19-CV-4321 at docket entry 23.

One of the Mullen parties' favored tactics is the filing of dilatory notices of removal. In an attempt to help quell the Mullen parties' obstructive removals, Judge Hittner entered a preclusion order after remanding the second removal of this case. Judge Hittner's order requires Elizabeth Thomas, James Allen, and Robert L. Thomas to obtain advance written permission from the Chief Judge of the Southern District of Texas before removing this case. *See* Southern District of Texas case number 4:19-CV-559 at docket entry 37.[3] However, the Mullen parties have now twice circumvented Judge Hittner's order by having Mullen (along with, in one instance, other non-enjoined Mullen parties) file the notice of removal. On the first such occasion, Judge Eskridge remanded the case to state court on account of procedural defects in the notice of removal and failure to pay the filing fee. *See* Southern District of Texas case number 4:19-CV-2486 at docket entry 60.

The second such occasion is this removal. Mullen has removed the case to this Court under the bankruptcy removal statute, 28 U.S.C. § 1452 ("Section 1452"). (Dkt. 1 at pp. 16–18). The bankruptcy proceeding to which this case purportedly relates is a bankruptcy petition filed by Elizabeth Thomas in the United States Bankruptcy Court for the Southern District of New York. *See* Southern District of New York bankruptcy case number 18-

---

[3] Judge Hittner's order also lists two related state-court cases, case number 2018-91506 and case number 2017-83288, as subject to the injunction on removal. *See* Southern District of Texas case number 4:19-CV-559 at docket entry 37. Those two cases were consolidated with this case by the state-court judge prior to the removal that precipitated Judge Hittner's order. *See* case number 2017-76078 in the 333rd Judicial District Court of Harris County, Texas, order of consolidation dated January 30, 2019.

23676. The judges presiding over the bankruptcy have explicitly "determined that the filing of [Elizabeth Thomas's] bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors" through "a long-running systemic plan . . . to prevent a piece of property located at 8202 Terra Valley Lane, Tomball, Texas . . . from being foreclosed." *See* Southern District of New York bankruptcy case number 18-23676 at docket entries 80 and 158.

## LEGAL STANDARD

Mullen has removed this lawsuit to this Court under Section 1452. (Dkt. 1 at pp. 16–18). With irrelevant exceptions,[4] Section 1452 states that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." 28 U.S.C. § 1452(a). In turn, 28 U.S.C. § 1334 grants jurisdiction to district courts and adjunct bankruptcy courts in proceedings that are "related to" a bankruptcy. *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999). A proceeding is "related to" a bankruptcy "if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* (quotation marks omitted).

However, even if a claim or cause of action is properly removed to a district court under Section 1452, the district court "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). The district court "has broad discretion to grant or deny a motion to remand a removed claim on any equitable ground, including: (1) forum

---

[4] Section 1452 does not allow the removal of proceedings before the United States Tax Court or of civil actions by governmental units to enforce those units' police or regulatory powers.

non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result." *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984) (citations omitted). Since *Browning*, "[c]ourts in the Southern District of Texas have considered additional factors in the evaluation of equitable remand, including the presence of non-debtor parties; the degree of relatedness or remoteness to the main bankruptcy case; whether the case involves forum shopping: and the burden on the bankruptcy court's docket." *GITP Properties I, LTD v. Mattress Pal Holding, LLC*, No. 4:19-CV-1947, 2019 WL 4889603, at *2 (S.D. Tex. Sept. 16, 2019), *adopted*, 2019 WL 4888174 (S.D. Tex. Oct. 2, 2019) (collecting cases). The district court's exercise of discretion under Section 1452(b) is not subject to appellate review, *id.*, and the district court may remand a case under Section 1452(b) *sua sponte*. *In re Ciclon Negro, Inc.*, 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001).

## ANALYSIS

The Court finds no shortage of equitable grounds on which to remand this case. This lawsuit, which was filed in Texas state court over five years ago, has been removed from Texas state court at least four times to this Court and once to the United States Bankruptcy Court for the District of Columbia. Two of those removals, including this one, were in violation of the spirit, though perhaps not the letter, of a preclusion order previously entered

000064

by Judge Hittner. The bankruptcy filing to which this case supposedly relates has been denounced by the bankruptcy court presiding over it as "part of a scheme to delay, hinder, and defraud creditors." This removal was plainly an obstruction tactic.

Needless to say, the Court finds sufficient equitable grounds for a remand under Section 1452. However, the Court must highlight a misrepresentation that the Mullen parties have made both to this Court and to the New York bankruptcy court about whether this case was "removed into" a different case that was pending before Judge Hittner five years ago. Although it is unclear why, apart from a general desire to create confusion, the Mullen parties continue to misrepresent this specific piece of the history of this case, it is abundantly clear that the Court must leave no room for interpretation on this point.

In 2018, one of the Mullen parties, Elizabeth Thomas, removed a different case, Texas state court case number 2016-87941, to the Southern District of Texas, where it was given Southern District of Texas case number 4:18-CV-851 and assigned to Judge Hittner. Judge Hittner remanded the case to state court on the opposing party's motion and ordered Elizabeth Thomas to pay the movant's attorney's fees. *See* Southern District of Texas case number 4:18-CV-851 at docket entry 44. Before the removal, case number 2016-87941 had been consolidated with case number 2017-04089, a fact that Judge Hittner noted in his remand order. *See* case number 2016-87941 in the 333rd Judicial District Court of Harris County, Texas, order of consolidation dated May 16, 2017; Southern District of Texas case number 4:18-CV-851 at docket entry 44. Judge Hittner's remand order made no mention of this case (state-court case number 2017-76078), however, as this case had not (and never has) been consolidated with case number 2016-87941. *See* Southern District of Texas case

6 / 8

number 4:18-CV-851 at docket entry 44. To boil it down: this case was never part of Southern District of Texas case number 4:18-CV-851.

Nevertheless, the Mullen parties, for whatever reason, have represented to this Court and to the United States Bankruptcy Court for the Southern District of New York that this case was somehow "removed into" Southern District of Texas case number 4:18-CV-851 before Judge Hittner entered his remand order. (Dkt. 21 at p. 2). *See* Southern District of New York bankruptcy case number 18-23676 at docket entry 137. This is legally impossible. "As a procedural matter, a litigant may not properly remove a state court case 'into' an existing federal case as [the Mullen parties apparently] attempted to do [before Judge Hittner]. Instead, the litigant must comply with the procedures of the removal statutes and pursue consolidation thereafter." *Alcoser v. Ford*, No. 21-50626, 2022 WL 4078564, at *2 (5th Cir. Sept. 6, 2022) (footnote omitted); *see also Gilliam v. Austin*, No. C-02-1389, 2002 WL 1034115, at *4 (N.D. Cal. May 13, 2002) ("[T]he notice of removal is the means of removing a case from state court to federal district court, where it is viewed as a 'new' case and is assigned a 'new' case number[.] A case cannot be removed from state court to become part of an already existing federal case."). The Mullen parties did not comply with the required procedures, so, again, this case was never part of Southern District of Texas case number 4:18-CV-851.

For all the reasons discussed above, the Court will remand this case to Texas state court under 28 U.S.C. § 1452(b). The Court will also broaden the preclusion order entered by Judge Hittner in Southern District of Texas case number 4:19-CV-559 to include all

parties and not just Elizabeth Thomas, James Allen, and Robert L. Thomas. *See* Southern District of Texas case number 4:19-CV-559 at docket entry 37.

## CONCLUSION

The motion for a preliminary injunction and "motion to enforce remand order" filed by Defendant Alvin R. Mullen II (Dkt. 17; Dkt. 18) are **DENIED AS MOOT**, as are any other pending motions. The Court sua sponte **REMANDS** this case to the 333rd Judicial District Court of Harris County, Texas under 28 U.S.C. § 1452(b).[5]

Once this case returns to Texas state court, **no party may remove it to this Court without advance written permission from the Chief Judge of the Southern District of Texas**. Any attempt by any party to remove this case without obtaining the required permission as set forth in the preclusion order entered by Judge Hittner in Southern District of Texas case number 4:19-CV-559[6] may result in monetary sanctions and/or an order of contempt of court for both the removing party and its counsel.

The Clerk is directed to provide a copy of this order to the parties. The Clerk is further directed to send a certified copy of this order via certified mail, return receipt requested, to the District Clerk of Harris County, Texas and the Clerk of the 333rd Judicial District Court of Harris County, Texas.

SIGNED at Houston, Texas on March 30, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[5] The state-court cause number is 2017-76078.
[6] The Court has attached Judge Hittner's order to this opinion.

8 / 8

000067

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
**ENTERED**
April 16, 2019
David J. Bradley, Clerk

| | | |
|---|---|---|
| PRIMARY RESIDENTIAL | § | |
| MORTGAGE INC. *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. H-19-559 |
| | § | |
| ELIZABETH THOMAS *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF SANCTIONS AND PRECLUSION

In accordance with the Court's Order granting Primary Residential Mortgage, Inc.'s and Meritage Homes of Texas, LLC's Joint Motion to Remand and For Further Equitable Relief, the Court hereby

**ORDERS** that Defendants Elizabeth Thomas ("E. Thomas"), James Allen ("Allen"), and Robert L. Thomas ("R. Thomas") (collectively, "Defendants") are hereby **ENJOINED, collectively and individually,** from henceforth filing any notice of removal from the 127th Judicial District Court in Harris County, Texas in Cause No. 2018-91506, Cause No. 2017-76078, and Cause No. 2017-83288 (collectively, "State Cases") in the Southern District of Texas without advance written permission from the Chief Judge of the Southern District of Texas. Any new notices of removal from the State Cases which Defendants seek to file in this Court will not be docketed until the Chief Judge of the United States District Court for the

Southern District of Texas grants Defendants written leave to file; any new notice of removal of the State Cases which Defendants seek to file in this Court shall be accompanied by a Motion for Leave to File Notice of Removal. The Clerk of this Court shall forward such action and motion to the Chief Judge of the United States District Court for the Southern District of Texas for submission of the motion.

Failure of Defendants to comply with this Order or to continue to file any vexatious or frivolous notices of removal, complaints, motions, or actions raising similar issues addressed in the above-referenced Order may result in the imposition of monetary sanctions and/or an order of contempt of court.

SIGNED at Houston, Texas, on this _15_ day of April, 2019.


DAVID HITTNER
United States District Judge

000069

EXHIBIT F
2/1/2022 12:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61343593
By: EVELYN PALMER
Filed: 2/1/2022 12:13 PM

**No.2018-14171**

| | | |
|---|---|---|
| THOMAS, ROBERT L. JAMES ALLEN | § | **IN THE DISTRICT COURT OF** |
| PLAINTIFF | § | |
| | § | |
| **VS.** | § | **133RD JUDICIAL DISTRICT** |
| | § | |
| McCARTHY  & HOLTHUS LLP., ON | § | |
| BEHALF OF FLAGSTONE LENDING  GROUP | § | |
| A  NON-EXISTENT A UTAH CORPORATION, | § | |
| AND  SUCCESSOR/ASSIGNEE | § | |
| J.P. MORGAN CHASE BANK N.A  and | § | **HARRIS COUNTY, TEXAS** |
| ELIZABETH THOMAS | § | |
| Defendants | § | |

**SPECIAL APPERANCE TO  FILE NOTICE REMOVAL**

**PLEASE TAKE NOTICE THAT**, that on February 1, 2022, Debtor Elizabeth Thomas makes a special appearance for the sole purpose of filing this Notice of Removal, pursuant to 28 U.S.C. § 1332 1441 and 1446, removing the case entitled ***Robert L. Thomas and James Allen vs. McCarthy & Holthus LLP, on behalf of Non-Existent Flagstone Lending Group and its Successor J.P. Morgan Chase Bank N.A., and Elizabeth Thomas*** under cause *No.* 2018-14171, from the 333rd Harris County District Court to the United States Bankruptcy Court of the Southern District of Texas; Houston Division. This court shall proceed no further in this action unless and until the case is remanded pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Removal is attached hereto as **Exhibit 1**.

Respectfully submitted,

By /s/ Elizabeth Thomas

 Elizabeth Thomas
 712 H St. NE Suite 1297
 Washington DC., 20002

(832) 216-8623

elizthomas234@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to  counsel of record in accordance with the Texas Rules of Civil Procedure, this 1st day of February 2022.

By/s/Elizabeth Thomas

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 61343593
Status as of 2/1/2022 12:24 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Colleen M Clear McClure | 24012121 | colleen.mcclure@att.net | 2/1/2022 12:13:30 PM | SENT |
| Brook Lee | | lee9brook@yahoo.com | 2/1/2022 12:13:30 PM | SENT |
| Brandon Hakari | | bhakari@mccarthyholthus.com | 2/1/2022 12:13:30 PM | SENT |
| Elizabeth Thomas | | Tethomas3@aol.com | 2/1/2022 12:13:30 PM | SENT |
| Joseph R. Alexander | 995150 | joe@alexanderfirmpllc.com | 2/1/2022 12:13:30 PM | SENT |
| Marina Jimenez | | mtefile@mckinneytaylor.com | 2/1/2022 12:13:30 PM | SENT |
| Cheyenne M.Zokaie | | CZokaie@mccarthyholthus.com | 2/1/2022 12:13:30 PM | ERROR |
| Ann Akins | | aakins@mccarthyholthus.com | 2/1/2022 12:13:30 PM | ERROR |
| Andrew TMcKinney | | mckinney@mckinneytaylor.com | 2/1/2022 12:13:30 PM | SENT |
| Michelle Liverman | | liverman@mckinneytaylor.com | 2/1/2022 12:13:30 PM | SENT |
| Gwen Richard | | richard@mckinneytaylor.com | 2/1/2022 12:13:30 PM | SENT |

## IN THE UNITED STATES FEDERAL DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

THOMAS, ROBERT L. JAMES ALLEN

      PLAINTIFF

**vs.**

McCARTHY & HOLTHUS LLP., ON
BEHALF OF FLAGSTONE LENDING GROUP
A NON-EXISTENT A UTAH CORPORATION,
AND SUCCESSOR/ASSIGNEE
J.P. MORGAN CHASE BANK N.A and
ELIZABETH THOMAS

      Defendants

PRIMARY RESIDENTIAL MORTGAGE INC.

      Interventor

  **vs.**

ELIZABETH THOMAS

      Defendant

CIVIL NO._____

(FORMERLY 133RD DISTRICT COURT
HARRIS COUNTY , TEXAS CASE
NO. 2018-14171)

_____

### NOTICE OF REMOVAL

  Elizabeth Thomas, **a debtor in** the United States Bankruptcy Court for the Southern District of New York: White Plains Division under case No. 18-23676" files this Notice of Removal as follows:

## I. <u>Background</u>

  1. On October 29, 2018, (the "Petition Date"), the Debtor Elizabeth Thomas, filed her voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court of the Southern District of New York commencing the above

Unofficial Copy Office of Marilyn Burgess District Clerk

referenced bankruptcy case which bears Case No. 18-23676.

2. On **January 3, 2019**, J.P. Morgan Chase Bank N.A., filed a proof of claim alleging to be a secured creditor and that debtor Thomas was in defaulted on her money purchase loan from Flagstone Lending Group a Utah Corporation and owned the outstanding amount of **$489, 069.96**, in mortgage payments that is a secured claim encumbering the property located at 8202 Terra Valley Lane, Tomball Tx 77375.

3. On **January 24, 2019**, Debtor Elizabeth Thomas, *pro, se* filed Notice of Removal [Doc.28], invoking 28 U.S.C.§ 1452(a), Fed. R. Bankr. P. 9027, and removed the case styled as *Miramar Lake Homeowners Association et al vs. Elizabeth Thomas et al,* (the "851 Cases") from the 333rd Judicial District Court, Harris County Texas, to the United States Southern District Court of New York: White Plains Division _**into**_ case number 18-23676, for the purpose of litigation with among others **CHASE**.

4. On **January 13, 2020**, debtor Thomas filed a "***Motion to Expunge, Reduce or Reclassify J.P. Morgan Chase Bank N.A., Proof of Claim No. 5***." Thomas pleaded that the "Debtor borrowed approximately $235, 262. 37 from her lender **MTH Lending Group** on October 19, 2007, bearing an interest rate of 6.375% (the "Loan and Mortgage") for the refinance of the residential property located at 8202 Terra Valley Lane, Tomball Tx., (the Property).

5. Debtor Thomas pled that she had subsequently sold the Property to a third party and no longer owns the property. Accordingly, the Loan and Mortgage are no longer secured as to the Debtor, as the Debtor does not own the property. Accordingly, the claim should be reclassified as _**unsecured**_. As an unsecured debt, this claim should be expunged

as the Debtor received a _**discharged**_ in a Chapter 7 bankruptcy in 2011 and listed the debt to this mortgage.

6.   **The Debtor Thomas Motion Requested Relief**:  that the Court issue an Order reclassifying CHASE claim as unsecured and expunging it as the mortgage debt was **previously discharged in a prior bankruptcy in the year of 2011**.

7.    In other words more simply Debtor Thomas challenged that she _**never**_ applied for or received a _**money purchase loan**_ on October 19, 2007, from a Utah Corporation lender Flagstone Lending Group who is in fact non-existent, and _**instead**_ on October 19, 2007, she attended a closing on October 19, 2007, with family members at MTH Title Company L.C., and closed on a Texas Home Equity Loan from MTH Lending Group L.P,  at f/k/a  MTH  Title Company L.C.

8.    Before the Honorable Judge Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York White Plains Division, was the task of determining whether debtor Thomas, on October 19, 2007, obtained a money purchase loan in the amount of $239,400.00, from a Utah Corporation lender Flagstone Lending Group or a Texas Home Equity Loan from MTH Lending Group L.P.

9.   Stewart Title Company whom owned a controlling 51% interest in f/k/a  MTH Title Company L.C., where Debtor Thomas closed on  October 19,  2007,  Texas Home  Equity Loan responses to "First Set of Admissions" confirmed that on October 19,   2007,  Debtor Thomas, closed  on a Texas Home  Equity Loan from her lender MTH Lending Group L.P., and **DENY** (i) receiving any cash funds for a Utah Corporation lender named Flagstone Lending Group on October 19, 2007, to fund Thomas with a loan(ii) _**deny**_ executing any

000075

closing loan documents between Debtor Thomas and Flagstone Lending Group; and (iii) deny recording any "deed of trust" in the Harris County Real Property Records securing said non-funded loan.

10. On February 5, 2020, JP Morgan Chase Bank N.A., filed an "Objection" to Debtor Thomas "Motion to Expunge, Reduce or Reclassify its Proof of Clam." Instead of CHASE coming forward with evidence to "prove" (i) the **_existence_** of Utah Corporation lender Flagstone Lending Group, (ii) evidence the existence of a funded money purchase transaction transpired between Flagstone and Debtor Thomas, on October 19, 2007, and (iii) if so at what title company did this closing of this alleged loan take place. **_Instead_** submitting said proof JP Morgan Chase goes on a charade of arguments that Debtor Thomas, her son Robert Thomas and James Allen are all part of a scheme to defraud Chase of payment for this phantom advance cash purchase was (i) fraudulently release by Andersen and; (ii) deeds transferring the interest in the property are fraudulent these issues are reference and reproduces below:

> "In addition, the Debtor has filed a false satisfaction of Chase's Loan (the "Purported Satisfaction"), in which James M. Andersen ("Andersen"), an attorney who had represented the Debtor in numerous actions, purported to act as a "substitute trustee" for Chase." And the deeds transferring an interest property were also fraudulent and without consideration.

11. On or about June 17, 2020, Judge Sean H. Lane U.S.B.J., signed order granting debtor Thomas Motion to "**Reclassify** Chase claim as unsecured **and Expunge**" J.P. Morgan Chase Bank N.A Claim **No. 5**, as it was discharged in a 2011 bankruptcy. Debtor Thomas 2011 discharge injunction order automatically **_voids any judgment_** obtained on a discharged debt. 11 U.S.C. § 524(a)(1)..

000076

12.     On December 29, 2020, Judge Sean H. Lane U.S.B.J., signed a confirmation order confirming Debtor Thomas Chapter 13 plan.

13.     On January 31, 2022, debtor Thomas discovered through social media and a Fox News Reporter that entity named *Primary Residential Mortgage Inc.,* has filed an appeal in the 133rd Judicial District Court Harris County, Texas, in the case entitled *Robert L. Thomas and James Allen vs. McCarthy & Holthus LLP, on behalf of Non-Existent Flagstone Lending Group and its Successor J.P. Morgan Chase Bank N.A., and Elizabeth Thomas* under cause *No.* 2018-14171, challenging  and appealing Judge Sean H. Lane U.S.B.J.,  order granting debtor Thomas Motion to "**Reclassify** Chase claim as unsecured **and Expunge**" J.P. Morgan Chase Bank N.A Claim **No. 5**, as it was discharged in a 2011 bankruptcy, although they have no interest in this case.

14.     On January 31, 2022, debtor Thomas discovered that although she was dismissed from this case on February 14, 2019, and prohibited from making filings into said court the 133rd Judicial  District  Court held a hearing without notice or service of summons and complaint on debtor Thomas.  *Primary Residential Mortgage Inc.,* seeks to *re-litigate* CHASE same causes of action/claims that have already litigated and disposed of in the bankruptcy court and is protected by the bankruptcy automatic stay.

II. **Removal under 28 U.S.C. §1452**

15.     The 133rd Judicial District Court, Harris County, Texas case may be removed to pursuant to 28 U.S.C. §1452, which provides in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a

governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. 28 U.S.C.A. §1452(a).

16.     Based on the language of § 1452, a party may remove any civil action over which a bankruptcy court has jurisdiction under 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 1334, this Court has original jurisdiction over all civil proceedings "arising under title, or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b).

17.     The 133rd Judicial District Court Harris County, Texas, case entitled *Robert L. Thomas and James Allen vs. McCarthy & Holthus LLP, on behalf of Non-Existent Flagstone Lending Group and its Successor J.P. Morgan Chase Bank N.A., and Elizabeth Thomas* under cause *No.* 2018-14171. is directly related to the Debtor's Thomas Bankruptcy Case within the meaning of 28 U.S.C. § 1334 because the claims for relief asserted by the *Primary Residential Mortgage Inc.,* are the same exact claims asserted and litigated against the debtor in the bankruptcy court (the Contested Matter"), More importantly litigating the same claims again outside of the bankruptcy court would interfere with the Debtor fresh start under the Bankruptcy Code.

18.     Additionally a bankruptcy court's confirmation order that is final and no longer subject to appeal [is] 'res judicata to the parties and those in privity with them.'" See: *Travelers Indem. Co. v. Baile*y, 557 U.S. 137, 152, 129 S. Ct. 2195, 2205 (2009)). It become "res judicata to the parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." I.d.,557 U.S. 137, 152, 129

000078

S. Ct. 2195, 2205 (2009).

19.    A "confirmation order has a preclusive effect, foreclosing relitigation of any issue litigated by the parties and or any issue necessarily determined by the confirmation order.'" _Bullard v. Blue Hills Bank_, 135 S. Ct. 1686, at 1692 (quoting 8 _Collier on Bankruptcy_ ¶ 1327.02[1][c], at 1327–26; _United Student Aid Funds, Inc. v. Espinosa_, 559 U.S. 260, 275 (2010)). The orders confirming a plan precludes re-litigation of confirmation "**_objections_**" raised "**_or those that could have been raised before confirmation_**." The application of _res judicata_ produces finality for the parties and promotes judicial economy.   Parties know that when final judgment is entered and all appeals are exhausted, the **_case is over_** and the decision will be binding on all issues determined in the lawsuit or proceeding. Id.

20.    The 133rd Judicial District Court Harris County, Texas, case entitled _Robert L. Thomas and James Allen vs. McCarthy & Holthus LLP, on behalf of Non-Existent Flagstone Lending Group and its Successor J.P. Morgan Chase Bank N.A., and Elizabeth Thomas_ under cause _No._ 2018-14171 , is not an action before the Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

21.    Based on the foregoing, the 133rd Judicial District Court Harris County, Texas, case entitled _Robert L. Thomas and James Allen vs. McCarthy & Holthus LLP, on behalf of Non-Existent Flagstone Lending Group and its Successor J.P. Morgan Chase Bank N.A., and Elizabeth Thomas_ under cause _No._ 2018-14171 may be removed to the U.S. Bankruptcy Court for the Southern District of New York  pursuant to 28 U.S.C. §1452.

22..    Upon removal, of the case entitled  the _Robert L. Thomas and James Allen vs. McCarthy & Holthus LLP, on behalf of Non-Existent Flagstone Lending Group and its_

*Successor J.P. Morgan Chase Bank N.A., and Elizabeth Thomas* under cause *No.* 2018-14171, the proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (o), and a contested matter.

23. The United States Bankruptcy Court for the Southern District of New York White Plains Division is the proper court in which to remove this action pursuant to 28 U.S.C. § 1452 and FRBP 9027, and the bankruptcy court has nationwide jurisdiction over parties within the United States.

24. *Primary Residential Mortgage Inc.,* are located within the United States.

25. Moreover *Primary Residential Mortgage Inc.,* and Debtor Thomas are diverse.

26. Written notice of the filing of this Notice of Removal and a copy of this Notice of Removal is being served upon *Primary Residential Mortgage Inc* and will be filed with the 133rd Harris County District Clerk copies of the petition shall be filed within fourteen (14) days.

### III. ADOPTION AND RESERVATION OF DEFENSES

27. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Debtor's rights to maintain and/or assert any affirmative defenses in this matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person or subject matter; (2) arguments that venue is improper; (3) insufficiency of process; (4) failure to state a claim; (5) and any other pertinent defense available.

000080

**WHEREFORE**, the Debtor Elizabeth Thomas hereby removes the case entitled the *Robert L. Thomas and James Allen vs. McCarthy & Holthus LLP, on behalf of Non-Existent Flagstone Lending Group and its Successor J.P. Morgan Chase Bank N.A., and Elizabeth Thomas* under cause *No.* 2018-14171, to the U.S. Federal District Court for the Southern District of Texas; Houston Division for transfer to the U.S. Federal District Court for the Southern District of New York; White Plains Division for transfer to United States Bankruptcy Court for the Southern District of New York; White Plains Division pursuant to 28 U.S.C. §1452 and FRBP.

Respectfully submitted,

/s/Elizabeth Thomas

Elizabeth Thomas Self Represented
712 H Street NE #1297
Washington D.C. 20002
elizthomas234@gmail.com

### CERTIFICATE OF SERVICE

This is to certify that the foregoing NOTICE OF REMOVAL WAS SENT Via United States Post Office mail on the 1st day of February 2022, postage prepaid thereon to:

MCKINNEY TAYLOR P.C.
Three Riverway, Suite 900
Houston, Texas 77056
Attorney for *Primary Residential Mortgage Inc.,*

/s/Elizabeth Thomas

Unofficial Copy Office of Marilyn Burgess District Clerk

000081

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

February 09, 2022

Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| THOMAS, ROBERT L. JAMES ALLEN | § | CASE NO: 18-23676[1] |
|     Debtor(s) | § | |
| | § | CHAPTER 13 |
| | § | |
| THOMAS, ROBERT L. JAMES ALLEN | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 22-03021 |
| | § | |
| MCCARTHY & HOLTHUS LLP, ON | § | |
| BEHALF OF FLAGSTONE LENDING | § | |
| GROUP A NON-EXISTENT UTAH | § | |
| CORPORATION AND | § | |
| SUCCESSOR/ASSIGNEE J.P. MORGAN | § | |
| CHASE BANK N.A. AND ELIZABETH | § | |
| THOMAS | § | |
|     Defendant(s) | § | |
| | § | |
| PRIMARY RESIDENTIAL MORTGAGE | § | |
| INC. | § | |
|     Intervenor | § | |

## ORDER DISMISSING AND REMANDING CASE

    The pro se defendant, Elizabeth Thomas, has removed a state court suit which originated in the 133rd Judicial District Court of Harris County Texas to federal court.[2] She alleges that a ruling from the bankruptcy judge in a removed case from the 333rd Judicial County of Harris County Texas is dispositive for this case as well. Ms. Thomas has been litigating these matters for a number of years in the Harris County state court as well as the federal courts of both the Southern District of Texas and the Southern District of New York. Accordingly, some background facts regarding the previous litigation are noted.

## BACKGROUND FACTS

## Harris County State Court Suit in 333rd Judicial District Court

---

[1] Case No. 18-23676 is filed in the Southern District of New York
[2] Cause No. 2018-1417, *Thomas Robert and James Allen v. McCarthy & Holthus LLP, on Behalf of Flagstone Lending Group, a Non-Existent Utah Corp. and successor/assignee, J.P. Morgan Chase Bank, N.A; and Elizabeth Thomas*, in the 133rd Judicial District Court, Harris County, Texas.

Ms. Thomas removed this suit, along with an affiliated state court suit[3] (the "Consolidated Suit"), on February 22, 2018 to the Southern District of Texas. On March 8, 2018, the district court remanded the Consolidated Suit to the 333rd Judicial Court. Ms. Thomas again removed the Consolidated Suit on March 18, 2018 to the District Court for the Southern District of Texas under case no. 18-CV-00851. On June 25, 2018, Judge Hittner again remanded the entire Consolidated Suit to the 333rd and closed the case. Ms. Thomas states in the current notice of removal that she then filed for bankruptcy in the Southern District of New York on October 29, 2018 in case No. 18-23676, and again removed the Consolidated Case from Harris County[4] to the Southern District of New York bankruptcy court. The New York bankruptcy court remanded all Harris County suits back to the 333rd Judicial District Court on January 13, 2022.[5]

## Harris County State Court Suit in 133rd Judicial District Court

Ms. Thomas had filed a Suggestion of Bankruptcy in this case on September 7, 2018, stating that she had filed for bankruptcy in the United States Bankruptcy Court in the District of Columbia under case no. 18-00598. That case was dismissed on October 19, 2018 for failure to qualify for relief under Chapter 13 and for improper venue. On January 31, 2022, the Honorable Judge McFarland of the 133rd Judicial Court ruled that no final judgment had yet been entered in her case, that there are live pleadings and she retained plenary power to hear the case. It is this case that Ms. Thomas is attempting to remove to this Court.

## LEGAL ANLAYSIS

The party seeking removal from state court to federal court bears the burden of proving federal jurisdiction.[6] The movant states that she is removing the state court suit pursuant to 28 U.S.C. § 1452(a), providing for removal of claims related to bankruptcy cases to the district court where such civil action is pending. She also cites to 28 U.S.C. § 1334 which gives jurisdiction to the bankruptcy courts. However, there is no civil action pending in the Southern District of Texas, and this Court lacks jurisdiction under 28 U.S.C. § 1452(a).

**THEREFORE, IT IS ORDERED** that this case is dismissed, and remanded to the 133rd Judicial District Court of Harris County, Texas.

Signed: February 09, 2022

Jeffrey P. Norman
United States Bankruptcy Judge

---

[3] Cause No. 2017-82388, *Elizabeth Thomas, et al v. Michael Pizzitola, et al*, In the 127th Judicial District Court, Harris County, Texas.
[4] Cause No. 2017-76078, *Miramar Lake Homeowners Association, et al v. Elizabeth Thomas, et al*, In the 333rd Judicial District Court, Harris County Texas.
[5] Case No. 18-23676, ECF No. 140
[6] *In re Residential Capital, LLC*, 515 B.R. 52 (Bankr. S.D.N.Y. 2014).

EXHIBIT H
2/11/2022 2:51 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61679860
By: EVELYN PALMER
Filed: 2/11/2022 2:51 PM

No.2018-14171

| | | |
|---|---|---|
| THOMAS, ROBERT L. JAMES ALLEN | § | IN THE DISTRICT COURT OF |
| PLAINTIFF | § | |
| | § | |
| **VS.** | § | 133RD JUDICIAL DISTRICT |
| | § | |
| McCARTHY  & HOLTHUS LLP., ON | § | |
| BEHALF OF FLAGSTONE LENDING  GROUP | § | |
| A  NON-EXISTENT A UTAH CORPORATION, | § | |
| AND  SUCCESSOR/ASSIGNEE | § | |
| J.P. MORGAN CHASE BANK N.A  and | § | **HARRIS COUNTY, TEXAS** |
| ELIZABETH THOMAS | § | |
| Defendants | § | |
| PRIMARY RESIDENTIAL MORTGAGE INC. | § | |
| Intervenor | § | |
| VS. | § | |
| ELIZABETH THOMAS | § | |
| Defendant | § | |



## NOTICE REMOVAL

**PLEASE TAKE NOTICE THAT**, that on February 11, 2022, Elizabeth Thomas makes a special appearance for the sole purpose of filing this Notice of Removal, pursuant to 28 U.S.C. § 1332 1441 and 1446, removing the case entitled *Robert L. Thomas and James Allen vs. McCarthy & Holthus LLP, on behalf of Non-Existent Flagstone Lending Group and its Successor J.P. Morgan Chase Bank N.A., and Elizabeth Thomas vs. Primary Residential Mortgage Inc., vs Elizabeth Thomas* under cause *No.* 2018-14171,   from the 333rd Harris County District Court to the **United States Federal District Court of the Southern District of Texas; Houston Division** into cause no. 22-474.

This court shall proceed no further in this action unless and until the case is remanded pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Removal  is attached hereto as **Exhibit 1**.

Respectfully submitted,

By/s/Elizabeth Thomas

Elizabeth Thomas
712 H St. NE Suite 1297
Washington DC., 20002
(832) 216-8623
elizthomas234@gmail.com

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to counsel of record in accordance with the Texas Rules of Civil Procedure, this 11th day of February 2022.

By/s/Elizabeth Thomas

Unofficial Copy Office of Marilyn Burgess District Clerk

_____

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 61679860
Status as of 2/11/2022 4:20 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Colleen M Clear McClure | 24012121 | colleen.mcclure@att.net | 2/11/2022 2:51:05 PM | SENT |
| Brook Lee | | lee9brook@yahoo.com | 2/11/2022 2:51:05 PM | SENT |
| Brandon Hakari | | bhakari@mccarthyholthus.com | 2/11/2022 2:51:05 PM | SENT |
| Elizabeth Thomas | | Tethomas3@aol.com | 2/11/2022 2:51:05 PM | SENT |
| Joseph R. Alexander | 995150 | joe@alexanderfirmpllc.com | 2/11/2022 2:51:05 PM | SENT |
| Andrew TMcKinney | | mckinney@mckinneytaylor.com | 2/11/2022 2:51:05 PM | SENT |
| Cheyenne M.Zokaie | | CZokaie@mccarthyholthus.com | 2/11/2022 2:51:05 PM | ERROR |
| Ann Akins | | aakins@mccarthyholthus.com | 2/11/2022 2:51:05 PM | ERROR |
| Sonja Roark | | mtefile@mckinneytaylor.com | 2/11/2022 2:51:05 PM | SENT |
| Michelle Liverman | | liverman@mckinneytaylor.com | 2/11/2022 2:51:05 PM | SENT |
| Gwen Richard | | richard@mckinneytaylor.com | 2/11/2022 2:51:05 PM | SENT |

Unofficial Copy Office of Nelly Burgess District Clerk

**IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

THOMAS, ROBERT L. JAMES ALLEN

         PLAINTIFF

**VS.**

McCARTHY & HOLTHUS LLP., ON
BEHALF OF FLAGSTONE LENDING GROUP
A NON-EXISTENT A UTAH CORPORATION,
AND SUCCESSOR/ASSIGNEE
J.P. MORGAN CHASE BANK N.A and
ELIZABETH THOMAS

         Defendants

PRIMARY RESIDENTIAL MORTGAGE INC.

         Interventor

     **VS.**

ELIZABETH THOMAS

         Defendant

CIVIL NO. _____

(FORMERLY 133RD DISTRICT COURT
HARRIS COUNTY , TEXAS CASE
NO. 2018-14171)

**NOTICE OF REMOVAL AND MOTION TO TRANSFER VENUE**

Elizabeth Thomas, hereby files this **"Notice of Removal"** to remove the above

entitled action to the U.S. District Court for the Southern District of Texas Houston

Division for transfer of venue to U.S. District Court for the Southern District of New York

Where Thomas bankruptcy is currently pending and has never filed or re-filed any

adversary proceeding in any Texas bankruptcy court as follows:

### I. <u>Background</u>

     1.    On October 29, 2018, (the "Petition Date"), Elizabeth Thomas, filed her

voluntary petition for relief under Chapter 13 of Title 11 of the United States Code,

Unofficial Copy Office of Marilyn Burgess District Clerk

11 U.S.C. §§ 101et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court of the Southern District of New York: White Plains Division commencing the above referenced bankruptcy case which bears Case No. 18-23676.

2.    On **January 3, 2019**, J.P. Morgan Chase Bank N.A., filed a proof of claim alleging to be a secured creditor and that debtor Thomas was in defaulted on her money purchase loan from Flagstone Lending Group a Utah Corporation and owned the outstanding amount of **$489, 069.96**, in mortgage payments that is a secured claim encumbering the property located at 8202 Terra Valley Lane, Tomball Tx 77375.

3.    On **January 24, 2019**, Debtor Elizabeth Thomas, *pro, se* filed Notice of Removal [Doc.28], invoking 28 U.S.C.§ 1452(a), Fed. R. Bankr. P. 9027, and removed the case styled as *Miramar Lake Homeowners Association et al vs. Elizabeth Thomas et al,* (the "851 Cases") from the 333rd Judicial District Court, Harris County Texas, to the United States Southern District Court of New York: White Plains Division ***into*** case number 18-23676, for the purpose of litigation with among others **CHASE**.

4.    On **January 13, 2020**, debtor Thomas filed a "***Motion to Expunge, Reduce or Reclassify J.P. Morgan Chase Bank N.A., Proof of Claim No. 5***." Thomas pleaded that the "Debtor borrowed approximately $235, 262. 37 from her lender **MTH Lending Group** on October 19, 2007, bearing an interest rate of 6.375% (the "Loan and Mortgage") for the refinance of the residential property located at 8202 Terra Valley Lane, Tomball Tx., (the Property).

5.    Debtor Thomas pled that she had subsequently sold the Property to a third party and no longer owns the property.   Accordingly, the Loan and Mortgage are no longer

000089

secured as to the Debtor, as the Debtor does not own the property.    Accordingly, the claim should be reclassified as ***unsecured***. As an unsecured debt, this claim should be expunged as the Debtor received a ***discharged*** in a Chapter 7 bankruptcy in 2011 and listed the debt to this mortgage.

6.    **The Debtor Thomas Motion Requested Relief**:  that the Court issue an Order reclassifying CHASE claim as unsecured and expunging it as the mortgage debt was **previously discharged in a prior bankruptcy in the year of 2011.**

7.    In other words more simply Debtor Thomas challenged that she ***never*** applied for or received a ***money purchase loan*** on October 19, 2007, from a Utah Corporation lender Flagstone Lending Group who is in fact non-existent; and ***instead*** on October 19, 2007, she attended a closing on October 19, 2007, with family members at MTH Title Company L.C., and closed on a Texas Home Equity Loan from MTH Lending Group L.P,  at f/k/a  MTH  Title Company L.C.

8.    Before the Honorable Judge Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York White Plains Division, was the task of determining whether debtor Thomas, on October 19, 2007, obtained a money purchase loan in the amount of $239,400.00, from a Utah Corporation lender Flagstone Lending Group or a Texas Home Equity Loan from ***lender MTH Lending Group L.P***.

9.    Stewart Title Company whom owned a controlling 51% interest in f/k/a  MTH Title Company L.C., where Debtor Thomas closed on  October 19,  2007,  Texas Home Equity Loan responses to "First Set of Admissions" confirmed that on October 19,   2007, Debtor Thomas, closed  on a Texas Home  Equity Loan from her lender MTH Lending

Unofficial Copy Office of Marilyn Burgess District Clerk

Group L.P., and **DENY** (i) receiving any cash funds for a Utah Corporation lender named Flagstone Lending Group on October 19, 2007, to fund Thomas with a loan(ii) **_deny_** executing any closing loan documents between Debtor Thomas and  Flagstone Lending Group; and (iii) deny recording any "deed of trust" in the Harris County Real Property Records securing said non-funded loan.

10.   On February 5, 2020, JP Morgan Chase Bank N.A., filed an "Objection" to Debtor Thomas "Motion to Expunge, Reduce or Reclassify its Proof of Clam." Instead of CHASE coming forward with evidence to "prove" (i) the **_existence_** of Utah Corporation lender Flagstone Lending Group, (ii) evidence the existence of a funded money purchase transaction transpired between Flagstone and Debtor Thomas, on October 19, 2007, and (iii) if so at what title company did this closing of this alleged loan take place.   **_Instead_** submitting said proof JP Morgan Chase goes on a charade of arguments that Debtor Thomas, her son Robert Thomas and James Allen are all part of a scheme to defraud Chase of payment for this phantom advance cash purchase was (i) fraudulently release by Andersen and; (ii) deeds transferring the interest in the property are fraudulent these issues are reference and reproduces below:

> "In addition, the Debtor has filed a false satisfaction of Chase's Loan (the "Purported Satisfaction"), in which James M. Andersen ("Andersen"), an attorney who had represented the Debtor in numerous actions, purported to act as a "substitute trustee" for Chase." And the deeds transferring an interest property were also fraudulent and without consideration.

11.   On or about June 17, 2020, Judge Sean H. Lane U.S.B.J., signed order granting debtor Thomas Motion to "**Reclassify** Chase claim as unsecured **and Expunge**" J.P. Morgan Chase Bank N.A Claim **No. 5**, as it was discharged in a 2011 bankruptcy.  Debtor Thomas 2011

000091

discharge injunction order automatically *voids any judgment* obtained on a discharged debt. 11 U.S.C. § 524(a)(1)..

12.   On December 29, 2020, Judge Sean H. Lane U.S.B.J., signed a confirmation order confirming Debtor Thomas Chapter 13 plan.

13.   On January 13, 2022, the Judge Sean H. Lane U.S.B.J., denied Attorney Colleen M. McClure "Motion to Lift Debtor E. Thomas Bankruptcy Stay" on the grounds that the same claims litigated in the bankruptcy court cannot be re-litigated.

II. **Grounds for Removal:**

14.   Defendant Elizabeth Thomas, has filed this notice of removal seeking that this Court transfer this case to the U.S. District Court for the Southern District of New York where her bankruptcy case is pending.

15.   A bankruptcy court's confirmation order that is final and no longer subject to appeal [is] 'res judicata to the parties and those in privity with them.'" See: _Travelers Indem._ _Co. v. Baile_y, 557 U.S. 137, 152, 129 S. Ct. 2195, 2205 (2009). It become "res judicata to the parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." I.d.,557 U.S. 137, 152, 129 S. Ct. 2195, 2205 (2009).

16.   A "confirmation order has a preclusive effect, foreclosing relitigation of any issue litigated by the parties and or any issue necessarily determined by the confirmation order.'" _Bullard v. Blue Hills Bank_, 135 S. Ct. 1686, at 1692 (quoting 8 *Collier on Bankruptcy* ¶ 1327.02[1][c], at 1327–26; _United Student Aid Funds, Inc. v. Espinosa_, 559 U.S. 260, 275 (2010)).

Unofficial Copy Office of Marilyn Burgess District Clerk

The orders confirming a plan precludes re-litigation of confirmation "***objections***" raised "***or those that could have been raised before confirmation***." The application of ***res judicata*** produces finality for the parties and promotes judicial economy.    Parties know that when final judgment is entered and all appeals are exhausted, the ***case is over*** and the decision will be binding on all issues determined in the lawsuit or proceeding. Id.

**A.   Re-Litigation of Same Claims Already Litigated in Bankruptcy and Are Property of the Bankruptcy Estate.**

17.    ***Unbeknownst*** to Debtor Thomas is that on **March 18, 2019**, *Primary Residential Mortgage Inc.,* filed a (1) Original Petition in Intervention; (2) Motion to Reconsider and Vacate Order Granting Defendant Elizabeth Thomas' Motion for Summary Judgment, and Objection to the Proposed Agreed to Final Judgment; (3) Motion for New Trial; (4); Motion for Sanctions; and (5) Motion to Stay Proceedings and Transfer This Case to the 127th Judicial District Court in a closed case in the 133rd District Court, Harris County, Texas, where Debtor Thomas was a former defendant before this Court dismissed the Plaintiffs case with prejudice and debtor Thomas was dismissed from  case on **February 14, 2019.**

18.    Debtor Thomas had been named as a former defendant in a case entitled *Robert L. Thomas and James Allen vs. McCarthy & Holthus LLP, on behalf of Flagstone Lending Group a Non-Existent Utah Corporation and its Successor J.P. Morgan Chase Bank N.A., and Elizabeth Thomas* under cause *No.* 2018-14171, in the 133rd District Court, Harris County, Texas for which debtor was sued for making Material Misrepresentations.

19.    The cause of action for making Material Misrepresentations against Debtor Thomas is that she failed in selling the property to disclosed that ***formerly*** recorded Deed

of Trust for a October 19, 2007, money purchase loan from a *Utah Corporation* Flagstone *Lending Group, is allegedly encumbering said property.*

20.     On November 30, 2018, Defendant Elizabeth Thomas filed a Motion for Summary Judgment ("the Motion"), on Plaintiffs claims for misrepresentation on grounds that the Flagstone Deed of Trust *formerly* in the Harris County Real Property Records under instrument No.  **20070643669,** is not a valid lien encumbering said property is wrongfully recorded and never was funded. The validity of lien on property is a question of law. See: Florey v. Estate of McConnell real, 212 S.W.3d 439 (Tex. App.-Austin 2006, pet. Denied).

21.     Incorporation by Reference filed with the Court here: is Debtor Thomas "Motion for Summary Judgment  and summary judgment **Exhibits-** A- M as **_evidence_** that support twelve (12) grounds why said Deed of Trust does not constitute a valid lien on said property: relevant here and in pertinent part are the facts that (**Exhibit** C) Evidences that Thomas submitted copies of her closing loan documents evidencing  that on October 19, 2007, she closed at MTH Title Company LC., on a Texas Home Equity loan in the amount of $235,262.47, with lender MTH Lending Group L.P., to refinance the property located at 8202 Terra Valley Lane, Tomball Texas 77375,; (**Exhibit** D)  Evidence that  according to the Utah Secretary of State their does not exist a Corporation by the name of FLAGSTONE LENDING GROUP, organized and existing under the laws of the **State of Utah:** and (**Exhibit** G) Evidence that according to Stewart Title Company its former title company f/k/a MTH Title Company on October 19, 2007, (i) never received any cash from a Utah lender Flagstone Lending Group and funded Thomas with loan (ii) never recorded any deed of trust in Harris County Real Property records and (iii) on October 19, 2007, Thomas closed a Texas Home

000094

Equity Loan etc.

22.    Defendants McCarthy & Holthus LLP., et al., represented themselves individually and the interest of Non-Existent Flagstone Lending Group a ***Utah Corporation*** and J.P. Morgan Chase Bank N.A., interest, never filed a response to said summary judgment motion or any objection to the summary judgment evidence nor a cross- counterclaim. ***While attempting to collect a debt discharged since 2011***.

23.    On February 14, 2019, the Court granted Defendant Thomas motion for summary judgment by a signing a "***plaintiffs take nothing judgment***" which is a dismissal of Plaintiffs claims with prejudice and a Mother Hubbard Clause "all relief a not granted is hereby denied."    The Court also ordered that Defendant Thomas be ***dismissed*** as a party from the case was considered for years as a ***final judgment***.

24.    ***Unbeknownst*** to Debtor Thomas is that on March 18, 2019, Primary Residential Mortgage Inc*., had* filed a "Original Petition Intervention" and never ***served*** *Debtor Thomas* with a citation to bring her back into the case as a defendant and appear in court or with a copy of said petition.

25.    Primary March 18, 2019, "Original Petition Intervention" filed seeks to intervene in the cause action against former defendant Thomas regarding a  ***formerly*** recorded Deed of Trust for a October 19, 2007, for an alleged money purchase loan from a *Utah Corporation* Flagstone *Lending Group,* that the Court dismissed with prejudice on **February 14, 2019.**

26.    According to Primary Residential Mortgage Inc., a Nevada Corporation pleadings they have interest in the case because of their  former local State of Texas ***d/b/a*** which had  a similar name  of Flagstone Lending Group.  In other words Primary is alleging

000095

that there is no difference between the "Utah Corporation Flagstone Lending Group" and their local Texas d/b/a Flagstone Lending Group, this is materially false. This is true also for a ***Utah Corporation*** MTH Lending Group these are "Utah Corporations" not Texas d/b/a's.

27.  Primary Residential Mortgage Inc., a Nevada Corporation claims to be the lender named on the ***formerly*** recorded Deed of Trust as local State of Texas ***d/b/a*** with a similar name of Flagstone Lending Group for a, money purchase loan allegedly made to the Debtor Thomas on **October 19, 2007** that was allegedly assigned to J.P. Morgan Chase Bank N.A.

28.  When in fact according to Stewart Title Company who formerly own f/k/a MTH Title Company L.C., settlement closing records reveal that on **October 19, 2007**, Primary Residential Mortgage Inc., closed on "***commercial business transaction***" for cash with Meritage Corporation. While on **October 19, 2007**, Debtor Thomas closed on a "***consumer***" loan transaction with MTH Lending Group L.P., (not to be confused with Utah Corporation lender MTH Lending Group).

29.  The wrongfully recorded Deed of Trust *formerly* in the Harris County Real Property Records under instrument No. **20070643669,** involves an alleged "***consumer***" purchase money loan transaction from a "***Corporation Lender***" in the **State of Utah**. Not a "***commercial business transaction"*** with ***Meritage Corporation.***

30.  ***Unbeknownst*** the debtor Thomas is that recently beginning in January of 2022, Court have hearings were held 133rd District Court without notice to her as the Court has set a trial date for **February 22, 2022**.

31.  The trial date set for **February 22, 2022,** is to take Debtor Thomas to trial on the same said claims, causes of action that the Court dismissed with prejudice on February 14,

000096

2019, which has not been set aside and without service on debtor Thomas.

32.    Debtor Thomas, argues that all claims, causes of action or regarding the wrongfully *formerly* recorded  Deed of Trust in the Harris County Real Property under instrument number 20070643669, were already litigated or could have been litigated in Debtor Thomas bankruptcy case prior to the **December 29, 2020**, confirmation order. **No** appeals were filed.

33.    Debtor Thomas, argues that all claims, causes of action or regarding the wrongfully *formerly* recorded Deed of Trust in the Harris County Real Property under instrument number 20070643669, for alleged Lender Flagstone Lending Group a "STATE OF UTAH" Corporation allegedly Assigned to J.P. Morgan Chase Bank N.A., are now barred under the doctrine of "res judicata."

## II. **Removal under 28 U.S.C. §1452**

34.    Defendant Elizabeth Thomas, has filed this notice of removal seeking that this Court transfer this case to the U.S. District Court for the Southern District of New York where her bankruptcy case is pending. On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. §1412, except as provided in Rule 7019(2).

35.    The 133rd Judicial District Court, Harris County, Texas case may be removed to pursuant to 28 U.S.C. §9027(a)(2) and 28 U.S.C. § 1452, which provides in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory

Unofficial Copy Office of Marilyn Burgess District Clerk

power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. 28 U.S.C.A. § 1452(a).

36.    Based on the language of § 1452, a party may remove any civil action over which a bankruptcy court has jurisdiction under 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 1334, this Court has jurisdiction to transfer this case to the U.S. District Court for the Southern District of New York where Debtor Thomas  bankruptcy case is pending as that Court has original jurisdiction over all civil proceedings "arising under title, or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b); and pursuant to 28 U.S.C. §9027(a)(2).

37.    The 133rd Judicial District Court Harris County, Texas, case entitled *Robert L. Thomas and James Allen vs. McCarthy & Holthus LLP, on behalf of Non-Existent Flagstone Lending Group and its Successor J.P. Morgan Chase Bank N.A., and Elizabeth Thomas. Intervenor* **_Primary Residential Mortgage Inc., vs Elizabeth Thomas_**, Defendant   under cause *No.* 2018-14171. is directly related to Debtor's T h o m a s Bankruptcy Case within the meaning of 28 U.S.C. § 1334 because the claims for relief asserted by the *Primary Residential Mortgage Inc.,* are the same exact claims that have already litigated against the debtor in the bankruptcy court (the Contested Matter"). More importantly litigating the same claims again outside of the bankruptcy court would interfere with the Debtor fresh start under the Bankruptcy Code.

38.    The 133rd Judicial District Court Harris County, Texas, case entitled *Robert L. Thomas and James Allen vs. McCarthy & Holthus LLP, on behalf of Non-Existent Flagstone Lending Group and its Successor J.P. Morgan Chase Bank N.A., and Elizabeth Thomas vs.*

*Intervenor* **Primary Residential Mortgage Inc., vs Elizabeth Thomas**, Defendant under cause *No*. 2018-14171 , is not an action before the Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

39.   Based on the foregoing, the 133rd Judicial District Court Harris County, Texas, case entitled *Robert L. Thomas and James Allen vs. McCarthy & Holthus LLP, on behalf of Non-Existent Flagstone Lending Group and its Successor J.P. Morgan Chase Bank N.A., and Elizabeth Thomas Intervenor* **Primary Residential Mortgage Inc., vs Elizabeth Thomas**, Defendant under cause *No*. 2018-14171 may be removed.

40.   Defendants seeks a transfer of this case to U.S. Federal District Court for the Southern District of New York;

41.   Upon removal, to U.S. Federal District Court for the Southern District of New York; this case of the case entitled  the *Robert L. Thomas and James Allen vs. McCarthy & Holthus LLP, on behalf of Non-Existent Flagstone Lending Group and its Successor J.P. Morgan Chase Bank N.A., and Elizabeth Thomas vs. Interventor* **Primary Residential Mortgage Inc., vs Elizabeth Thomas**, Defendant under cause *No*. 2018-14171 can thereinafter be transferred to the United States Bankruptcy Court of the Southern District of New York: White Plains Division, the proceeding will be  a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B) and (o), and a contested matter.

42.   Transfer to U.S. Federal District Court for the Southern District of New York; is the proper court in which has jurisdiction over this  remove this action pursuant to 28 U.S.C. § 1452 and FRBP 9027, and the bankruptcy court has nationwide jurisdiction over parties within the United States.

000099

43.   *Primary Residential Mortgage Inc.,* is located within the United States.

44.   Moreover *Primary Residential Mortgage Inc.,* and Debtor Thomas are diverse.

### III. THE PARTIES ARE DIVERSE 28 U.S.C. § 1332

45.   This Notice of Removal is also based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a).

46.   Primary Residential Mortgage Inc., is a Nevada Corporation, with a principle place of business in State of Utah.

47.   Defendant Elizabeth Thomas is a resident of the State of New York and has **_never_** been served with citation of service or with a copy of the "Original Petition" as such can remove this action at anytime.

48.   The amount for which Primary Residential Mortgage Inc., seeks to collect is $239,400.00.

49.   Because there is complete diversity of citizenship between the actual and real parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs, all applicable requirements have been met, and the Action is properly removed to this Court.

### IV. MOTION TO TRANSFER VENUE TO NEW YORK

50.   The Defendant Elizabeth Thomas, seeks a transfer of this case to U.S. Federal District Court for the Southern District of New York, here her bankruptcy case is currently pending in the U.S. Bankruptcy Court for the Southern District of New York: White Plains Division under cause No. 18-23676.

### V.  ADOPTION AND RESERVATION OF DEFENSES

51.   Nothing in this Notice of Removal shall be interpreted as a waiver or

relinquishment of the Debtor's rights to maintain and/or assert any affirmative defenses in this matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person or subject matter; (2) arguments that venue is improper; (3) insufficiency of process; (4) failure to state a claim; (5) and any other pertinent defense available.

　　　**WHEREFORE**, the Elizabeth Thomas hereby removes the case entitled the *Robert L. Thomas and James Allen vs. McCarthy & Holthus LLP, on behalf of Non-Existent Flagstone Lending Group and its Successor J.P. Morgan Chase Bank N.A., and Elizabeth Thomas vs. vs. Interventor* __*Primary Residential Mortgage Inc., vs Elizabeth Thomas*__, Defendant under cause *No.* 2018-14171, to the U.S. Federal District Court for the Southern District of Texas; Houston Division to transfer to United States District Court for the Southern District of New York; pursuant to 28 U.S.C. § 1452 and FRBP.

Respectfully submitted,

_/s/Elizabeth Thomas_
Elizabeth Thomas Self Represented
712 H Street NE #1297
Washington D.C. 20002
elizthomas234@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing   NOTICE OF REMOVAL WAS SENT to the party below Via United States Post Office mail on the 11th day of February 2022, postage prepaid thereon to:

MCKINNEY TAYLOR P.C.
Three Riverway, Suite 900
Houston, Texas 77056
Attorney for *Primary Residential Mortgage Inc.,*

_/s/Elizabeth Thomas_

000102

000103

EXHIBIT I
3/7/2022 10:44 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62347934
By: Brenda Espinoza
Filed: 3/7/2022 10:44 AM

**Cause No. 2020-35780**

| | | |
|---|---|---|
| JAMES ALLEN   ROBERT L. THOMAS AND ALLAN A. HAYE | § § § | **IN THE DISTRICT COURT OF** |
| Plaintiffs/Counter Defendant | § § | |
| **vs.** | § § | **80th JUDICIAL DISTRICT COURT** |
| PCF PROPERTIES IN TX. LLC SUCCESSOR to NON-EXISTENT FLAGSTONE LENDING GROUP A UTAH CORPORATION ITS ASSIGNEE J.P. MORGAN CHASE BANK N.A And   ELIZABETH THOMAS | § § § § § | |
| Third Party  Defendants | § § | **HARRIS COUNTY, TEXAS** |
| J.P. MORGAN CHASE BANKN.A. | § | |
| Third Party  Defendants | § | |

**AMENDED NOTICE REMOVAL**

**PLEASE TAKE NOTICE THAT**, that on March 7, 2022 debtor Elizabeth Thomas

filed a Amended Notice of Removal, pursuant to 28 U.S.C. § 1332 1441 and 1446, removing

the case  from the 8 o t h Harris County District Court to the **United States Federal**

**District Court of the Southern District of Texas; Houston Division** into cause no.

22-705

This court shall proceed no further in this action unless and until the case is

remanded pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice of

Removal  is attached hereto as **Exhibit 1**.

Respectfully submitted,

By /s/ Elizabeth Thomas

Elizabeth Thomas
712 H St. NE Suite 1297
Washington DC., 20002
(832) 216-8623
elizthomas234@gmail.com

Unofficial Copy Office of Marilyn Burgess District Clerk

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to counsel of record in accordance with the Texas Rules of Civil Procedure, this 7th day of March  2022.

Barry & Sewart PLLC
4151 Southwest Freeway, Suite 680
Houston Texas 77027
Tel.  (713)  722-0281
Fax.  (713) 722-9786
Email: evicitions@barryandsewart.com

***ATTORNEY'S FOR PCF PROPERTIES OF TEXAS LLC. ON BEHALF OF FLAGSTONE LENDING GROUP, NON-EXISTENT UATH CORPORATION AND SUCESSOR J.P.. MORGAN CHASE BANK N.A***

Quilling, Selander, Lownds,
Winslett & Moser P.C.
2001 Bryan Street, suite 1800
Dallas, Texas 75201
Tel.  (214) 871-2100
Fax.  (214) 871-2111
Email: llewis@qslwm.com
           rhytken@qslwm.com

***ATTORNEY'S FOR J.P. MORGAN CHASE BANK N.A***

Colleen M. McClure
Attorney at Law
18482 Kuykendahl  Box 106
Spring, Texas 77379
Phone  (281) 440-1625
Fax (281) 946-5627
Email: colleen.mcclure@att.net

***ATTORNEY'S FOR JAMES ALLEN, ROBERT L. THOMAS***

Attorney Keith Nguyen
Keith R. Nguyen Attorney at Law
PO BOX 1787, Alief, TX 77411
Tel:  (832) 869-3419
Fax:  (281) 271-8077
Email:  krnlawfirm@gmail.com

***ATTORNEY FOR ALLAN HAYE***

<u>By/s/Elizabeth Thomas</u>

Unofficial Copy Office of Marilyn Burgess District Clerk

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 62347934
Status as of 3/7/2022 10:53 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Colleen McCure | | colleen.mcclure@att.net | 3/7/2022 10:44:05 AM | SENT |
| James Allen | | jamesthegreat74@gmail.com | 3/7/2022 10:44:05 AM | SENT |
| Colleen McClure | | mcclurelegalassistant@gmail.com | 3/7/2022 10:44:05 AM | SENT |
| Keith AWolfshol | | KeithW@barryandsewart.com | 3/7/2022 10:44:05 AM | SENT |
| AUSTIN DUBOIS | | austin@barryandsewart.com | 3/7/2022 10:44:05 AM | SENT |
| ANNA SEWART | | ACSEWART@BARRYANDSEWART.COM | 3/7/2022 10:44:05 AM | SENT |
| Nicholas Frame | | nick@barryandsewart.com | 3/7/2022 10:44:05 AM | SENT |
| ELIZABETH THOMAS | | TETHOMAS3@AOL.COM | 3/7/2022 10:44:05 AM | SENT |
| Wm. LanceLewis | | llewis@qslwm.com | 3/7/2022 10:44:05 AM | SENT |
| Rachel Hytken | | rhytken@qslwm.com | 3/7/2022 10:44:05 AM | SENT |
| Keith Nguyen | | knlawfirm@gmail.com | 3/7/2022 10:44:05 AM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

EXHIBIT-1

# UNITED STATES DISTRICTCOURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**JAMES ALLEN, ROBERT L. THOMAS**
**ALLAN HAYE**

     *Plaintiffs/Counter-Defendants*

**vs.**

     **(formerly in the 80th Judicial District Court, Harris County Texas Cause No. 2020- 35780**

**PCF PROPERTIES OF TEXAS LLC. ON BEHAL OF FLAGSTONE LENDING GROUP, NON-EXISTENT UATH CORPORATION AND SUCESSOR J.P.. MORGAN CHASE BANK N.A AND ELIZABETH THOMAS**

     *Third Party Defendants*

**This case is related to In re Elizabeth Thomas in the U.S. Bankruptcy Court Southern of New York; White Plains Division Chapter 13; Case No 18-23676**

**J.P. MORGAN CHASE BANK N.A**

     *Third Party Defendants*

## AMENDED NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1334, 1452, and Federal Rule of Bankruptcy Procedure 9027(c) Debtor Elizabeth Thomas ("Thomas"), hereby files this "Amended Notice of Removal" removing the case entitled *James Allen , Robert L. Thomas and Allan Haye vs. PCF Properties of Texas LLC., on behalf of Flagstone Lending Group a Non-Existent Utah Corporation and J.P. Morgan Chase Bank N.A. ("PCF") Elizabeth Thomas and J.P. Morgan Chase Bank N.A.*, from the 80th Judicial District Court, Harris County Texas Cause No. 2020-35780 to the **United States District Court for the Southern District of Texas; Houston Division** as follows:

# I.  Background of Claims/Issues Already Litigated .

1.      On October 29, 2018, (the "Petition Date"), Defendant Elizabeth Thomas, filed her voluntary petition f o r relief under Chapter 13 of Title 11 of the  United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court of the Southern  District of New York: White Plains Division commencing the Case No. **18-23676**.

2.      On **January 3, 2019**, J.P. Morgan Chase Bank N.A., filed a proof of claim alleging to be a secured creditor of debtor Thomas and that she was in default on her **October 19, 2007,** money purchase mortgage loan from Flagstone Lending Group a Utah Corporation and owed the outstanding amount of **$489, 069.96**, in past due mortgage payments that is a secured claim encumbering the property located at 8202 Terra Valley Lane, Tomball Tx 77375. In support of its proof of claim J.P. Morgan Chase Bank filed a copy of a Deed of Trust produced a _**formerly**_ recorded "Deed of Trust" in the Harris County Real Property Records under instrument No. **20070643669.**  and a promissory note.

3.      On **January 13, 2020**, debtor E. Thomas filed a "_**Motion to Expunge, Reduce or Reclassify J.P. Morgan Chase Bank N.A., Proof of Claim No. 5**_." Thomas pleaded that the "Debtor borrowed approximately **$235, 262. 37** from her lender  **MTH Lending Group** on October 19, 2007, bearing an interest rate of 6.375% (the "Loan and Mortgage") for the refinance of the residential property located at 8202 Terra Valley Lane, Tomball Tx., (the Property)and that:

4.   Subsequently Debtor Thomas sold the Property to a third party and no longer owns the property.   Accordingly, the Loan and Mortgage is no longer secured as to the

Unofficial Copy Office of Marilyn Burgess District Clerk

000110

Debtor, as the Debtor does not own the property. Accordingly, the claim should be reclassified as **_unsecured_**. As an unsecured debt, this claim should be expunged as the Debtor received a **_discharged_** in a Chapter 7 bankruptcy in the year of **_2011_** and listed the debt to this mortgage.

5. **The Requested Relief in Debtor Thomas Motion**: that the Court issue an Order reclassifying CHASE claim as unsecured and as a unsecured debt expunging it as the mortgage debt was **previously discharged in a prior bankruptcy in the year of 2011**.

6. Before the Honorable Judge Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York White Plains Division, was the task of determining whether debtor Thomas, on October 19, 2007, obtained a money purchase loan in the amount of $239,400.00, from a Utah Corporation lender Flagstone Lending Group or a Texas Home Equity Loan from *lender MTH Lending Group L.P*.

7. However the Flagstone "Deed of Trust" and "Promissory Note" produced as evidence by J.P. Morgan Chase avers that these instruments were executed on October 19, 2007, at *f/k/a/* MTH Title Company L.C., a closing title company that Stewart Title Company held a 51% controlling partnership in. A "First Set of Admissions" was propounded toward Stewart Title Company, as to a alleged mortgage transaction between Flagstone and Elizabeth Thomas, on October 19, 2007; and Stewart **DENY** (i) MTH Title Company received any cash funds from lender named Flagstone Lending Group on October 19, 2007, to fund Thomas with a loan(ii) **DENY** MTH Title Company executing any closing loan documents between Debtor Thomas and Flagstone Lending Group; and

000111

(iii) **DENY** MTH Title Company recording any "deed of trust" in the Harris County Real Property Records securing said non-funded loan. Stewart however **Admits** that on October 19, 2007, Elizabeth Thomas closed a Texas Home Equity Loan with her lender MTH Lending Group L.P.

8.  J.P. Morgan Chase Bank N.A., was to produce evidence supporting (i) the *existence* of Utah Corporation lender Flagstone Lending Group, (ii) evidence of a funded money purchase transaction transpired between Flagstone and Debtor Thomas, on October 19, 2007, and (iii) if so at what title company did this loan closing transaction allegedly take place..

9.  On February 5, 2020, JP Morgan Chase Bank N.A., filed an "Response/Objection" to Debtor Thomas "Motion to Expunge, Reduce or Reclassify its Proof of Clam" and failed to produce any "*proof*" that a money purchase loan transaction actually transpired between Flagstone and Debtor Thomas.

10. Instead February 5, 2020, JP Morgan Chase chose to litigate the alleged issues that Debtor Thomas, her son Robert Thomas and James Allen are all part of a scheme to defraud Chase of payment for advance cash purchase money loan that was (i) fraudulently recorded as release by Andersen and; (ii) deeds transferring the interest in the property are fraudulent these issues are reference and reproduces below:

> "In addition, the Debtor has filed a false satisfaction of Chase's Loan (the "Purported Satisfaction"), in which James M. Andersen ("Andersen"), an attorney who had represented the Debtor in numerous actions, purported to act as a "substitute trustee" for Chase." And the deeds transferring an interest property were also fraudulent and without consideration.

11. JP Morgan Chase also argued that the Bankruptcy Court had granted it's

"Motion *to* Lift the Bankruptcy Stay" on May 5, 2019, [ Doc.47] as to Debtor Thomas

interest in said property and to protect J.P. Morgan Chase secured lien as a creditor.

12. On June 17, 2020, Judge Sean H. Lane U.S.B.J., signed order granting debtor

Thomas Motion to "**Reclassify** J.P. Morgan Chase Bank N.A Claim **No. 5**, from "**Secure**"

to "**Unsecured" and to Expunge**" the debt as it was discharged in a prior 2011

bankruptcy. Debtor Thomas 2011 discharge injunction order automatically *voids any*

*judgment* obtained on a discharged debt. 11 U.S.C. § 524(a)(1).

13. On December 29, 2020, the Honorable Judge Sean H. Lane U.S.B.J., signed a

confirmation order confirming Debtor Thomas Chapter 13 plan.

14. On January 13, 2022, the Honorable Judge Sean H. Lane U.S.B.J., denied Alvin,

R. Mullen, Catrice Henry and Albert Perry III, "Motion to Lift Debtor E. Thomas

Bankruptcy Stay" because under section 1328 of the Bankruptcy Code, at the conclusion of

a Chapter 13 plan, the debtor receives a discharge of all debts provided for in the plan as

well as all *claims* that were disallowed under section 502 of the Bankruptcy Code.

**II. CAUSES OF ACTIONS: Contempt Under 11 U.S.C. § 105(a)**

**A. *Collateral Attack on Bankruptcy Court Previous Orders in State Court.***

15. J.P. Morgan Chase Bank N.A., via *PCF Properties of Texas LLC., on behalf of*

*Flagstone Lending Group a Non-Existent Utah Corporation and J.P. Morgan Chase Bank*

*N.A. ("PCF") Elizabeth Thomas and J.P. Morgan Chase Bank N.A.*, have *re-filed* its "proof

of claim" that was disallowed in the bankruptcy court into the 80th District Court, Harris

County Texas, so as to collaterally attacked the New York Bankruptcy Court June 17, 2020,

order by raising the same claims and seeking to relitigate these same exact claims/ issues

000113

in the state court that were previously adjudicated by New York Bankruptcy court. Accordingly, the Debtor Thomas requests that the PCF and J.P. Morgan Chase Bank N.A., be found in contempt of court and sanctioned under section 105(a).

16.    PCF and J.P. Morgan Chase Bank N.A., together are presently in state court collaterally attacking the Honorable Judge Sean H. Lane U.S.B.J., June 17, 2020, order/judgment of New York Bankruptcy Court order by attempting to re-litigate its proof of claim /issues that were previously adjudicated in the New York Bankruptcy Court through the claim allowance process in the State Court. The State Court claims are not distinct from those already adjudicated into a final judgment as detailed **below**:

   a.     PCF and J.P. Morgan Chase claims that Elizabeth Thomas and her cohorts: Robert Thomas, Allen Haye and attorneys Colleen McClure and James M. Andersen; have filed fraudulent documents with the county clerk in order to avoid paying a loan Elizabeth Thomas obtained to purchase the property ***made subject of this case***.

   b.     PCF and J.P. Morgan Chase alleged that to finance the purchase of the Subject Property, Thomas executed a note and deed of trust on October 19, 2007, granting the lender, Flagstone Lending Group, a lien on the Subject Property in the amount of $239,400.00. That deed of trust was recorded on October 25, 2007, under Instrument ***2007-0643668*** (the "Mortgage Lien").

   c.     The Mortgage Lien was subsequently assigned to JPMorgan Chase Bank, N.A.. Said assignment was recorded in the Real Property Records of Harris County, Texas.

***PCF Counter Claim*** at ¶¶ 2-3. **Exhibit** 1.

17.    Here PCF and J.P. Morgan Chase Bank N.A., is seeking the state court to reverse, alter and/or modify Honorable Judge Sean H. Lane U.S.B.J., June 17, 2020, order/judgment that "**Reclassified**" J.P. Morgan Chase Bank N.A from a **Secure"** claim to "**Unsecured"** claim ***via*** a collateral attack in State Court by  seeking said court to issue

6 | P a g e

a order that **_instead_** finds that CHASE, has or had a secured lien deed of trust was recorded on October 25, 2007, under Instrument 2007-0643668], encumbering said property own by Debtor Thomas.

18.   Additionally PCF and J.P. Morgan Chase Bank N.A., is seeking the state court to reverse, alter and/or modify Honorable Judge Sean H. Lane U.S.B.J., June 17, 2020, order/judgment that "**Expunged**" the mortgage debt as it was discharged in a prior 2011 bankruptcy by having state court convert a discharged debt into a non-discharged debt by ruling that debtor Thomas on October 19, 2007, borrowed money from Flagstone Lending Group in the amount of $239,400.00, and defaulted on the repayment of this debt: As it was not discharged in 2011 in a prior bankruptcy.

a.   To purchase the Subject Property, Elizabeth Thomas borrowed money from Flagstone Lending Group in the amount of $239,400.00. Elizabeth Thomas pledge the Subject Property to secure the loan, thereby placing a lien against the Subject Property in favor of Flagstone Lending Group. JPMorgan Chase Bank, N.A. (hereinafter "Chase") was assigned the Deed of Trust.

b.   On December 23, 2016, James Andersen executed a fraudulent deed claiming to transfer the Subject Property to Elizabeth Thomas. The deed was recorded in the real property records of Harris County, Texas under Instrument RP-2016-577139.1

c.   On February 23, 2018, James M. Andersen executed a "Trustee's Notice of Satisfaction of Deed of Trust claiming" to release the lien from the Subject Property. That document was recorded in the real property records of Harris County, Texas under Instrument RP-2018-76715.[1] **_See_**: PCF Third Party Petition at ¶¶ 2-4. **Exhibit** 2.

---

1.   Texas Supreme Court in its decision in Nobles v. Marcus, 533 S.W.2d 923 (Tex. 1976), ruled that a claimant who is not a party to a deed and release cannot sue or file a claim to set it aside based on fraud. And **_until a court sets a "deeds, the release or assignments aside, they remain valid and represents prima facie evidence of title and release."_** Id. at 926; see also Morlock, L.L.C. v. Bank of N.Y., 448 S.W.3d 514, 517 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) ("A third party lacks standing to challenge this voidable defect in the assignment."); Lopez v. Morales, No. 04 -09- 00476-CV, 2010 WL3332318, at *3 (Tex. App.—San Antonio, Aug. 25, 2010, no writ) (mem. op.) ("[A] suit or claim to set aside a deed obtained by fraud can only be maintained by the defrauded party."

000115

19.    A state court **_cannot_** modify a bankruptcy court discharge order by converting a discharged debt into a non-discharged debt. _Hamilton_, 540 F.3d at 376.  If the Court did so, the judgment would be "void ab initio under § 524(a)[.]" Id., 540 F.3d at 375

20.    By PCF and J.P. Morgan Chase Bank repeatedly include allegations in there state courts pleadings upon which New York Bankruptcy Court has already adjudicated into a final judgment and fails to make any mention of the ruling to the state court. Instead PCF and J.P. Morgan Chase Bank is arguing that June 17, 2020, order never concluded that CHASE alleged lien is unsecured and that the mortgage debt was discharged in a 2011 prior bankruptcy through a collateral attack. A collateral attack is a "tactic whereby a party seeks to circumvent an earlier ruling of one court by filing a subsequent action in another court." _Pratt v. Ventas, Inc.,_ 365 F.3d 514, 519 (6th Cir. 2004) (citation omitted). PCF and J.P. Morgan Chase Bank **_should be held in contempt for a collateral attack_**.

21.    Additionally Debtor Thomas seeks enforcement of her confirmation order in that said claims defendants seek to re-litigate are now barred under the doctrine of _res judicata_. On December 29, 2020, the Honorable Judge Sean H. Lane U.S.B.J., signed a confirmation order confirming Debtor Thomas Chapter 13 plan.  A confirmation order has _a res judicata_ effect foreclosing re-litigation of any issue litigated by the parties and or any issue necessarily determined by the confirmation order.'" _Bullard v. Blue Hills Bank_, 135 S. Ct. 1686, at 1692 (quoting 8 _Collier on Bankruptcy_ ¶ 1327.02[1][c], at 1327–26; _United Student Aid Funds, Inc. v. Espinosa_, 559 U.S. 260, 275 (2010)).   The order confirming a plan precludes re-litigation of confirmation "**_objections_** _raised_ "**_or those that could have been raised before confirmation_**."   The application of **_res_**

000116

*judicata* produces finality for the parties and promotes judicial economy. Parties know that when final judgment is entered and all appeals are exhausted, the ***case is over*** and the decision will be binding on all issues determined in the lawsuit or proceeding. Id.

22. Once confirmation occurs, a party or their privities may not raise any issue that it could have raised before confirmation. *In re Barry*, 201 B.R. 820, 823 (C.D. Cal. 1996). PCF is in privity with J.P. Morgan Chase Bank N.A., and 11 U.S.C. § 1327, of the Bankruptcy Code bars these state court proceedings. See: *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 718 (Tex. 1991).

### III.  WILLFUL VIOLATION OF THE BANKRUPCTY AUTOMATIC STAY

23. The Debtor Thomas seeks that PCF Properties of Texas LLC., on behalf of Flagstone Lending Group, a Non-Existent Utah Corporation and J.P. Morgan Chase Bank N.A. ("PCF"), and Defendant J.P. Morgan Chase Bank N.A., ("CHASE")  be found in contempt and sanctioned for willfully violating the bankruptcy automatic stay under  **11 U.S.C. § 362(a)(3).**

24. Unlike section 362(a)(1), which prohibits acts "against the debtor," ***Section 362(a)(3)*** addresses acts "to exercise control over property of the estate," including causes of action. 11 U.S.C. § 362(a)(3); In re Nat'l Century Fin. Enter., Inc., 423 F.3d at 577-78 (citation omitted).

25. On April 15, 2021, Debtor Elizabeth Thomas, filed a "Suggestion of Bankruptcy" in the 80th District Court, Harris County Texas, and gave notice that cause of action, claims and/or issues  regarding whether CHASE has  or had a secured lien under a ***formerly*** recorded Deed of Trust securing a money purchase loan from Flagstone

000117

Lending Group; and whether Debtor Thomas was in default of this alleged mortgage debt has been already been litigated these exact same claims with J.P. Morgan Chase and they have been adjudicated into a final judgment in the New York Bankruptcy Court through the claim allowance process and under section 1328 of the Bankruptcy Code, at the conclusion of Debtor Thomas Chapter 13 plan, the debtor receives a discharge of all debts provided for in the plan as well as all ***claims*** that were disallowed under section 502 of the Bankruptcy Code.

26. Debtor Thomas gave notice to PCF and J.P. Morgan Chase that its ***claims*** were disallowed under section 502 of the Bankruptcy Code and all of CHASE the claims that were litigated or could have been litigated are now property of the ***bankruptcy estate*** pending a discharge order as such is subject to bankruptcy stay.

27. Second Circuit, has adopted the majority view, including the Fifth circuit concluding that the stay that terminates "with respect to the debtor" under section 362(c)(3)(A) applies only against the debtor and the debtor's property, while the stay against estate property remains in effect. *See* <u>In re Hale,</u> *535 B.R. 520 (Bankr. E.D.N.Y. 2015)*; *Weil,* 2013 WL 1798898 (adopting majority view that <u>section 362(c)(3)</u> only provides for a partial termination of the stay); *In re McFeeley,* <u>362 B.R. 121, 125</u> (Bankr.D.Vt.2007) (joining the majority of courts and holding that the stay that terminates under <u>section 362(c)(3)(A)</u> is the stay of actions against the debtor or property of the debtor but does not diminish the stay of actions against property of the estate); *In re Rice,* <u>392 B.R. 35, 38</u> (Bankr.W.D.N.Y.2006) ("Although <u>11 U.S.C. § 362(c)(3)(A)</u> has effected a termination of the automatic stay 'with respect to the debtor,' all other aspects of the automatic stay

000118

remain operative, including the stay of proceedings to obtain possession of estate property."). *But see, In re Wilson,* <u>2014 WL 183210</u> (Bankr .D. Conn. January 15, 2014)

28.    On April 15, 2021, the 80th District Court, Harris County Texas, placed said case at issue on ***bankruptcy stay*** hold.

29.    On May 7, 2021, Defendant PCF and J.P. Morgan Chase wrote a letter to Judge Jeralynn Manor of the 80th District Court arguing that there is presently ***no*** "bankruptcy stay in effect" that on May 5, 2019, the New York Bankruptcy court signed a order lifting the bankruptcy stay as to J.P. Morgan Chase a creditor interest in the property and sought to moved the state court to" ***lift the bankruptcy stay*.**"

30.    On May 10. 2021, James Allen, Robert L. Thomas and Allan Hay, responded that on June 19, 2020, the New York Bankruptcy court signed a order "***reclassifying***"    J.P. Morgan Chase interest from secured to "***unsecured***"..........as such CHASE does not hold a claim secured by the ... interest in real property, and the provisions of section 362(d)(4) are no longer applicable. Moreover PCF is not a credit in Thomas bankruptcy.

31.    Unable to file a Motion to Lift the Stay in the New York bankruptcy Court. On November 16, 2021, and PCF, and J.P. Morgan Chase filed joint Motion labeled as a " Joint Motion for Status Conference" in State Court that in substance is instead a "Motion to Lift the Bankruptcy Stay" and argued that there is no stay under § 362(c)(3)(A).

32.    On February 14, 2022, Debtor Thomas filed a cross response to Defendant PCF, and J.P. Morgan Chase "Joint Motion to Lift Bankruptcy Automatic Stay" and argued that§ 362(c)(3)(A) terminates the stay only with respect to the debtor; ***it does not*** terminate the stay with respect to the property of the bankruptcy estate. In re Paschal,

337 B.R. 274 (Bankr. E.D.N.C. 2006); In re Charles, 332 B.R. 538 (Bankr. S.D. Tex. 2005): In *re Williford*, 2013 WL 3772840 (Bankr. N.D. Tex. July 17, 2013).

33.    On February 14, 2022, *__state court__* held a hearing Defendants PCF, and J.P. Morgan Chase argued that they are requesting as alleged creditors or "Parties in Interest") for *__state court__* after "notice and a hearing," to lift the bankruptcy stay and *__state court__* may grant relief from the stay "for cause" "by terminating, annulling, modifying, or conditioning [the] stay[.]" 11 U.S.C. 362(d)(1).

34.    State court has set hearing by submission on the Defendants PCF and J.P. Morgan Chase "Motion to Lift Stay" for March 7, 2022, and requested the Parties to file further briefs supporting the terminating, annulling, modifying, or conditioning [the] stay[.]" 11 U.S.C. 362(d)(1).

35.    Debtor Thomas objects to the March 7, 2022, hearing in state court in light of the automatic stay's importance, "[o]nly a bankruptcy court may lift the stay" and "[c]onduct that bypasses the bankruptcy court and violates the automatic stay" is "impermissible." *In re Fugazy Exp., Inc.*, 982 F.2d 769, 776-77 (2d Cir. 1992).

36.    Defendants have willfully violated the bankruptcy stay after receiving notice that claims they seek to peruse belong to the Debtor's bankruptcy estate causing damages to the Debtor, sanctions should be granted for violation of Section 362(a)(3) addresses acts "to exercise control over property of the estate," including causes of action. 11 U.S.C. § 362(a)(3); *In re Nat'l Century Fin. Enter., Inc.,* 423 F.3d at 577-78 (citation omitted).

37.    **Damages**:  Debtor Thomas has suffered actual damages thru loss of wages, including emotional distress, costs and attorneys' fees.

000120

## IV. BANKRUPCTY STAY IS IN EFFECT

38. On February 14, 2022, Debtor Thomas, also gave notice to Defendants PCF and J.P. Morgan Chase, and the State Court that on January 13, 2022, Judge Sean H. Lane U.S.B.J., denied a Third Party Intervenor Alvin R. Mullen "Motion to Lift the Stay" in case entitled *Miramar Lake Homeowners Association Inc., et al., vs. Elizabeth Thomas et al*., pending in the 333rd Judicial District Court, Harris County, Texas under cause No. 2016-879421.

39. Third Party Intervenor Alvin R. Mullen II, along with Catrice Henry, Albert Perry III, and thousands if not millions of consumers threw out the 50 States of Union all have the same issue as Debtor Thomas i.e, enforcement by J.P. Morgan Chase of mortgage loans that were never funded. These claims are pending as third party petitions with the case entitled *Miramar Lake Homeowners Association Inc., et al., vs. Elizabeth Thomas et al*., under cause No. **2016-879421** in the 333rd Judicial District Court.

40. **For example**: Recorded on April 15, 2008, in the Harris County Real Property Records is a Deed of Trust for lender Dimension Texas Mortgage Co., securing a money purchase loan in the amount of $205,500.00 **to** Catrice Henry, and Albert Perry III, on April 10, 2008, to funded their purchase price for a lot of land with improvement in Miramar Lake.

41. Beginning in June of 2008, the Perry's began making monthly mortgage payments for lender Dimension Texas Mortgage Co., to servicer J.P. Morgan Chase.

42. Sometime in the year of 2012, Catrice Henry, and Albert Perry III, servicer J.P. Morgan Chase, offered to refinance lender Dimension Texas Mortgage Co., money

000121

purchase loan in the amount of $205,500.00, to lower interest rate.

43.    On June 19, 2012, J.P. Morgan Chase Bank N.A. f/k/a Chase Home Finance LLC., recorded a "Release of Lien" in Harris County Real Property Records, Texas under clerks file no. 20120270134, which recites that in "**_consideration of the payment in full, according to the face and terror thereof, of a certain promissory note in the original principle sum of $205,500.00 payable to Dimension Texas Mortgage Inc., this lien has been released_**."

44.    Years after the 2008 closing of Dimension Texas Mortgage Inc., money purchase loan and J.P. Morgan Chase refinance. Sometime around the year of 2016, Mr. Perry ran into a Mr. Jay Stoneburner the mortgage broker/owner of f/k/a Dimension Texas Mortgage Co., and thanked him for the money purchase loan in the amount of $205,500.00.

45.    Mr. Jay Stoneburner clarified in writing that his mortgage company Dimension Texas Mortgage Co., never advance any cash funds in the amount of $205,500.00, to fund the Perry's purchase price with any advance cash purchase money loan on on or before April 10, 2008, and has never received any cash from J.P. Morgan Chase, as repayment for any promissory note, When in fact none of these transactions ever transpired.

46.    Mr. Perry example is just one in a million and just as J.P. Morgan Chase manufactured fake refinance loan documents to refinance a purchase money loan for Dimension Texas Mortgage Co. that was **_NEVER_** funded and thereinafter recorded a fake release of lien under the false pretense that CHASE had paid Dimension Texas Mortgage Co.  Now J.P. Morgan Chase together with his cohort PCF., has manufactured a  fake

000122

March 3, 2020, foreclose sale of said property when in fact said property was already sold and removed from the auction list.

48. On March 3, 2020, the property at issue was sold at a foreclosure auction at 10:07 a.m., and the deed transferring title was recorded in the property records at 11:50 a.m. Anna Sewart was notified at 12:00 p.m., that the property at issue had already been sold and the deed as been recorded as such the property has been removed from the auction as it cannot be sold twice. Anna Sewart at 12:38 p.m., alleges to have sold the same said property that was already sold at 10:07 a.m and conveyed title to said property on March 13, 2020, when title was already conveyed on March 3, 2020.

49. J.P. Morgan Chase has fabricated this fake sale via PCF and at no time did CHASE withdraw its proof of claim in the bankruptcy court on or after March 3, 2020, on the grounds that the claim has been satisfied via foreclosure instead CHASE continue to litigate that the debtor Thomas plan does not provide for payment to CHASE.

## V.   **Removal under 28 U.S.C. §1452**

50. Debtor Elizabeth Thomas, has filed this notice of removal seeking enforcement of her confirmation order and the bankruptcy automatic stay, and that U.S. Bankruptcy Court for the Southern District of Texas transfer this case to the U.S. District Court for the Southern District of New York where her chapter 13 bankruptcy case is pending under cause No. **18-23676.**

51. On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. §1412, except as provided in Rule 7019(2).

000123

52. The 80th Judicial District Court, Harris County, Texas case may be removed to pursuant to 28 U.S.C. §9027(a)(2) and 28 U.S.C. § 1452, which provides in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. 28 U.S.C.A. § 1452(a).

53. Based on the language of § 1452, a party may remove any civil action over which a bankruptcy court has jurisdiction under 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 1334, this Court **has jurisdiction to transfer this case to** the U.S. District Court for the Southern District of New York where Debtor Thomas chapter 13 bankruptcy case is pending as that Court has original jurisdiction over all civil proceedings "arising under title, or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b); and

pursuant to 28 U.S.C. §9027(a)(2).

54. The Defendants have asserts a claim against the Debtor, and this claim necessarily implicates the bankruptcy claims allowance process and is therefore constitutionally as well as statutorily "core" within the Supreme Court's recent ruling in **Stern v. Marshall**, 131 S. Ct. 2594 (2011).

55. More importantly allowing the Defendants to relitigate the same claims alre ady adjudicate d outside of the bankruptcy court would interfere with the Debtor fresh start under the Bankruptcy Code.

000124

56. The Defendants have also filed their "Motion to Lift the Bankruptcy Automatic Stay" in the wrong court, only a bankruptcy court can lift the bankruptcy automatic stay for good cause.

57. The 80th Judicial District Court Harris County, Texas, case entitled *Robert L. Thomas, James Allen and Allan Haye vs. PCF Properties of Texas LLC., on behalf of Flagstone Lending Group a Non-Existent Utah Corporation and J.P. Morgan Chase Bank N.A. ("PCF") Elizabeth Thomas and J.P. Morgan Chase Bank N.A* under cause *No.* 2020-35780 . is directly related to Debtor's T h o m a s Bankruptcy Case within the meaning of 28 U.S.C. § 1334 because the claims for relief asserted by the J.P. Morgan Chase and PCF **are the same exact claims that have already litigated** against the debtor in the bankruptcy court and is not an action before the Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

## IV. MOTION TO TRANSFER VENUE TO NEW YORK

58. The Defendant Elizabeth Thomas, seeks a transfer of this case to U.S. Federal District Court for the Southern District of New York, where her Chapter 13 bankruptcy case is currently pending in the U.S. Bankruptcy Court for the Southern District of New York, White Plains Division under cause No. 18-23676.

59. . Upon removal, to U.S. Federal District Court for the Southern District of New York, White Plains Division, the proceeding will be a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B) and (o),as the Defendants seek to lift the bankruptcy stay.

60. . Transfer to U.S. Federal District Court for the Southern District of

000125

New York; is the proper court in which h as jurisdic tion over th is remove this

action

000126

pursuant to 28 U.S.C. § 1452 and FRBP 9027, and the bankruptcy court has nationwide jurisdiction over parties within the United States.

## V. ADOPTION AND RESERVATION OF DEFENSES

61.   Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Debtor's rights to maintain and/or assert any affirmative defenses in this matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person or subject matter; (2) arguments that venue is improper; (3) insufficiency of process; (4) failure to state a claim; (5) and any other pertinent defense available.

**WHEREFORE**, the Debtor Elizabeth Thomas hereby removes the case entitled *James Allen , Robert L. Thomas and Allan Haye vs. PCF Properties of Texas LLC., on behalf of Flagstone Lending Group a Non-Existent Utah Corporation and J.P. Morgan Chase Bank N.A. ("PCF") Elizabeth Thomas and J.P. Morgan Chase Bank N.A.,* from the 80th Judicial District Court, Harris County Texas Cause No. 2020-35780 to the **United States District Court for the Southern District of Texas; Houston Division** for transfer to the U.S. Bankruptcy Court for the Southern District of New York; White Plains Division pursuant to 28 U.S.C. § 1452 and FRBP.

Respectfully submitted,

_/s/Elizabeth Thomas_
Elizabeth Thomas Self Represented
712 H Street NE #1297
Washington D.C. 20002
elizthomas234@gmail.com

000127

### CERTIFICATE OF SERVICE

This is to certify that the foregoing filing of Notice of Removal was served on the parties below Via the United States Post Office mail on the 7th day of March 2022, postage prepaid thereon and email to:

Barry & Sewart PLLC
4151 Southwest Freeway, Suite 680
Houston Texas 77027
Tel. (713) 722-0281
Fax. (713) 722-9786
Email: evicitions@barryandsewart.com

***ATTORNEY'S FOR PCF PROPERTIES OF TEXAS LLC. ON BEHALF OF FLAGSTONE LENDING GROUP, NON-EXISTENT UATH CORPORATION AND SUCESSOR J.P.. MORGAN CHASE BANK N.A***

Quilling, Selander, Lownds,
Winslett & Moser P.C.
2001 Bryan Street, suite 1800
Dallas, Texas 75201
Tel. (214) 871-2100
Fax. (214) 871-2111
Email: llewis@qslwm.com
rhytken@qslwm.com

***ATTORNEY'S FOR J.P. MORGAN CHASE BANK N.A***

Colleen M.McClure
Attorney at Law
18482 Kuykendahl, Box 106
Spring, Texas 77379
Phone (281) 440-1625
Fax (281) 946-5627
Email: colleen.mcclure@att.net

***ATTORNEY'S FOR JAMES ALLEN, ROBERT L. THOMAS***

Unofficial Copy Office of Marilyn Burgess District Clerk

000128

Attorney Keith Nguyen
Keith R. Nguyen Attorney at Law
PO BOX 1787, Alief, TX 77411
Tel: (832) 869-3419
Fax: (281) 271-8077
Email: krnlawfirm@gmail.com

**ATTORNEY FOR ALLAN HAYE**

/s/Elizabeth Thomas

EXHIBIT J
3/9/2022 12:11 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62445292
By: MARCELLA WILES
Filed: 3/9/2022 12:11 PM

## Cause No. <u>2017-76078</u>

| | | |
|---|---|---|
| JAMES ALLEN ALVIN MULLEN et al | § | **IN THE** |
| *Third Party Plaintiffs* | § | |
| | § | |
| *vs.* | § | **333rd JUDICIAL DISTRICT COURT** |
| | § | |
| MTH LENDING GROUP LP , et al | § | **HARRIS COUNTY, TEXAS** |
| MICHAEL J. PIZZITOLA JR. et al | § | |
| *Third Party Defendant*s | § | |

### AMENDED NOTICE REMOVAL

**PLEASE TAKE NOTICE THAT**, that on March 9, 2022, ALVIN R. MULLEN, et al., filed a d Notice of Removal, pursuant to 28 U.S.C. § 1332 1441 and 1446, removing the case from the 333rd District Court Harris County to the **United States Federal District Court of the Southern District of Texas; Houston Division** into cause no. 22-742.

This court shall proceed no further in this action unless and until the case is remanded pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Removal is attached hereto as **Exhibit 1**.

Respectfully submitted,

**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**

By: _/s/ Colleen M. McClure_
**COLLEEN M. McCLURE**
Texas Bar No. 24012121
18482 Kuykendahl, Box 106
Spring, Texas 77379
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net

000130

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to counsel of record in accordance with the Texas Rules of Civil Procedure, this 9th day of March  2022.

MCKINNEY TAYLOR P.C.
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713)487-1487
Facsimile: (713) 487-1488
richard@mckinneytaylor.com
mckinney@mckinneytaylor.com
liverman@mckinneytaylor.com

**ATTORNEYS FOR PRIMARY RESIDENTIAL MORTGAGE, INC.**

PECKAR & ABRAMSON, P.C.
3050 Post Oak Boulevard, Suite 500
Houston, Texas 77056
Telephone: (713) 568-1500
Facsimile: (713) 568-1490
kaltsuler@pecklaw.com

*ATTORNEY FOR MERITAGE HOME OF TEXAS, LLC.,*

GERMER PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
rholidy@germer.com
*ATTORNEY FOR MTH LENDING GROUP L.P.*

JACKSON WALKER L.L.P.
2323 Ross Ave., Ste. 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 (facsimile)
jkoepke@jw.com
smcelhaney@jw.com

*ATTORNEYS FOR STEWART TITLE COMPANY AND MARY LESTER*

By:  */s/ Colleen M. McClure*

Unofficial Copy Office of Marilyn Burgess District Clerk

000132

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Colleen McClure
Bar No. 24012121
colleen.mcclure@att.net
Envelope ID: 62445292
Status as of 3/9/2022 12:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Colleen M Clear McClure | 24012121 | colleen.mcclure@att.net | 3/9/2022 12:11:58 PM | SENT |
| Kim Altsuler | | kaltsuler@pecklaw.com | 3/9/2022 12:11:58 PM | SENT |
| Andrew TMcKinney | | mckinney@mckinneytaylor.com | 3/9/2022 12:11:58 PM | SENT |
| Gwen Richard | | richard@mckinneytaylor.com | 3/9/2022 12:11:58 PM | SENT |
| Michelle Liverman | | Liverman@mckinneytaylor.com | 3/9/2022 12:11:58 PM | SENT |
| Sonja Roark | | mtefile@mckinneytaylor.com | 3/9/2022 12:11:58 PM | SENT |
| John AKoepke | | jkoepke@jw.com | 3/9/2022 12:11:58 PM | SENT |
| Scott McElhaney | | smcelhaney@jw.com | 3/9/2022 12:11:58 PM | SENT |
| Jennifer ABryant | | jbryant@jw.com | 3/9/2022 12:11:58 PM | SENT |
| CJ Rowland | | crowland@jw.com | 3/9/2022 12:11:58 PM | SENT |
| Roger G. Jain | 787759 | info@rogergjain.com | 3/9/2022 12:11:58 PM | SENT |
| Barry SRabon | | brabon@coatsrose.com | 3/9/2022 12:11:58 PM | SENT |
| Elizabeth Thomas | | Tethomas3@aol.com | 3/9/2022 12:11:58 PM | SENT |
| James Allen | | Jamesthegreat74@gmail.com | 3/9/2022 12:11:58 PM | SENT |
| Brook Lee | | lee9brook@yahoo.com | 3/9/2022 12:11:58 PM | SENT |
| Dale M. "Rett"Holidy | | holidyefile@germer.com | 3/9/2022 12:11:58 PM | SENT |
| Sidney Perkins | | sperkins@coatsrose.com | 3/9/2022 12:11:58 PM | SENT |
| Elizabeth Thomas | | Tethomas3@aol.com | 3/9/2022 12:11:58 PM | SENT |
| James M.Andersen | | jandersen.law@gmail.com | 3/9/2022 12:11:58 PM | SENT |
| Rebecca Brite | | Rebecca_Brite@justex.net | 3/9/2022 12:11:58 PM | SENT |
| Marilyn Burgess | | m.burgess@hcdistrictclerk.com | 3/9/2022 12:11:58 PM | SENT |

EXHIBIT-1

# UNITED STATES DISTRICTCOURT FOR
# THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Alvin R. Mullen II, et al<br>***Third Party Plaintiffs*** | 22 CIV-742<br>Formerly in the 333rd District Court<br>Harris County Texas, wrongfully listed as<br>Cause No. **2017-76078**; instead of No. **2016-879421** |
| Vs. | |
| MTH Lending Group L.P., et al<br>Michael J. Pizzitola Jr., et al<br>***Third Party Defendant*s** | This case is related to In re Elizabeth Thomas<br>in the U.S. Bankruptcy Court for the Southern<br>of New York: White Plains Division Chapter 13<br>Case No. 18-23676. |

## NOTICE OF REMOVAL

Alvin R. Mullen hereby files this **"Notice of Removal"** to remove the above-entitled action to the U.S. District Court for the Southern District of Texas Houston Division for transfer of venue to U.S. District Court for the Southern District of New York; White Plains Division as follows:

## I.  BACKGROUND FACTS

### A. FEDERAL COURT REMAND ORDER:

1.      On **March 18, 2018**, Elizabeth Thomas removed the parent case *Perez Maria Dejesus et al, vs. Miramar Lake Homeowners Association* under cause No. 2016-879421 (collectively *Miramar Lake Homeowners Association vs. Elizabeth Thomas cause No.* 2017-04089), from the 333rd Judicial District Court, Harris County, Texas to the U.S. District Court Southern District of Texas; Houston Division into **Case No. 18-0851**.

2.      At time the case entitled *James Allen, et al vs. MTH Lending Group L.P.*, cause No. 2017-76078, was docketed in the 234th District Court Harris County, Texas, and Primary Residential Mortgage, Inc., Meritage Homes Corporation, Meritage Homes of Texas, LLC, MTH Lending Group L.P., Stewart Title Company, and Mary Lester's (the "Defendants") fought through multiple filings in the 234th District Court because Ms. Thomas removed the case to federal court

000134

while their "Motion to Consolidate" _James Allen, et al vs. MTH Lending Group L.P._, cause No.2017-76078, with the case entitled _Perez Maria Dejesus et al, vs. Miramar Lake Homeowners Association_ under cause No. 2016-879421 (collectively _Miramar Lake Homeowners Association vs. Elizabeth Thomas cause No._ 2017-04089), was pending in the 333rd Judicial District Court was pending.

     3.  The Defendants filed a "Motion to Consolidate" arguing that the case was in the wrong court 234th District Court, because the Plaintiffs had previously filed the same said claims in the 333rd District Court and non-suited them arguing under Texas Local Rule 3.2.2 _Prior filings_. This rule clearly states that any matter filed after a non-suit, dismissal for want of prosecution, or other disposition of a previous filing involving substantially-related parties and claims shall be assigned by the Administrative Judge of the Civil Trial Division to the court where the prior matter was pending.

     4.  The Defendants demanded that the 234th District Court Judge, and/or Administrative Judge and Clerks of Court consolidated said case with _Perez Maria Dejesus et al, vs. Miramar Lake Homeowners Association_ under cause No. 2016-879421 (collectively _Miramar Lake Homeowners Association vs. Elizabeth Thomas cause No._ 2017-04089), which was pending in the 333rd Judicial District Court, Harris County Texas, under cause No. 2016-87941 (the "HOA").

     5.  As a direct result, the 234th District Court Judge refused to hear any counsel's motions, claims for temporary relief, or set hearing citing that the case was in the wrong court and was to be transferred and/or consolidated to the _Perez Maria Dejesus et al, vs. Miramar Lake Homeowners Association_ case pending in the 333rd Judicial District Court, Harris County Texas, with cause No. 2016-87941.

6.    On April 16, 2018, Ms. Thomas filed a "Motion for Leave to file Supplemental Counterclaims and/or Third-Party Complaint" before the Honorable Judge David Hittner, on the grounds that since March 18, 2018, removal of the case entitled *Perez Maria Dejesus et al, vs. Miramar Lake Homeowners Association* under cause No. 2016-879421, from the 333rd District Court case to Federal Court, as Counsel has been unable to obtain any relief in the 234[th]District Court. Counsel demonstrated she **_cannot_** file motions, set hearings, file emergency restraining orders, or seek protection orders before the court. Instead, Counsel has had to file whole new lawsuits on the same issues that are pending and just sitting in the 234th District Court. Counsel has had to re-file several other lawsuits pleading the same claims in the 234th District Court in order to obtain restraining orders.

7.    The Motion sought leave to file the claims pending in 234th District Court in the case entitled *James Allen et al., vs. MTH Lending Group L.P.*, under cause No. 2017-76078, as a supplemental counterclaim and/or third-party claims as a means to add additional parties in Federal Court case as it appears from the record that the Plaintiffs had no other remedy at law or equal  access to the courts to pursue said claims.

8.    On May 9, 2018, the Honorable Judge David Hittner, granted motion to add the claims and additional parties before the 234th Judicial District Court, under cause No. 2017-76078, as additional third-party claims and/or as a supplement Counter/Claims in Federal court.

9.    On June 5, 2018, Ms. Thomas filed a "Notice of Removal" removing the case entitled *James Allen, et al vs. MTH Lending Group L.P.*, under cause No. 2017- <u>76078;</u> from the 127th District Court, Harris County, Texas **_to_** U.S. District Courts for the Southern

000136

District of Texas; Houston Division *__into__* Case No. **18-0851; with** Miramar Lake and the 127th District Court thereinafter docked this case as **final** and **disposed of**.

10. On June 6, 2018, Thomas filed a "Notice of Removal" removing the case entitled *Elizabeth Thomas et al, vs. Michael J. Pizzitola Jr., et al.*, under caused No. __2017-82388;__ from the 127th District Court, Harris County, Texas *__to__* U.S. District Courts for the Southern District of Texas; Houston Division *__into__* Case No. **18-0851; with** Miramar Lake case**;** and the 127th District Court Clerk, docked this case as **final** and **disposed of**.

11. On June 21, 2018, Ms. Thomas filed Amended both "Notices of Removals" to cure any defects of said notice of removals within 30 days. A removal petition may be amended freely within the thirty-day period set forth in 1446(b).'

12. On June 25, 2018, the Honorable Judge David Hittner, U.S.D.J., granted the *Miramar Lake Homeowners Association Inc*., vs. *Elizabeth Thomas (collectively* **Maria Dejesus Perez et al., vs.** Miramar Lake Homeowners Association Inc.,) under __2016-87942__ "Motion to Remand" and all of the state court cases entitled *James Allen et al., vs. MTH Lending Group L.P., et al*., __2017-76078__ and *Elizabeth Thomas et al, vs. Michael J. Pizzitola Jr., et al*., __2017-82388__ (Consolidated via Third Party Compliant) (the "851 Cases") to the 333rd District Court, Harris County, Texas.

13. Honorable Judge David Hittner, U.S.D.J., consolidated all of the state court case into one docket number **18-0851** and thereinafter remanded the 851 one cases to the 333rd

---

1. *Alford v. Chevron U.S.A. Inc*., No. 13-5457, 2014 WL 37600, at *6 (E.D. La. Jan. 6, 2014) (internal quotation marks omitted); accord Wilson v. Int'l Bus. Machs. Corp., No. 3:11-cv-944-G, 2011 WL 4572019, at *2 (N.D. Tex. Oct. 3, 2011).

000137

District Court, Harris County, Texas, into cause No. **2016-87942 as single case.**

## II. <u>STATE COURT JUDGE ISSUES ITS OWN REMAND ORDER</u>

14. Pursuant to 28 U.S.C. § 1446(d), a state court itself is not involved in the removal process upon the filing a notice of removal state court is ***<u>divested of jurisdiction</u>*** and clearly ***<u>prohibits</u>*** state courts from taking any action on the removed case. See, e.g., <u>Murray v. Ford Motor Co.</u>, 770 F.2d 461, 463 (5th Cir. 1985); the express language of 28 U.S.C. § 1446(d) directs the state court to "proceed no further unless and **until the case is remanded**."

**c. The 127th State Court "Takes Action" and Issues its own "Remand Orders" Remanding the Cases "<u>Removed to Federal Court</u>" back to <u>State Court.</u>**

15. On June 11, 2018, Stewart Title Company, filed "Objection to Notice of Removal to Federal Court" which is (a "Motion to Remand"), into the 127th District Court in the removed "***<u>closed</u>***" and "***<u>disposed</u>***" case entitled <u>James Allen, et al vs. MTH Lending Group L.P.</u>, under cause No.<u>2017-76078;</u> arguing that the notice of removal was procedurally defective pursuant to Section 1447(c) Stewart sought state court to remand the case, back from federal court to the 127th District Court.

16. On June 11, 2018, the Meritage Parties filed "Objection to Notice of Removal to Federal Court" which is again a "Motion to Remand", in 127th District Court in the removed "***<u>closed</u>***" and "***<u>disposed</u>***" case entitled *Elizabeth Thomas et al, vs. Michael J. Pizzitola Jr., et al.*, under caused No. <u>2017-82388</u>, arguing that the notice of removal is procedurally defective pursuant to Section 1447(c) and sought the <u>*state court*</u> to remand the case back from federal court to the 127th District Court.

17. On June 18, 2018, the 127th District Court held "Status Conference" hearing in the

000138

closed and disposed cases entitled *Elizabeth Thomas et al, vs. Michael J. Pizzitola Jr., et al.,* under caused No. 2017-82388, and *James Allen, et al vs. MTH Lending Group L.P.,* under cause No. 2017-76078 with only the opposing counsel in attendance. The Court thereinafter granted both "Remand Motions" by signing their orders purporting to remand both cases from ***federal district court*** back to the 127th District Court.

18.      This 127th district state court remand order is a legal impossibility. Orders granting remand motions back to state court are "dispositive" and can ***only*** be granted by a Federal Court. See *Vogul v. U.S. Office Prods. Co.,* 258 F.3d 509, 515 (6th Cir. 2001) (holding that remand orders are "dispositive" and can only be entered by a federal Court because "a remand motion has the same functional effect as dispositive motions enumerated in § 636(b)(1)(A)"); *In re U.S. Healthcare,* 159 F.3d 142, 146 (3rd Cir. 1998) (holding that a remand order is dispositive because it "***banishes the entire case from the federal court***").

19.      Moreover  28 U.S.C. §  1446(d), ***mandates*** once a case is removed from the state court, ***only***  a  federal court can restore jurisdiction to the state court by issuing a remand order and having the district of clerk  mail said certified copy of order to state court clerk. See 28 U.S.C. § 1447(c) (2012) ("A ***certified copy*** of the order of remand shall be mailed by the clerk to the clerk of the State court ***the State court may thereupon proceed with such case***.").

20.      There does ***not exist*** a ***certified copy*** of the order of remand from federal court filed by the clerk of State court in the 127th State court remanding cases entitled *James Allen el, al. vs. MTH Lending Group L.P.,* et al., under cause No. 2017-76078, and *Elizabeth Thomas et al, vs. Michael J. Pizzitola Jr., et al.,* under caused No. 2017-82388; back to the 127th

000139

District Court these cases have been closed since **June of 2018**.

21.    In an attempt to cure the 127th District Court lack of jurisdiction on November 29, 2018, Stewart Title Company, filed a "Reconsideration Remand Motion" before the Honorable Judge David Hittner U.S.D.J., Southern District Texas and move the court for an order remanding the case entitled *James Allen el, al. vs. MTH Lending Group L.P.*, et al., under cause No. 2017-76078 to the 127th Judicial District Court of Harris County, Texas.

22.    On November 30, 2018, the Meritage Parties filed a "Reconsideration Remand Motion" before the Honorable Judge David Hittner U.S.D.J., Southern District Texas and move the court for an order remanding the case entitled *Elizabeth Thomas et al, vs. Michael J. Pizzitola Jr., et al.*, under caused No. 2017-82388, to the 127th Judicial District Court of Harris County, Texas.

23.   On January 31, 2019, the Honorable Judge David Hittner U.S.D.J., ***denied*** both Stewart Title Company and the Meritage Parties "Motions to Remand" in  cause numbers 2017-76078  and 2017-82388 to the 127th District Court as **MOOT**. Judge Hittner noted in the order that the ***entire case*** (the "851 Cases") were already and previously remanded to the 333rd Judicial District Court and *no claims or portions of the case were severed*.

24.   Ms. Thomas filed a "Notice of Removal" in the 333rd District Court on January 24, 2019, removing the entire case to the bankruptcy court in **New York**.

25.   The 127th District Court continues court proceedings in both of said cases based on its own June 18, 2018, remand order.

### III.    ACTIONS OF COUNTY DISTRICT  ADMINSTRATIVE CLERKS

26.    On July 10, 2020, Alvin R. Mullen, Catrice Henry, and Albert Perry *pro, se* in

Unofficial Copy Office of Marilyn Burgess District Clerk

*error* filed a Notice of Removal in the **127**[th] **District Court**, Harris County, Texas, and **333**[rd] **Judicial District Court**, Harris County, Texas, and removed the case consolidated case *Miramar Lake Homeowners Association Inc., vs. Alvin R. Mullen II* *cause No*. **2016-879421** to the United State District Court for the Southern District of Texas, Houston Division into case No. **19-cv-02486**.

     27.    On November 3, 2020, Judge Charles Eskridge U.S.D.J. of the Southern District of Texas, remanded *Miramar Lake Homeowners Association Inc., vs. Alvin R. Mullen II* to the 127th Judicial District Court, Harris County, Texas.

     28.    At issue is the fact that the case entitled *Miramar Lake Homeowners Association Inc., vs. Alvin R. Mullen II* is a consolidated case with the parent case entitled *Maria Dejesus et al, vs. Miramar Homeowners Association et. al,* under cause No**. 2016-879421;** and this **case** is not pending in the 127th District Court for the Court to reinstate. ***So instead***, on November 13, 2020, the 127th District Clerk Carol Williams used Judge Charles Eskridge U.S.D.J., November 3, 2020, remand order issued for the case entitled *Miramar Lake Homeowners Association Inc., vs. Alvin R. Mullen II* to instead reinstate the case *James Allen vs. MTH Lending Group L.P.,* cause No. **2017-76078**, and case *Elizabeth Thomas et al, vs. Michael J. Pizzitola Jr.,* et al cause No. **2017- 82388** in the 127th District Court the caption of the remand order is reproduced below:

000141

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MIRAMAR LAKE HOMEOWNERS | | |
| ASSOCIATION INC *et al*, | § | |
| Plaintiffs, | § | CIVIL ACTION |
| vs. | § | NO. |
| ALVIN R. MULLEN II *et al*, | § | 4:19-cv-02486 |
| Defendants. | § | JUDGE CHARLES |
| | § | ESKRIDGE |

30.    Again on June 25, 2018, Honorable Judge David Hittner, U.S.D.J., consolidated the  case entitled  ***James Allen vs. MTH Lending Group L.P.***, and case ***Elizabeth Thomas et al, vs. Michael J. Pizzitola Jr., et al***., was consolidated with case entitled ***Perez Maria Dejesus et al, vs. Miramar Lake Homeowners Association et. al.,***  into the single cause No**. 2016-879421.**   When actions are consolidated they become merged and are thereafter treated as one suit . "  *Perry v. Del Rio*, 53 S.W.3d 818, 825 n.6 (Tex.App.—Austin), pet. dism'd, 66 S.W.3d 239 (Tex.2001);  see also *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 432 (Tex.App.—Houston [1st Dist.] 2007, no pet.) (when a court consolidates two or more cases, the actions are merged and thereafter proceed as a single action); *Rust v. Tex. & Pac. Ry. Co*., 180 S.W. 95, 95 (1915).

31.    On November 13, 2020, Marilyn Burgess the Harris District Clerk Supervisor of District Clerks Jessica Moir,  removed Judge Eskridge U.S.D.J.,  November 3, 2020, remand order from the 127th District Court in the case  James Allen vs. MTH Lending Group L.P., and ***closed*** and **disposed** of the case as final. Thereinafter Ms. Moir re-filed the same said remand order in the case entitled ***Miramar Lake Homeowners Association Inc., et, al., vs Elizabeth Thomas et al.,*** *cause No. 2016-8794 in the* 333rd District Court  *and* reinstated

000142

**this case instead**.

32.     In defiance and total disregard of the federal court order,  on March 30, 2021, the Law firm of McKinney Taylor PC., whom represents Primary Residential Mortgage Inc., (the "**Defendant**") filed a "Notice of Filing" pursuant to **Tex. R. Civ. P. 237a** to 127th District Clerk Carol Williams, instructed her to re-file the November 3, 2020, remand order and reinstate the case *James Allen vs. MTH Lending Group L.P.*, in the 127th District Court.

33.     Tex. R. Civ. P. 237a *does not* provide a procedure for reinstating a case removed to federal court back to state court.  *Instead* Tex. R. Civ. P. 237a provides a procedure to give notice to all parties  "*after remand*" that case has been remanded.[1]

34.     On September 10, 2021, Marilyn Burgess the Harris County District Clerk Assistant Supervisor  Jonathan Patton, again removed Judge Eskridge U.S.D.J., November 3, 2020, remand order from the 127th District Court in the cases in  *James Allen vs. MTH Lending Group L.P.*, case   and *closed disposed of the case as final*. Thereinafter Mr. Patton re-filed the same said remand order back into the case entitled *Miramar Lake Homeowners Association Inc., vs. Alvin R. Mullen et al* cause No. 2016-8794  in the 333rd Judicial District Court *and* reinstated this case again  instead.

35.     The case entitled *James Allen vs. MTH Lending Group L.P.*, and *Elizabeth Thomas et al, vs. Michael J. Pizzitola Jr., et al*., cause no. is *No. 2016-8794*  as these

---

[1]  Tex. R. Civ. P. 237a When any cause is removed to the Federal Court and is afterwards remanded to the state court, the "*plaintiff*" shall file a certified copy of the order of remand with the clerk of the state court and shall forthwith give written notice of such filing to the attorneys of record for all adverse parties. All such adverse parties shall have fifteen days from the receipt of such notice within which to file an answer. No default judgment shall be rendered against a party in a removed action remanded from federal court if that party filed an answer in federal court during removal.

000143

actions were consolidated they become merged and are thereafter treated as one suit on June 25, 2018, into he case entitled *Perez Maria Dejesus et al, vs. Miramar Lake Homeowners Association et. al,* under single cause No. 2016-879421, and have no separate existence in and of itself. The record shows that the 127th Court improperly reinstated these cases themselves.

**IV. <u>BANKRUPCTY COURT REMAND ORDER</u>**

36.   On June 25, 2018, when the Honorable Judge Hittner U.S.D.J., remanded the case *Miramar Lake Homeowners Association Inc., et, al., vs. Elizabeth Thomas et al.,* and the (Parent HOA Case  *Perez Maria Dejesus et al, vs. Miramar Lake Homeowners Association et. al,* under cause No. 2016-879421 (the Parent Case);  *James Allen et al,  vs. MTH Lending Group L.P., et al* and *Elizabeth Thomas et al, vs. Michael J. Pizzitola Jr., et al* (the "**851 Cases**") to the 333rd District Court, Harris County, Texas.

37.    On January 24, 2019, Debtor Elizabeth Thomas filed a "Notice of Removal" pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027(c)[2] in the 333rd District Court, and removed the cases  *Miramar Lake Homeowners Association Inc., vs. Elizabeth Thomas et al., (collectively Perez Maria Dejesus et al, vs. Miramar Lake Homeowners Association et. al,* under cause No. 2016-879421 (the "**851 Cases**") from the 333rd District Court, Harris County, Texas, to the United States Bankruptcy Court for the Southern District of New York; White Plains Division **<u>into case No. 18-23676</u>**.

38.   On October 27, 2021, Co-Debtor Alvin M. Mullen III, filed a "Motion to Remand" the *Miramar Lake Homeowners Association Inc., et, al., vs. Alvin R. Mullen II., et al. collectively Perez Maria Dejesus et al, vs. Miramar Lake Homeowners Association et.*

Unofficial Copy Office of Marilyn Burgess District Clerk

*al,* under cause No. 2016-879421 (the "851 Cases") back to the 333rd Judicial District Court, Harris County, Texas, the United States Bankruptcy Court for the Southern District of New York; White Plains Division into cause **No. 18-23676**.

39. On January 13, 2022, the Honorable Judge Lane, U.S.B.J., signed a remand order remanding the ***Miramar Lake Homeowners Association Inc., et, al., vs. Alvin R. Mullen II., et al.*** (*collectively **Perez Maria Dejesus et al, vs. Miramar Lake Homeowners Association et. al,** under cause No. 2016-879421 and (the "851 Cases"), to the 333rd Judicial District Court, Harris County, Texas and *whatsoever these claims are pending as the bankruptcy court has nationwide jurisdiction.* Including any claims or causes of action of the bankruptcy estate if any pending in the 127th District Court.

40. Mr. Mullen sought to serve the 127th Court with a copy of January 13, 2022, remand order signed the Honorable Judge Lane, U.S.B.J., remanding the ***Miramar Lake Homeowners Association Inc., et, al., vs. Alvin R. Mullen II., et al.*** (*collectively **Perez Maria Dejesus et al, vs. Miramar Lake Homeowners Association et. al,** (the "851 Cases"), cause No. 2016-879421 to the 333rd Judicial District Court, Harris County, Texas.

41. When Mr. Mullen attempted to file into the 127th District Court in the case entitled ***Miramar Lake Homeowners Association Inc., et, al., vs. Alvin R. Mullen II., et al.*** the 127th District Clerk rejected the filing as said case is not pending in the 127th Court.

42. Mr. Mullen asked if the case entitled ***Miramar Lake Homeowners Association Inc., et, al., vs. Alvin R. Mullen II., et al.*** is not pending in the 127th District Court how was the Court able reinstate using said case remand order?

## IV.    ADMINSTRATIVE JUDGE OF CIVIL TRIAL DIVISION

43.   On February 14, 2022, Alvin R. Mullen II., filed a request for a "Attraction" to the

**Administrative Judge of the Civil Trial Division** seeking what other courts besides the

333rd District Court is the case entitled ***Miramar Lake Homeowners Association Inc., et,***

***al., vs. Alvin R. Mullen II., et al*** docketed in and more specifically Mullen inquired:

(i)       is the case entitled ***Miramar Lake Homeowners Association Inc., et, al., vs.***
***Alvin R. Mullen II., et al., pending or*** docketed in the 127th District Court:

(ii)     how was the cases entitled in   ***James Allen vs. MTH Lending Group L.P.,***
allegedly  reinstated on **March 30, 2021**  in the 127th District Court via remand
order signed for the case entitled ***Miramar Lake Homeowners Association***
***Inc., et, al., vs. Alvin R. Mullen II., et al;***

(iii)    The Honorable Judge Lane, U.S.B.J., signed a remand order remanding the
***Miramar Lake Homeowners Association Inc., et, al., vs. Alvin R. Mullen II.,***
***et al.***  back to the 333rd District Court.

44.    On February 16, 2022, the **Administrative Judge of the Civil Trial Division**

signed  a **"Transfer Order" transferring the**  "***closed***" and "***disposed***" case entitled ***James***

***Allen vs. MTH Lending Group L.P. and Elizabeth Thomas et al, vs. Michael J. Pizzitola***

***Jr., et al,*** from  the 127th District Court to the 333rd District Court, as separate case and the

case  wrongfully  appears  as  reinstated.    On February 21, 2022, the Administrative Judge

"Amended" its order "Attraction Order."   Both orders avers to the case entitled ***Perez Maria***

***Dejesus et al, vs. Miramar Lake Homeowners Association et. al,*** under cause No. 2016-

879421.

45.    This transfer did not address the issues Mr.  Mullen had regarding whether

the case entitled *Miramar Lake Homeowners Association Inc., et, al., vs. Alvin R. Mullen II., et*

*al.* is pending in the 127th District Court and if so Judge Lane has issued a remand order on

000146

January 13, 2022, remanding this case to the 333rd District Court

46. At issue is the fact that both of these cases entitled *James Allen vs. MTH Lending Group L.P.,* and *Elizabeth Thomas et al, vs. Michael J. Pizzitola Jr., et al.,* were merged and consolidated on, into the case entitled *Miramar Lake Homeowners Association Inc*., vs. *Elizabeth Thomas (collectively Maria Dejesus Perez et al., vs. Miramar Lake Homeowners Association Inc*.,) and into case no. **2016-87942** *in the* 333rd District Court on June 25, 2018, and is no longer pending in the 127th District Court. This is why Marilyn Burgess the Harris County District Clerk s administratively closed the 127th District Court as final and disposed and the 127th reinstated these cases themselves.

## V.    CAUSES OF ACTION

### A. Grounds for Removal

47. Since filing of the case Primary Residential Mortgage, Inc., Meritage Homes Corporation, Meritage Homes of Texas, LLC, MTH Lending Group L.P., Stewart Title Company, and Mary Lester's (the "Defendants"), have been shopping for Court where they exclusively want the pleadings to be heard. As this case is one of the largest mortgage/land fraud ponzi schemes since 2008 when we experience one of the worst financial disaster.

48. As detailed above the defendants have taken improper actions by going to Marilyn Burgess the Harris County District Clerk, by attempting to use a remand order issued for a different case to reinstate *another* case that is no longer pending in the 127th District Court to wit:

> The Defendants argue that on June 18, 2018, the 127th District Court granted their remand motions and remanded these cases *James Allen vs. MTH Lending Group L.P and Elizabeth Thomas et al, vs. Michael J. Pizzitola Jr., et al,* back from federal court to the 127th District Court.

000147

50.     The Plaintiffs argue that on June 25, 2018, the Honorable Judge Hittner U.S.D.J., merged and consolidated the cases *James Allen vs. MTH Lending Group L.P and Elizabeth Thomas et al, vs. Michael J. Pizzitola Jr., et al*, with the cases entitled *Miramar Lake Homeowners Association Inc., et, al., vs. Elizabeth Thomas et al.,* and the (Consolidated *Perez Maria Dejesus et al, vs. Miramar Lake Homeowners **Association et. al,*** under cause No. 2016-879421) (the "851 Cases "and remanded all of them to the 333rd District Court as a single case; and only a federal court can issue a remand order.

51.     On January 24, 2019, Debtor Elizabeth Thomas filed a "Notice of Removal" pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027(c) in the 333rd District Court, and removed the 851 cases from the 333rd District Court to Bankruptcy Court for the Southern District of New York; White Plains Division **into case No. 18-23676;** and on **September  16, 2021,** Alvin M. Mullen III, also filed a notice of removal in both the 333rd District Court and the 127th District Court.

52.     On January 13, 2022, the Honorable Judge Lane, U.S.B.J., granted Mr. Mullen and remanded the 851 cases back to the 333rd District Court. However, denied Mr. Mullen motion to lift the bankruptcy stay.

53.     On February 18, 2022, the Defendants have filed pleadings in state court before the Administrate Judge Beau Miller and in the 127th District Court "Objecting to the Honorable Judge Lane remand Order" just as with the Honorable Judge Hittner U.S.D.J.

54.     Defendants have filed pleadings with Administrate Judge Beau Miller in state court, seeking an order that alters, modify or completely ignores the Honorable Judge Lane, U.S.B.J., January 13, 2022 remand order to the 333rd District Court and the bankruptcy stay.

000148

55.     Defendants have unbelievably set a hearing on their pleadings "Objection to Remand Order" for March 10, 2022, by filing in the cases entitled *James Allen vs. MTH Lending Group L.P and Elizabeth Thomas et al, vs. Michael J. Pizzitola Jr., et al*, that on September 10, 2021, closed and disposed of by Marilyn Burgess the Harris County District Clerk as these cases are no longer pending in the 127th District Court since June 25, 2018.

56.     Alvin R. Mullen II, seeks enforcement of the bankruptcy Court January 13, 2022 remand order and that Primary Residential Mortgage, Inc., Meritage Homes Corporation, Meritage Homes of Texas, LLC, MTH Lending Group L.P., Stewart Title Company, and Mary Lester's (the "Defendants"), be found in contempt of court and sanctioned under section 105(a), for attempting to collaterally attack a bankruptcy court order in state court.

57.     Alvin R. Mullen II, seeks enforcement of the bankruptcy Court January 13, 2022, bankruptcy court bankruptcy stay and that the Defendants be sanction for violation of **_Section 362(a)(3)_** addresses acts "to exercise control over property of the estate," including causes of action. 11 U.S.C. § 362(a)(3); *In re Nat'l Century Fin. Enter., Inc*., 423 F.3d at 577-78 (citation omitted).

57.     **Damages**: Alvin R. Mullen has suffered actual damages, including, costs and attorneys' fees.

## IV.     Removal under 28 U.S.C. §1452

58.     Alvin R. Mullen ,   has   filed   this   notice  of removal seeking enforcement of   the bankruptcy Court January 13, 2022, remand order and enforcement   of   the bankruptcy automatic stay, and that U.S. Bankruptcy Court for the Southern District of Texas transfer this case to the U.S. District Court for the Southern District of New

000149

York where her chapter 13 bankruptcy case is pending under cause No. **18-23676.**

59.    On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. §1412, except as provided in Rule 7019(2).

60.    The 333rd Judicial District Court, Harris County, Texas case may be removed to pursuant to 28 U.S.C. §9027(a)(2) and 28 U.S.C. §1452, which provides in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. 28 U.S.C.A. § 1452(a).

61.    Based on the language of § 1452, a party may remove any civil action over which a bankruptcy court has jurisdiction under 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 1334, this Court **has jurisdiction to transfer this case to** the U.S. District Court for the Southern District of New York where the bankruptcy case is pending as that Court has original jurisdiction over all civil proceedings "arising under title, or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b); and pursuant to 28 U.S.C. §9027(a)(2).

62.    The Defendants have filed their "Motions for Reconsideration of Remand Order" in the wrong court, namely a state court that completely lacks jurisdiction to hear remand order or consider remand order.

63.    The Defendants have taken these action seeking a state court judge to ignore,

000150

disregard, and alter or modify the January 13, 2022 remand order and an order denying lifting the bankruptcy automatic stay; therefore, the bankruptcy proceeding is constitutionally as well as statutorily "core" within the Supreme Court's recent ruling in **Stern v. Marshall**, 131 S. Ct. 2594 (2011).

64.    The 333rd   Judicial District Court Harris County, Texas, closed and disposed of case a (shell case) for which the defendants seeks to proceed in entitled *James Allen vs. MTH Lending Group L.P and Elizabeth Thomas et al, vs. Michael J. Pizzitola Jr., et al*,  is directly related to a Bankruptcy Case within the meaning of 28 U.S.C. § 1334 and is not an action before the Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

### IV. MOTION TO TRANSFER VENUE TO NEW YORK

65.    The Defendant Alvin R. Mullen II, seeks a transfer of this case to U.S. Federal District Court for the Southern District of New York, where bankruptcy case is currently pending in the U.S. Bankruptcy Court for the Southern District of New York: White Plains Division under cause No. 18-23676.

66.    Upon removal, to U.S. Federal District Court for the Southern District of New York; White Plains Division, the proceeding will be a "core" proceeding pursuant to 28U.S.C. § 157(b)(2)(A), (B) and (o).  Transfer to U.S. Federal District Court for the Southern District of New York; is the proper court in which has jurisdiction over this remove this action to enforce its orders.

### V.  ADOPTION AND RESERVATION OF DEFENSES

67. Nothing in this Notice of Removal shall be interpreted as a waiver or

000151

relinquishment of the Mr. Mullen rights to maintain and/or assert any affirmative defenses in this matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person or subject matter; (2) arguments that venue is improper; (3) insufficiency of process; (4) failure to state a claim; (5) and any other pertinent defense available.

**WHEREFORE**, the Co-Debtor Alvin R. Mullen hereby removes the cases *James Allen vs. MTH Lending Group L.P and Elizabeth Thomas et al, vs. Michael J. Pizzitola Jr., et al*, from the 333rd Judicial District Court, Harris County Texas to the United States District Court for the Southern District of Texas; Houston Division for transfer to the U.S. Bankruptcy Court for the Southern District of New York; White Plains Division pursuant to 28 U.S.C. § 1452 and FRBP.

Respectfully submitted,

**COLLEEN M. McCLURE
ATTORNEY AT LAW**

By: _/s/ Colleen M. McClure_
**COLLEEN M. McCLURE**
Texas Bar No. 24012121
18482 Kuykendahl, Box 106
Spring, Texas 77379
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net

Unofficial Copy Office of Marilyn Burgess District Clerk

000152

## CERTIFICATE OF SERVICE

This is to certify that the foregoing filing of Notice of Removal was served on the parties below Via the United States Post Office mail on the 9th day of March 2022, postage prepaid thereon and email to:


MCKINNEY TAYLOR P.C.
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713)487-1487
Facsimile: (713) 487-1488
richard@mckinneytaylor.com
mckinney@mckinneytaylor.com
liverman@mckinneytaylor.com

**ATTORNEYS FOR PRIMARY RESIDENTIAL MORTGAGE, INC.**

PECKAR & ABRAMSON, P.C.
3050 Post Oak Boulevard, Suite 500
Houston, Texas 77056
Telephone: (713) 568-1500
Facsimile: (713) 568-1490
kaltsuler@pecklaw.com

***ATTORNEY FOR MERITAGE HOME OF TEXAS, LLC.,***

GERMER PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
rholidy@germer.com

***ATTORNEY FOR MTH LENDING GROUP L.P.***

JACKSON WALKER L.L.P.
2323 Ross Ave., Ste. 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 (facsimile)
jkoepke@jw.com
smcelhaney@jw.com

*ATTORNEYS FOR STEWART TITLE COMPANY AND MARY LESTER*

By: _/s/ Colleen M. McClure_

000154

EXHIBIT K
Marilyn Burgess - District Clerk Harris County
Envelope No. 86539596
By: Alan Robledo
Filed: 4/11/2024 10:00 AM

# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

## Cause No. 2016-87941

ELIZABETH THOMAS

*PLAINTIFFS*

VS.

MERITAGE HOMES OF TEXAS LLC, F/K/A
MERITAGE HOMES OF TEXAS LP. F/K/A
LEGACY MONTEREY HOMES LP. MTH
LENDING GROUP; PRIMARY RESIDENTIAL
MORTGAGE INC; STEWART TITLE COMPANY
MARY ALICE LESTER MERITAGE HOMES
CORPORATION F/K/A/ MERITAGE
CORPORATION F/K/A LEGACY MONTEREY
HOMES LP

*DEFENDANTS*

**THIS CASE IS RELATED TO IN RE ELIZABETH
in the U.S. Bankruptcy Court for the
Southern District of New York :White
Plains Division; Chapter 13 Case No.
18-23676**

_____ 2017- 76078 _____

ELIZABETH THOMAS

*Plaintiffs*

VS.

MERITAGE HOMES OF TEXAS LLC, F/K/A
MERITAGE HOMES OF TEXAS LP. F/K/A
LEGACY MONTEREY HOMES LP. MTH
LENDING GROUP; PRIMARY RESIDENTIAL
MORTGAGE INC; STEWART TITLE COMPANY
MARY ALICE LESTER MERITAGE HOMES
CORPORATION F/K/A/ MERITAGE
CORPORATION F/K/A LEGACY MONTEREY
HOMES LP.

*Defendants*

_____ 2017- 82388 _____

ELIZABETH THOMAS

*PLAINTIFFS*

VS.

MERITAGE HOMES OF TEXAS LLC., f/ k/a
MERITAGE HOMES OF TEXAS LP. f/ k/a
LEGACY MONTEREY HOMES L.P AND
STEWART TITLE GUARANTY COMPANY

*DEFENDANTS*

_____ 2017- 04089 _____

000155

**MIRAMAR LAKE HOMEOWNERS ASSOCIATION**
      *PLAINTIFFS/COUNTER-DEFENDANT*
*VS.*
**ELIZABETH THOMAS, , ET AL.,**
      *DEFENDANT/COUNTER-PLAINTIFF*

---

## NOTICE OF REMOVAL

Attorney James M. Andersen hereby files this Notice of Removal on behalf of Debtor Elizabeth Thomas removing case styled as *Miramar Lake Homeowners Association vs. Elizabeth Thomas* under cause No.. **2017**- 04089, including the parent case under 2016-87941 and collecting cases 2017, 2017- 76078, and 2017- 82388 TO THE United States Southern District Court of Texas Houston Division for transfer to the United States Southern District Court of New York: White Plains Division case number 18-23676.

## PROCEDURAL BACKGROUND

1. On March 19,, 2018, Elizabeth Thomas, removed the case styled as Miramar Lake Homeowners Association case from the 333rd Judicial District Court, Harris County Texas under cause No. **2017-** 04089 **1**to the United States Southern District Court of Texas Houston Division into case number 18- CV-00851.

    2. Included with Miramar Lake Homeowners Association case under cause No. 2016-8794, is a Supplemental Original Petition styled as Elizabeth Thomas vs. MTH Lending Group LP., Meritage Homes of Texas LLC., Primary Residential Mortgage Inc., Stewart Title Company, Mary A. Lester and Meritage Homes Corporation.

    3. Also pending in the 127th District Court Harris County, Texas were the same claims in the case styled as Elizabeth Thomas vs. MTH Lending Group LP., Meritage Homes of Texas LLC., Primary Residential Mortgage Inc., Stewart Title Company, Mary A. Lester and Meritage Homes Corporation under case No. 2017- 76078

    4. On or about April 16,, 2018, Elizabeth Thomas, filed a Motion before the Honorable Judge Hittner, U.S.D.J., in case number 18- CV-00851.and moved the court to take supplemental jurisdiction over the claims in the 127th District Court Harris County, Texas under case No. 2017-76078m by filing a third party petition and the court granted the motion and the third party petition was filed.

    5. On June 5, 2018, Elizabeth Thomas, filed a Notice of Removal removing the case styled as Elizabeth Thomas vs. MTH Lending Group LP., Meritage Homes of Texas LLC.,

Primary Residential Mortgage Inc., Stewart Title Company, Mary A. Lester and Meritage Homes Corporation under case No. 2017-76078, from the 127th District Court to U.S. District Court with the Miramar Lake Homeowners Association case under cause No. 18- CV-00851.

6.  The Honorable Judge Hittner, U.S.D.J, did not strike the notice of removal.

7.  On June 6, 2018, Elizabeth Thomas, filed a Notice of Removal removing the case styled as Elizabeth Thomas vs. *Michael Pizzitola et, al.*, from the 127th Judicial District Court, Harris County Texas under cause number 2017-82388 to the United States Southern District Court of Texas Houston Division into case number **18- CV-00851**.

8.  The Honorable Judge Hittner, U.S.D.J, did not strike the notice of removal.
9.  On June 25, 2018, the Honorable Judge David Hittner, U.S.D.J., granted the *Miramar Lake Homeowners Association Inc*., Motion to Remand under cause No. **2017- 04089** and remand the entire docket including cause Nos. 2017-76078 and 2017-82388 to the to the 333rd District Court, Harris County, Texas under cause No. 2016-8794.

10.  On October 29, 2018, (the "Petition Date"), the Debtor Elizabeth Thomas, filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, 11 (the "Bankruptcy Code") in the United States Bankruptcy Court of the Southern District of New York; White Plains Division into case No. 18-23676.

11.  On January 7, 2018, Miramar Lake Homeowners Association filed a "Proof of Claim" as a secured creditor seeking to collect its alleged delinquent yearly assessment fees, interest, and other fees against the debtor Elizabeth Thomas.

12.  On January 24, 2029, Debtor Elizabeth Thomas, filed Notice of Removal [invoking 28 U.S.C.§ 1452(a), Fed. R. Bankr. P. 9027, and removed the entire case styled as *Miramar Lake Homeowners Association et al vs Elizabeth Thomas et al*, ( and collecting cases) from the 333rd Judicial District Court, Harris County Texas, to the United States Southern District Court of New York: White Plains Division case number 18-23676.

13.  On September 16, 2021, the third party plaintiffs Alvin R. Mull II, Albert Perry III and Catrice Henry, *pro, se for whatever reason again* filed Notice of Removal invoking 28 U.S.C.§ 1452(a), Fed. R. Bank. P. 9027, and sought to removed the case styled as *Miramar Lake Homeowners Association et al vs. Alvin R. Mullen II s et al,* to the United States Southern District Court of New York: White Plains Division case number 18-23676.

14.  On October 26, 2021 the third party plaintiffs Alvin R. Mull II, Albert Perry III and Catrice Henry, filed a Motion to Remand in Debtor Elizabeth Thomas to the United States Southern District Court of New York: White Plains Division case number 18-23676 seeking the Court to Remand the case styled as *Miramar Lake Homeowners Association Inc., et, al., vs. Alvin R. Mullen II., et al.* under case No. **2017-** 04089 (*collectively cases* 2016-8794, 2017-76078, 2017-82388 and **18- CV-00851**; banc to to the 333rd Judicial District Court, Harris County, Texas into the Parent case No. 2016-8794..

000157

15.   On January 13, 2022, the Honorable Judge Lane, U.S.B.J., signed a remand order remanding the ***Miramar Lake Homeowners Association Inc., et, al., vs. Alvin R. Mullen II., et al.*** under cause No. **2017-** 04089 (*collectively cases* 2016-8794, 2017-76078,  2017-82388 and **18- CV-00851**; to the 333rd Judicial District Court, Harris County, Texas into the Parent case No. 2016-8794..

## Grounds for Removal

Each of the Defendants in the cause numbers above, have imitated a "contested matter" in that they do not agree with the Honorable Judge Lane, U.S.B.J., January 13, 2021 order. In that the Court remanded the all of the cases stated in its remand order to the 333rd District Court. Accordingly if Judge Lane did not remand said cases back then they are still pending  in the .S. District Court for the Southern District of New  York in the case styled as In re Elizabeth Thomas under cause No. **18-23676.**

## Removal under 28 U.S.C. §1452

Bankruptcy Courts at least in the Second Circuit maintain jurisdiction over their own orders. Debtor Thomas , has filed this notice of removal seeking  the U.S. District Court for the Southern District of New  York in the case styled as In re Elizabeth Thomas under cause No. **18-23676,**  to interpret an or enforce its own order

On motion and after a hearing, the court may transfer an adversary  or any part thereof to another district pursuant to 28 U.S.C. §1412, except as provided in Rule 7019(2).

The 333rd Judicial District Court, Harris County, Texas case may be removed to pursuant to 28 U.S.C. §9027(a)(2) and 28 U.S.C. § 1452, which provides in pertinent part:

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. 28 U.S.C.A. § 1452(a).

Based on the language of **§** 1452, a party may remove any civil action over which a bankruptcy court has jurisdiction under 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 1334, this Court **has jurisdiction to transfer this case to** the U.S. District Court for the Southern District of New York where if the opposing parties claim that the adversary complaint is still pending as Judge Lane U.S.B.J., never remanded the case back to the 333rd District Court, Harris County, Texas. as such that Court has jurisdiction.

## MOTION TO TRANSFER VENUE TO NEW YORK

Debtor Thomas , seeks a transfer of this case to U.S. Bankruptcy District Court for the Southern District of New York, where bankruptcy case although closed the  U.S. Bankruptcy

000158

Court for the Southern District of New York: White Plains Division under cause No. 18-23676. Maintains jurisdiction to interpret or enforce its own orders,

Upon removal, to U.S. Federal District Court for the Southern District of New York; White Plains Division, the proceeding will be a "core" proceeding pursuant to 28U.S.C. § 157(b)(2)(A), (B) and (0). Transfer to U.S. Federal District Court for the Southern District of New York; is the proper court in which h as jurisdiction over this remove this action to enforce its orders.

**JAMES M. ANDERSEN**
**ATTORNEY AT LAW**

By:/s/James M. Andersen
James M. Andersen
Attorney at Law
Texas State Bar No.01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
jandersen.law@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on April 11, 2024, the foregoing document was served on counsel of record by First Class U.S. Mail, email and again via the Court's CM/ECF system and by First Class U.S. Mail.

By:/s/James M. Andersen
James M. Andersen

Unofficial Copy Office of Marilyn Burgess District Clerk

### Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

James  Andersen on behalf of James  Andersen
Bar No. 01165850
jandersen.law@gmail.com
Envelope ID: 86539596
Filing Code Description: Notice
Filing Description: NOTICE OF REMOVAL TO FEDERAL COURT(CASE
HAS BEE REMOVED)
Status as of 4/11/2024 10:11 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| James Michael Andersen | 1165850 | jandersen.law@gmail.com | 4/11/2024 10:00:05 AM | SENT |
| Colleen McClure | | colleen.mcclure@att.net | 4/11/2024 10:00:05 AM | SENT |
| Legal Assistant | | mcclurelegalassistant@gmail.com | 4/11/2024 10:00:05 AM | SENT |
| Gwen Richards | | richard@mckinneytaylor.com | 4/11/2024 10:00:05 AM | SENT |
| Kim Altsuler | | kaltsuler@pecklaw.com | 4/11/2024 10:00:05 AM | SENT |
| John Koepke | | jkoepke@jw.com | 4/11/2024 10:00:05 AM | SENT |
| Dale Holiday | | rholidy@germer.com | 4/11/2024 10:00:05 AM | SENT |
| Keith RNguyen | | krnlawfirm@gmail.com | 4/11/2024 10:00:05 AM | SENT |
| Angellia Dozier | | angellia.dozier@hcdistrictclerk.com | 4/11/2024 10:00:05 AM | SENT |
| Rett Holidy | | holidyefile@germer.com | 4/11/2024 10:00:05 AM | SENT |
| Colleen McClure | | colleen.mcclure@att.net | 4/11/2024 10:00:05 AM | SENT |
| CJ Rowland | | crowland@jw.com | 4/11/2024 10:00:05 AM | SENT |
| Gwen Richard | 16842730 | grichard@imtexaslaw.com | 4/11/2024 10:00:05 AM | SENT |
| Andrew T.McKinney | | mckinney@mckinneytaylor.com | 4/11/2024 10:00:05 AM | SENT |
| James Anderson | | janderson.law@gmail.com | 4/11/2024 10:00:05 AM | SENT |
| Stephanie K.Denton | | sdenton@rmwbhlaw.com | 4/11/2024 10:00:05 AM | SENT |
| James Andersen | | jandersen.law@gmail.com | 4/11/2024 10:00:05 AM | SENT |
| Elizabeth Thomas | | Tethomas3@aol.com | 4/11/2024 10:00:05 AM | SENT |
| James Andersen | | jandersen.law@gmail.com | 4/11/2024 10:00:05 AM | SENT |
| Elizabeth Thomas | | Tethomas3@aol.com | 4/11/2024 10:00:05 AM | SENT |
| Elizabeth Thomas | | elizthomas234@gmail.com | 4/11/2024 10:00:05 AM | SENT |
| Heather Razzak | | hrazzak@pecklaw.com | 4/11/2024 10:00:05 AM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

000160

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

James  Andersen on behalf of James  Andersen
Bar No. 01165850
jandersen.law@gmail.com
Envelope ID: 86539596
Filing Code Description: Notice
Filing Description: NOTICE OF REMOVAL TO FEDERAL COURT(CASE
HAS BEE REMOVED)
Status as of 4/11/2024 10:11 AM CST

Case Contacts

| Heather Razzak | | hrazzak@pecklaw.com | 4/11/2024 10:00:05 AM | SENT |
|---|---|---|---|---|
| Dustin CFessler | | dfessler@rmwbh.com | 4/11/2024 10:00:05 AM | SENT |
| Melissa McLain | | mmclain@rmwbh.com | 4/11/2024 10:00:05 AM | SENT |
| Honorable Susan Brown | | Rebecca_Brite@justex.net | 4/11/2024 10:00:05 AM | SENT |
| Dustin CFessler | | dfessler@rmwbh.com | 4/11/2024 10:00:05 AM | SENT |
| Stephanie KDenton | | sdenton@rmwbh.com | 4/11/2024 10:00:05 AM | SENT |
| Alicia Matsushima | | alicia@matsgarner.com | 4/11/2024 10:00:05 AM | ERROR |
| Michelle Liverman | | liverman@mckinneytaylor.com | 4/11/2024 10:00:05 AM | ERROR |
| Janya Bishop | | jbishop@rmwbhlaw.com | 4/11/2024 10:00:05 AM | ERROR |
| Susan Haywood | | shaywood@rmwbh.com | 4/11/2024 10:00:05 AM | ERROR |
| Audrey Smith | | asmith@rmwbh.com | 4/11/2024 10:00:05 AM | ERROR |
| Sonja Roark | | mtefile@mckinneytaylor.com | 4/11/2024 10:00:05 AM | SENT |
| Audrey Smith | | asmith@rmwbh.com | 4/11/2024 10:00:05 AM | ERROR |

Unofficial Copy Office of Marilyn Burgess District Clerk

EXHIBIT L

1/30/2019 9:52 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 30785202
By: CAROL WILLIAMS
Filed: 1/30/2019 9:52 AM

Pgs-2

CCSLX

**CAUSE NO. 2017-76078**

| | | |
|---|---|---|
| MARIA DEJESUS PEREZ, ROBERTO PEREZ, ELIZABETH THOMAS, JAMES ALLEN ET AL. | § § § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § § | |
| | § | |
| MERITAGE HOMES CORPORATION, F/K/A MERITAGE CORPORATION F/K/A LEGACY MONTEREY HOMES LP. MERITAGE HOMES OF TEXAS LLC. F/K/A MERITAGE HOMES OF TEXAS LP F/KA LEGACY MONTEREY HOMES LP., MTH LENDING GROUP, L.P.; PRIMARY RESIDENTIAL MORTGAGE, INC., MARY A. LESTER F/K/A MTH TITLE COMPANY, L.P., STEWART TITLE COMPANY | § § § § § § § § § § § | HARRIS COUNTY, TEXAS

127TH JUDICIAL DISTRICT |

**ORDER OF CONSOLIDATION**

On this day the Court has *sue sponte* determined that three (3) related cases pending in the 127th Judicial District Court should be consolidated: Cause No. 2017-76078, Cause No. 2017-82388, and Cause No. 2018-91506. The Court has found that (1) the cases relate to substantially the same subject matter, (2) the same evidence is material, relevant, and admissible in all three cases, (3) consolidation promotes judicial economy and convenience, and (4) consolidation will not result in an unfair trial. It is therefore

ORDERED that Cause No. 2017-82388, *Elizabeth Thomas, et al. v. Michael J. Pizzitola, Jr. et al.*, in the 127th Judicial District Court of Harris County, Texas and Cause No. 2018-91506, *Meritage Homes of Texas, LLC, et al. v. Elizabeth Thomas, et al.*, in the 127th Judicial District Court of Harris County, Texas be consolidated with Cause No. 2017-76078, *Allen James, et al. v. MTH Lending Group, et al.*, in the 127th Judicial District Court of Harris County, Texas, and ORDERS the clerk to note on the docket sheets in all three cases that the cases were consolidated under cause number 2017-76078.

SIGNED:_____

Signed:
1/30/2019

_____
JUDGE PRESIDING

Unofficial Copy Office of Marilyn Burgess District Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**A True Copy**
**Certified order issued Nov 25, 2019**

*Lyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**

H-19-CV-559
_____

No. 19-20437
_____

United States Courts
Southern District of Texas
FILED

*November 25, 2019*

David J. Bradley, Clerk of Court

PRIMARY RESIDENTIAL MORTGAGE, INCORPORATED; MERITAGE
HOMES OF TEXAS, L.L.C.,

        Plaintiffs - Appellees

v.

ELIZABETH THOMAS,

        Defendant

COLLEEN M. MCCLURE, as the legal representative of Catrice Henry,
Albert Perry, III and Alvin R. Mullen II, and the One Hundred and Forty-
Five Interested Parties (hereinafter collectively All of the "Parties"),

        Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:

    IT IS ORDERED that appellant's opposed motion to dismiss the appeal
pursuant to FRAP 42 is GRANTED.

    IT IS FURTHER ORDERED that appellees' opposed motion for damages
and double costs is GRANTED. Appellees are awarded the attorneys' fees set
out in their motion and $48.60 in costs.

# *United States Court of Appeals*

### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

November 25, 2019

Mr. David J. Bradley
Southern District of Texas, Houston
United States District Court
515 Rusk Street
Room 5300
Houston, TX 77002

      No. 19-20437    Primary Residential Mortgage, et al v.
                       Elizabeth Thomas
                       USDC No. 4:19-CV-559

Dear Mr. Bradley,

Enclosed is a copy of the judgment issued as the mandate.

                Sincerely,

                LYLE W. CAYCE, Clerk

                *Dawn Shulin*
              By: _____
              Dawn M. Shulin, Deputy Clerk
              504-310-7658

cc w/encl:
    Mr. James Michael Andersen
    Ms. Jennifer Nicole Chang
    Mr. Barry Stephen Rabon

No. 19-20437

--------

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

--------

PRIMARY RESIDENTIAL MORTGAGE, INCORPORATED,
MERITAGE HOMES OF TEXAS, L.L.C.
*Plaintiffs-Appellees*,

v.

ELIZABETH THOMAS et al.,
*Defendants*,

v.

COLLEEN M. MCCLURE, as the legal representative of Catrice Henry, Albert
Perry, III and Alvin R. Mullen II, and the One Hundred and Forty-Five Interested
Parties (hereinafter collectively All of the "Parties")
*Appellant.*

--------

Appeal From the United States District Court
For the Southern District of Texas, Houston Division
No. 4:19-cv-00559, Honorable David Hittner, Presiding

--------

**THE MERITAGE AND PRMI APPELLEES'
MOTION FOR DAMAGES AND COSTS**

--------

**Kim Altsuler**
kalstuler@coatsrose.com
**Barry S. Rabon**
brabon@coatsrose.com
**COATS ROSE, P.C.**
9 Greenway Plaza, Suite 1000
Houston, Texas 77046
Telephone: (713) 651-0111
Facsimile: (713) 651-0220
**ATTORNEYS FOR MERITAGE
HOMES CORPORATION AND
MERITAGE HOMES OF TEXAS, L.L.C.**

**Andrew T. McKinney**
Mckinney@mckinneytaylor.com
**Jennifer N. Chang**
chang@mckinneytaylor.com
**MCKINNEY TAYLOR P.C.**
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713) 487-1487
Facsimile: (713) 487-1488

**ATTORNEYS FOR PRIMARY
RESIDENTIAL MORTGAGE, INC.**

TO THE HONORABLE 5TH CIRCUIT COURT OF APPEALS:

Appellees Primary Residential Mortgage, Inc. ("PRMI") and Meritage Homes Corporation and Meritage Homes of Texas, Inc. ("Meritage") ask the Court to award them damages and costs against Appellant Colleen M. McClure and her attorney James M. Andersen because McClure and Andersen filed a frivolous appeal which forced Appellees to incur significant attorney's fees and costs.

Appellees have attempted to contact all other parties. No response has been received and Appellees believe an opposition to this motion will be filed.

Appellant has filed a Motion to Dismiss stating that this appeal is moot because the case at issue was closed and disposed of as of January 30, 2019[1]. The Notice of Appeal in this matter was filed on June 20, 2019—five months after the event which Appellant says renders this appeal moot.  By Appellant's own admission, this appeal was moot when it was filed, and therefore was a frivolous appeal.

If a court of appeals determines that an appeal is frivolous, it may award just damages and single or double costs to the appellee. FED. R. APP. P. 38.  In addition, an attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

---

[1] Appellees do not comment on the accuracy of Appellant's representation that the case was "closed and disposed" as asserted by Appellant.

000167

expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927 ("Counsel's liability for excessive costs").

Appellees encourage the Court to review the Statement of the Case in the Brief of the Meritage and PRMI Appellees filed on September 24, 2019, which sets forth the vexatious and harassing conduct by McClure and Andersen over the last several years.[2] McClure, Andersen, and their clients (McClure is Appellant in this case but filed the appeal as the legal representative of various parties) have abused the Court system and prevented any claims or counterclaims from being adjudicated in the numerous lawsuits they have filed. Filing the appeal, waiting until after Appellees incurred the expense of preparing and filing a response, and then moving to dismiss the appeal based on an event that occurred before the appeal was even filed is another example of their vexatious and harassing conduct. The appeal was frivolous, so Appellees should be awarded as damages the attorneys' fees they needlessly incurred plus double the amount of their costs, to be paid by Andersen and McClure, jointly and severally. *See, e.g.*, *Olympia Co. v. Celotex Corp.*, 771 F.2d 888, 893–94 (5th Cir. 1985) (granting appellees' requests for expenses, attorneys' fees, and

---

[2] In addition, Andersen, who who represents Appellant Elizabeth Thomas (a party who Andersen, McClure, or both have represented in various cases) in another appeal pending before this Court (No. 19-20424), filed an Appellant's Brief pertaining to the denial of an Emergency Motion (substantially similar to the Emergency Motion at issue in this appeal). *Compare* ROA.19-20437.1054, *with* ROA.19-20424.4378. The Emergency Motion at issue in No. 19-20424 was filed by Elizabeth Thomas **and her prior legal representatives James M. Andersen and Colleen M. McClure**. *See* ROA.19-20424.4378.

000168

double costs jointly against the appellants and their counsel because the appeal was frivolous).

Attached as Exhibits 1 and 2 to this Motion are affidavits of Appellees' attorneys of record supporting an award of the following:

- $9,282.00 to PRMI for its attorney's fees, plus $97.20 for double its costs incurred for the appeal.

- $2,130.00 to Meritage for its attorney's fees.

## CONCLUSION

For the reasons set forth above, Appellees request that this Court award Appellees Primary Residential Mortgage, Inc., Meritage Homes Corporation, and Meritage Homes of Texas, Inc. damages and double their costs as prayed for herein, to be paid by James M. Andersen and Colleen M. McClure, jointly and severally.

Respectfully submitted,


/s/ Barry S. Rabon
**Kim Altsuler**
Texas State Bar No. 00796656
kalstuler@coatsrose.com
**Barry S. Rabon**
Texas State Bar No. 00792781
brabon@coatsrose.com
**COATS ROSE, P.C.**
9 Greenway Plaza, Suite 1000
Houston, Texas 77046
Telephone: (713) 651-0111
Facsimile:  (713) 651-0220

**ATTORNEYS FOR MERITAGE
HOMES OF TEXAS, L.L.C.**


/s/ Jennifer N. Chang
**Andrew T. McKinney**
Texas State Bar No. 13716800
Mckinney@mckinneytaylor.com
**Jennifer N. Chang**
Texas State Bar No. 24085245
chang@mckinneytaylor.com
**MCKINNEY TAYLOR P.C.**
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713) 487-1487
Facsimile: (713) 487-1488

**ATTORNEYS FOR PRIMARY
RESIDENTIAL MORTGAGE, INC.**

000170

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2019, I electronically filed the foregoing document with the clerk of the court for the United States Court of Appeals for the Fifth Circuit, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to counsel of record, who have consented to electronic service of all documents, and the following:

James M. Andersen
Attorney At Law
P. O. Box 58554
Webster, Texas 77598-8554

/s/ Barry S. Rabon
Attorney of Record for Plaintiff–Appellee
Meritage Homes of Texas, L.L.C.

/s/ Jennifer N. Chang
Attorney of Record for Plaintiff–Appellee
Primary Residential Mortgage, Inc.

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the length limitation of FED. R. APP. P. 27(d)(2)(A) because this motion contains 634 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f) and 5TH CIR. R. 32.2.

2. This motion complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and 5TH CIR. R. 32.1 and the type style requirements of FED. R. APP. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in Times New Roman, font size 14, and the footnotes to this motion have been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in Times New Roman, font size 12.

*/s/ Barry S. Rabon*
Attorney of Record for Plaintiff–Appellee
Meritage Homes of Texas, L.L.C.

*/s/ Jennifer N. Chang*
Attorney of Record for Plaintiff–Appellee
Primary Residential Mortgage, Inc.

.

Dated: October 2, 2019

000172

No. 19-20437

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

PRIMARY RESIDENTIAL MORTGAGE, INCORPORATED,
MERITAGE HOMES OF TEXAS, L.L.C.,
*Plaintiffs-Appellees*,

v.

ELIZABETH THOMAS et al.,
*Defendants*,

v.

COLLEEN M. MCCLURE, as the legal representative of Catrice Henry, Albert
Perry, III and Alvin R. Mullen II, and the One Hundred and Forty-Five Interested
Parties (hereinafter collectively All the "Parties"),
*Appellant.*

_____

Appeal From the United States District Court
For the Southern District of Texas, Houston Division
No. 4:19-cv-00559, Honorable David Hittner, Presiding

_____

**CERTIFICATE OF INTERESTED PERSONS**

_____

The undersigned counsel of record certifies that the following listed persons

and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the

outcome of this case. These representations are made in order that the judges of this

court may evaluate possible disqualification or recusal.

000173

## Plaintiffs–Appellees (with Counsel)

**Primary Residential Mortgage, Inc.***

Andrew T. McKinney IV
Jennifer N. Chang
McKinney Taylor P.C.
Three Riverway, Suite 900
Houston, Texas 77056

    \* Primary Residential Mortgage, Inc. ("PRMI") a wholly owned subsidiary of Primary Residential Group, Inc., which is a privately held company. There is no parent corporation or any publicly held corporation that owns 10% or more of PRMI's stock.

**Meritage Homes of Texas, LLC***

    \* The parent corporation of Meritage Homes of Texas, LLC ("Meritage") is Meritage Homes of Texas Holding, Inc. Meritage Homes Corporation (NYSE: MTH) owns 10% or more of the stock of Meritage Homes of Texas Holding, Inc. BlackRock, Inc. (NYSE: BLK) owns 10% or more of the stock of Meritage Homes Corporation.

Kim G. Altsuler
Barry S. Rabon
Coats Rose, P.C.
9 Greenway Plaza, Suite 1000
Houston, Texas 77046

## Defendants (with Counsel)

**Elizabeth Thomas**
**James Allen**
**Robert L. Thomas**

James M. Andersen
Attorney At Law
P. O. Box 58554
Webster, Texas 77598-8554
<u>and</u>

000174

Colleen M. McClure
4201 Cypress Creek Parkway
Suite 565
Houston, TX 77068
**Appellant (with Counsel)**

**Colleen M. McClure as Legal Representative of Catrice Henry, Albert Perry, III and Alvin R. Mullen II, and the One Hundred and Forty-Five Interested Parties**

James M. Andersen
Attorney At Law
P. O. Box 58554
Webster, Texas 77598-8554

**<u>Non-Parties Interested in the Order Appealed (with Counsel)</u>**

EKL CATHY, L. MILES CHADDOLFORD ROCHELLE & RONALD, BLAYLOCK TERRY, JOHNSON GAYLE N & SHIRLEY P.,GARZA-CARR ENEDELIA N.,BANKS DAMIAN J., CRUTCHFIELD DURAND F., CAMERINO KENNETH A & TRACEY L.,FESTERVAND JERRY R JR., & RHONDA L., ANDERSEN DANIEL & JAMIE., LIGHTNER LAWRENCE & PATRICIA A.,BODE JOEL R., LEDESMA LINDA & ZEPEDA RAQUEL., GIBSON ALMA R & GRIFFITH JULIE, PICAR JANETTE R & RICHARDP.,KINMANCONNIE,HERZINGE R ATHENA & TIM., MIKUSH JOE J., WINGERSONSUSAN,BARRAGANCARLOS & RIVERA LINDA., SCURLOCK KELLY- ANNE & OCTAVIUS., FISHER ANN NELLE & LEE ANN.,MILNE JOSHUA PATRICK., BARRAGAN CARLOS & RIVERA LINDA.,BENSON DALE L & KIMBERLY S., HODGE BRANDY & RANDOLPH., GREIN JOHNNY M & KIMBERLY, MCLAUGHLIN GREG W., CROWELL SHAWN M.,CHRISTINE & CHAN HO K., CUNNINGHAM CRAIG & LINDA, PHAN QUY V.,GREEN HERBERT, MULLINS JANIS A., ARCHIE IRIK E.& DANIELS TAMMI J., GARCIA MARY GLORIA & REYNALDO, WHITE DARCY K, & JOE A., OCHOA & SANDRA MARTIN, CIANCIOTTO LEONARD, FRANKLIN DON, EMMONS JO L & LARRY C., CANELON MARIA A., JOHNSON KEVIN, FLORES JOSE, R. FRESQUEZ CARLAMARINA & JUAN M., PILAND DEBORAH L & DOUGLAS C., MILLER ROBERT S. & WENDY W., PIEPER KEVIN & MARY, DYER

9

ROBERT P. & SANDRA K.,DICKEN LORI A & WILLIAM R.,REDO JEREMY RYAN, SMITH TEENA S., ROBERTS LAKESIA N., BRINCK MARY DIANE & STEVEN R., PIXTON MARVA V & STEVEN E., TENDER BRADFORD D.,DEFFES BRYAN E DENISE Z., BENSON DALE L & KIMBERLY S., CONTER JENNIFER & DONALDSON AARON S,BERTUS AUDREY N & JAMES J.,JAMES DONALD W. & MARTHA L., SHIRLEY JOHN D. & SHIRLEY KIM R., LIEURANCE ADANA L & JONATHAN J.,MALLON CHARLES, JOHNSON DREAND & PHUONG, MINGS BARBARA C. & LARS G., PICKERING TERESA, CHEATWOOD DANIEL & TERRI, HARRIS CHARDELL & RUSSELL, MIRELES ANNABELL & MIRELES MOSES, SMITH MANON S., REINKEMEYERERIC D. & REINKEMEYER JILLIAN N., FIRMIN KEVIN A. & LAURA MILANNE, BARNES CAROL & THOMAS PADILLA JOE, DINH NAM THI & NGUYEN QUANG NHUT,RENDON BETTY & RONALD J., JAMES RONNIE & KEYANNA, SEARS EDWIN, HOLGUIN VICTOR, MONTGOMERYRAIT., TORRES DARRELL & NORMA, NAZZAL FRANCIS S., RENDON BETTY & RONALD J ANDERSON JEFFERY & DULWORTH CLINTON & GESSEL ANDREA KENNEDY ANDRION & PARTICK W., EMERSON DEBORAH J & LARRY D, ROBERTO PEREZ, NORTON TONYA, RICHARDS LEE A., FULLER PETER, BRANTLEY TONI, HAUNG SUSAN H., DAVIS DENISE, MOUTON WESLEY., HARTNETT BRIAN C., BRANTLEY TONI., COLLINS PRINCESS DOLORES, JACKSON RAYMOND B.,RICHARDSON JERNEANICA, BRUMFIELD STEVEN W & TERESA A, ORTIZ CARMEN C., BARKLEY CARA L & HARKLEY GEORGE F., JOHNSON MAURICE, TAYLOR ALLAN C.,CERDA ADRIAN., ALVAREZ FELIX U & ALVAREZ SAGRARIO C, CZARMOPIS TOBY, FREDERICK ANGELA & WILLIAMS JAY P.,GARZA MARK, BACA JOSE D., ELIZALDE ANDRES & HEATHER, MACFARLANE ANGELA, GARRETT PARIS LAVAR & WANDA KIM, COUSIN ELONDRA D., ELDER PEGGY & TERENCE, BRAUGHTON RANDY, MELVIN KIM W.,ELDER HELEN, HARGROVE SHAMIKA, ARCHER HERMAN, BUTLER PATRICIA B & WILLIAM EDWARD, PLUGUEZ MICHAEL L, JONES BIANCA &FREDDIE, TRAVIS JEFF & JODI, JACKSON CAROLYN, TROSCLAIR KRISTIE L. MENESES PILAR JANE, THOMAS NICOLE & TIMOTHY RIVERA ANGEL ANTONIO & MILDRED, LAQUINDANUM NATHALIE, THOMAS NICOLE & TIMOTHY, RIVERA ANGEL ANTONIO & MILDRED, LAQUINDANUM NATHALIE, BEVERLY CARLA Y.,WINGFIELD NAKIA, WHITINGER DOROTHY K., COPELAND RICHARD A., BOB MARC A., SUTHERLAND ANTHONY &

000176

KASSIE, SEVY BOBBIE & DUANE, PORTWOOD ROBERT BLAKE, AMOEDO EDUARDO & MARIA, LLERENAS MIREYA & CESAR, JAMES ALLEN, IWUNDU IKECHUKWU E., MARKEY ANNE MARIE, PORTERFIELD DONNA, KRUSE TODD J & YANG HYANG, IWUNDU EZECHUKWU N., ENARLE PINKY, BARNES ROSHANDA, CURTIS LARRY ALLEN JR., DOD ALMA L & MICHAEL J., ALLEE DAVID W & HEATHER, BASS YVONNE FARRAR.

James M. Andersen
Attorney At Law
P. O. Box 58554
Webster, Texas 77598-8554
<u>and</u>
Colleen M. McClure
4201 Cypress Creek Parkway
Suite 565
Houston, TX 77068

**Stewart Title Company\***

\* Stewart Title Company ("STC") is a wholly owned subsidiary of Stewart Title Guaranty Company ("STGC"). STGC is a wholly owned subsidiary of <u>Stewart Information Services Corporation</u>, a publicly traded company (NYSE: STC). No public company has an ownership of 10% or more of Stewart Information Services Corporation.

Scott M. McElhaney
Jackson Walker L.L.P.
2323 Ross Ave., Suite 600
Dallas, Texas 75201

**Meritage Homes Corporation\***

\* <u>Meritage Homes Corporation</u> is a publicly held corporation (NYSE: MTH). BlackRock, Inc. (NYSE: BLK) owns 10% or more of the stock of Meritage Homes Corporation.

Kim G. Altsuler
Barry S. Rabon
Coats Rose, P.C.

000177

9 Greenway Plaza, Suite 1000
Houston, Texas 77046

**MTH Lending Group, LP\***

Dale M. "Rett" Holidy
Germer PLLC
2929 Allen Parkway, Suite 2900
Houston, Texas 77019

     **\***     MTH Lending Group, LP is a limited partnership. One of its limited partners, Meritage Homes of Texas, LLC, is a subsidiary of <u>Meritage Homes Corporation</u>, a publicly traded company (NYSE: MTH).

**Mary Lester**

Scott M. McElhaney
Jackson Walker L.L.P.
2323 Ross Ave., Suite 600
Dallas, Texas 75201

**Michael J. Pizzitola, Jr.**
**Kevin Meuth**
**David Jordan**
**Rodney B. Howerton**
**David Modlin**
**Jeff Barfield**
**Michael Materna**
**Chris Huebner**
**Melissa Hanna**

Kim G. Altsuler
Barry S. Rabon
Coats Rose, P.C.
9 Greenway Plaza, Suite 1000
Houston, Texas 77046

000178

**JPMorgan Chase Bank, N.A.***

    \*      JPMorgan Chase Bank, N.A. is a wholly owned subsidiary of <u>JPMorgan Chase & Co.</u>, a publicly traded company (NYSE: JPM).

Wm. Lance Lewis
Timothy A. York
Quilling Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
<u>and</u>
Robert W. Griswold
Law Offices of Shapiro, DiCaro & Barak, LLC
One Huntington Quandrangle, Suite 3N05
Melville, New York 11747

**McCarthy & Holthus, LLP***

    \*      McCarthy & Holthus, LLP is organized under the laws of the State of California and its partners are citizens of the State of California. McCarthy & Holthus, LLP is not a corporation, does not have a parent corporation, and there is no publicly owned corporation owning 10% or more of its stock.

**Miramar Lake Homeowner's Association***

    \*      Miramar Lake Homeowner's Association ("Miramar Lakes HOA") is a domestic nonprofit corporation with its principal place of business in Houston, Texas. Miramar Lakes HOA is a homeowners' association comprised of all of the property owners within the Miramar Lake subdivision. Miramar Lakes HOA has no parent corporation, and no publicly held company owns 10% or more of Miramar Lakes HOA's stock.

Dustin Fessler
Stephanie Denton
Roberts Markel Weinberg Butler Hailey PC
2277 Plaza Drive, Suite 290
Sugar Land, Texas 77479

000179

**Allan A. Haye**

George Oggero
George A. Oggero, PLLC
7606 Pagewood Lane
Houston, Texas 77063

**Colleen M. McClure**

Colleen M. McClure
4201 Cypress Creek Parkway
Suite 565
Houston, TX 77068

**James M. Andersen**

James M. Andersen
Attorney At Law
P. O. Box 58554
Webster, Texas 77598-8554

**Maria Dejesus Perez**
**Roberto Perez**

Roger G. Jain
Thomas H. Smith III
Roger G. Jain & Associates, P.C.
9301 Southwest Freeway, Suite 250
Houston, Texas 77074

/s/ Barry S. Rabon
Attorney of Record for Plaintiff–Appellee
Meritage Homes of Texas, L.L.C.

/s/ Jennifer N. Chang
Attorney of Record for Plaintiff–Appellee
Primary Residential Mortgage, Inc.

14

000180

15

No. 19-20437

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

PRIMARY RESIDENTIAL MORTGAGE, INCORPORATED,
MERITAGE HOMES OF TEXAS, L.L.C.
*Plaintiffs-Appellees*,

v.

ELIZABETH THOMAS et al.,
*Defendants*,

v.

COLLEEN M. MCCLURE, as the legal representative of Catrice Henry, Albert
Perry, III and Alvin R. Mullen II, and the One Hundred and Forty-Five Interested
Parties (hereinafter collectively All of the "Parties")
*Appellant.*

Appeal From the United States District Court
For the Southern District of Texas, Houston Division
No. 4:19-cv-00559, Honorable David Hittner, Presiding

**AFFIDAVIT OF JENNIFER CHANG**

THE STATE OF TEXAS          §

COUNTY  OF  HARRIS          §

Before me, the undersigned authority, on this day personally appeared

Jennifer Chang who, after being by me first duly sworn, stated under oath as

follows:

1. "My name is Jennifer Chang. I am over eighteen (18) years of age and I
   have never been convicted of a felony or crime of moral turpitude. I have

**Exhibit 1**

000182

personal knowledge of each statement contained in this affidavit and they are true and correct. I am an attorney and have been licensed to practice and practicing law in the State of Texas since 2013. I am an associate with the law firm of McKinney Taylor, P.C. (the "Law Firm"). I practice civil litigation in Harris County, Texas. I am familiar with the type and amount of work involved in a case such as this one, and I am familiar with hourly billing rates typically charged in Harris County, Texas for cases such as this one.

2. "The Law Firm represents Primary Residential Mortgage, Inc. in the above-referenced case.

3. "In connection with this Appeal, my Law Firm spent time reviewing the filings, reviewing the record, strategizing regarding briefing, working on Appellees' Brief, and conferring with my client. In performing this work, I billed a total of 44.2 hours to our client. In my opinion, all of this work was necessary, and the time spent was reasonable.

4. "I am familiar with the usual and customary rates charged by attorneys in Houston, Harris County, Texas for litigation of this kind and scope. In considering reasonable hourly rates, I take into consideration such things as the experience, reputation, and ability of the attorneys, the novelty and difficulty of the questions involved and the skill requisite to perform the legal services properly, the nature of the controversy, dollar amount involved, and the Firm's relationship with the client. In my opinion, a reasonable hourly rate for my time is $210.00 per hour. As such, a reasonable fee for the work I performed in the previous paragraph is $9,282.00.

Affidavit of Jennifer Chang

Page 2 of 3

5.  My client also incurred photocopy costs in connection with this appeal in
    the amount of $48.60. This amount is, in my opinion, reasonable and
    necessary and customary.

Further affiant sayeth not.

Jennifer Chang

SUBSCRIBED AND SWORN TO before me the undersigned authority, on
this the _2nd_ day of October, 2019 by Jennifer Chang.



NOTARY PUBLIC, STATE OF TEXAS

SONJA ROARK
My Notary ID # 8032050
Expires July 29, 2023

Affidavit of Jennifer Chang                                                      Page 3 of 3

No. 19-20437

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

PRIMARY RESIDENTIAL MORTGAGE, INCORPORATED,
MERITAGE HOMES OF TEXAS, L.L.C.
*Plaintiffs-Appellees*,

v.

ELIZABETH THOMAS et al.,
*Defendants*,

v.

COLLEEN M. MCCLURE, as the legal representative of Catrice Henry, Albert
Perry, III and Alvin R. Mullen II, and the One Hundred and Forty-Five Interested
Parties (hereinafter collectively All of the "Parties")
*Appellant*.

Appeal From the United States District Court
For the Southern District of Texas, Houston Division
No. 4:19-cv-00559, Honorable David Hittner, Presiding

**AFFIDAVIT OF KIM ALTSULER**

THE STATE OF TEXAS          §

COUNTY  OF  HARRIS          §

Before me, the undersigned authority, on this day personally appeared Kim

Altsuler who, after being by me first duly sworn, stated under oath as follows:

1. "My name is Kim Altsuler. I am over eighteen (18) years of age and I
   have never been convicted of a felony or crime of moral turpitude. I have
   personal knowledge of each statement contained in this affidavit and they

**Exhibit 2**

are true and correct. I am an attorney and have been licensed to practice and practicing law in the State of Texas since 1996. I am Of Counsel with the law firm of Coats Rose, P.C. (the "Law Firm"). I practice civil litigation in Harris County, Texas. I am familiar with the type and amount of work involved in a case such as this one, and I am familiar with hourly billing rates typically charged in Harris County, Texas for cases such as this one.

2. "The Law Firm represents Meritage Homes of Texas, LLC and Meritage Homes Corporation in the above-referenced case.

3. "In connection with this Appeal, my Law Firm spent time reviewing the filings, reviewing the record, strategizing regarding briefing, working on Appellees' Brief, and conferring with my clients. In performing this work, I billed a total of 6.1 hours to our client and my paralegal billed a total of 2.5 hours. In my opinion, all of this work was necessary, and the time spent was reasonable.

4. "I am familiar with the usual and customary rates charged by attorneys in Houston, Harris County, Texas for litigation of this kind and scope. In considering reasonable hourly rates, I take into consideration such things as the experience, reputation, and ability of the attorneys, the novelty and difficulty of the questions involved and the skill requisite to perform the legal services properly, the nature of the controversy, dollar amount involved, and the Firm's relationship with the client. I am an Of Counsel attorney at the Law Firm who has been in practice for approximately 23 years; in my opinion, a reasonable hourly rate for my time is between $300.00 and $350.00 per hour. As such, a reasonable fee for the work I performed as described in the previous paragraph is at least $1,830.00. A reasonable rate for my paralegal is $120.00 per hour. As such, a reasonable fee for the work my paralegal performed is $300.00. The total reasonable fee for myself and my paralegal is $2,130.

Further affiant sayeth not.



_____
Kim Altsuler


SUBSCRIBED AND SWORN TO before me the undersigned authority, on this the 2nd day of October, 2019 by Kim Altsuler.


_____
NOTARY PUBLIC, STATE OF TEXAS

VIOLA HERNANDEZ
NOTARY ID #12429660-8
My Commission Expires
October 16, 2022


Affidavit of Kim Altsuler

Page 3 of 3

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **ELIZABETH THOMAS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **ADVERSARY NO.: 24-03066** |
| | § | |
| **MERITAGE HOMES OF TEXAS,** | § | |
| **Et al.** | § | |
| *Defendants.* | § | |

**AFFIDAVIT OF GWEN E. RICHARD**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

     Before me, the undersigned authority, on this day personally appeared Gwen E. Richard,

who after being by me first duly sworn, stated under oath as follows:

1. "My name is Gwen E. Richard. I am competent to make this Affidavit. I am over eighteen (18) years of age and have never been convicted of a felony or crime of moral turpitude. The facts stated in this Affidavit are within my personal knowledge and are true and correct.

2. I am an attorney and have been licensed to practice and practicing law in the State of Texas since 1989. I am a shareholder with the law firm of Irelan McDaniel, PLLC (the "Law Firm"). I practice civil litigation in Texas, including in Houston and Harris County, Texas. I am board certified in Personal Injury Trial Law. I am familiar with the type and amount of work involved in a case such as this one, and I am familiar with hourly billing rates typically charged in Harris County, Texas, for cases such as this one.

3. My Law Firm represents Primary Residential Mortgage, Inc. ("PRMI") in the above-referenced case and in connection with all cases prosecuted by Elizabeth Thomas and her Aligned Parties against PRMI. I have been representing PRMI in of these lawsuits for several years.

4. PRMI pays the Law Firm by the hour for work performed on the case and pays all expenses. I have personally performed all the work done by an attorney for PRMI discussed in this Affidavit. Due to the lengthy and complex nature of this case, including the complicated procedural history, it would be more costly to bring an associate up to speed on this case to handle particular tasks at a lower billing rate than it would be for me to perform the task myself. As such, I have personal knowledge of all pleadings, motions, communications,

and other documents involved in this lawsuit and the work performed by the Law Firm on this case.

5.  I am familiar with the usual and customary rates charged by attorneys in Houston, Harris County, Texas for litigation of this kind and scope. I am familiar with the type and amount of work involved in a case such as this one.

6.  In considering reasonable hourly rates, as set forth in *Arthur Anderson Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818–19 (Tex. 1997), citing, TEX. DISCIPLINARY R. PROF. CONDUCT 1.04, the factors that I considered include:

    (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;

    (2) whether the acceptance of the particular employment precluded other employment by the firm;

    (3) the fee customarily charged in the locality for similar legal services;

    (4) the amount involved and the results obtained;

    (5) the time limitations imposed by the client or the circumstances;

    (6) the nature and length of the professional relationship with the client;

    (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

    (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

7.  In my opinion, based on the above and based on my education, skill, knowledge, and experience as an attorney, a reasonable hourly rate for my time is $450.00 per hour.

8.  In connection with Ms. Thomas's and Mr. Anderson's violations of Court Orders precluding removal, resulting in the proceedings pending before Hon. Judge Isgur, my Law Firm spent time reviewing the filings, reviewing the record, strategizing regarding securing a remand, conferring with our client, conferring with the attorneys for the other affected parties, and attending a hearing on May 1, 2024. In performing this work, I worked a total of 27.1 hours for a total attorney's fee of $12,195.00. In my opinion, all of this work was necessary, and the time spent was reasonable.

9.  Attached to this Affidavit are relevant entries from the Law Firm's contemporaneous time records for work performed as generally described above. These records show the task performed, the amount of time spent on each task, and the total reasonable fee for the task. These records also tally the total reasonable and necessary attorney's fee for the removal and PRMI's motion in the amount of $12,195.00.

10. In addition, I estimate that the Law Firm will spend 2.8 hours attending the hearing on the Motion for Compensation for a total additional reasonable fee of $1,260.00.

11. If Ms. Thomas or Mr. Andersen files a response to the Motion for Compensation, I anticipate the Law Firm will spend 3 hours reviewing the response and possibly preparing a reply, for an additional reasonable and necessary fee of $1,350.00.

12. After considering the factors enumerated above as set forth in *Arthur Anderson* and the contemporaneous time records for this matter, it is my opinion that a total reasonable and necessary attorney's fees already incurred and likely to be incurred up to and through the hearing on the Motion for Compensation is **$14,805.00**.

Further affiant sayeth not."

_____
Gwen E. Richard

SUBSCRIBED AND SWORN TO before me the undersigned authority, on May 15, 2024, by Gwen E. Richard.

SARAH CARTWRIGHT
Notary Public, State of Texas
Comm. Expires 11-09-2026
Notary ID 126563887

_____
NOTARY PUBLIC, STATE OF TEXAS

Affidavit of Gwen E. Richard

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **ELIZABETH THOMAS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **ADVERSARY NO.: 24-03066** |
| | § | |
| **MERITAGE HOMES OF TEXAS,** | § | |
| **Et Al.** | § | |
| *Defendants.* | § | |

### STATEMENT OF FEES – PRIMARY RESIDENTIAL MORTGAGE, INC.

| Date | Timekeeper | Rate | Bs Hrs | Amount | Narrative |
|---|---|---|---|---|---|
| 4/11/2024 | G. Richard | $450.00 | 0.2 | $90.00 | Review and analyze Email Notification from the Court and Notice of Removal to Federal Court filed by Elizabeth Thomas and James Anderson (12 pages). |
| 4/11/2024 | G. Richard | $450.00 | 0.4 | $180.00 | Email from counsel for Aligned Party MTH Lending Group regarding the Notice of Removal to Federal Court filed by Elizabeth Thomas and James Anderson, questioning whether the removal properly purports to remove all cases, and seeking input as to whether to file a motion to remand. Consider and develop strategy regarding whether PRMI should participate in filing a Motion to Remand based on previous Federal Court Orders. |
| 4/12/2024 | G. Richard | $450.00 | 0.4 | $180.00 | Telephone conference with Rick Armstrong providing an update. |
| 4/12/2024 | G. Richard | $450.00 | 0.3 | $135.00 | Multiple email communications with counsel for the Aligned Parties regarding the most recent recusal and removal maneuvers by Elizabeth Thomas and strategy to address same. |
| 4/12/2024 | G. Richard | $450.00 | 0.4 | $180.00 | Review and analyze prior Court Orders from Federal Judge David Hittner related to prior removals, remands, and sanctions. |
| 4/15/2024 | G. Richard | $450.00 | 0.4 | $180.00 | Review and analyze prior Court Orders from Federal Judge George |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Hanks and Federal Judge Al Bennett related to prior removals, remands, and sanctions. |
| 4/15/2024 | G. Richard | $450.00 | 0.3 | $135.00 | Multiple email communications with counsel for the Aligned Parties regarding the most recent removal by Elizabeth Thomas and strategy to address same (following up on our prior communications last week and ongoing discussions of how to address). |
| 4/16/2024 | G. Richard | $450.00 | 0.2 | $90.00 | Multiple email communications with counsel for the Aligned Parties regarding coordinated planning and strategy meeting to address the latest removal to Federal Court. |
| 4/18/2024 | G. Richard | $450.00 | 0.4 | $180.00 | Review and analyze draft Motion to Remand received from counsel for MTH Lending Group in order to provide comments and/or revisions thereto as part of coordinated strategy. Evaluate whether additional documents should be attached to the Motion. |
| 4/19/2024 | G. Richard | $450.00 | 0.2 | $90.00 | Review and analyze redlines from Aligned Party Stewart Title to MTH Lending Group's draft Motion to Remand in order to provide comments and/or revisions thereto as part of coordinated strategy. Email to counsel for MTH Lending Group regarding same. |
| 4/22/2024 | G. Richard | $450.00 | 0.1 | $45.00 | Multiple email communications with counsel for MTH Lending Group regarding Motion for Remand. |
| 4/23/2024 | G. Richard | $450.00 | 0.7 | $315.00 | Review and analyze multiple email communications from counsel for MTH Lending Group regarding the adversary proceeding opened in connection with the matter most recently removed. Assess and evaluate documents provided: (1) Docket Sheet for adversary proceeding (2) Order for Conference 6.13.24 and (3) Motion to Remand filed in Bankruptcy Court (48 pages). |
| 4/23/2024 | G. Richard | $450.00 | 0.2 | $90.00 | Review and analyze Show Cause Order issued sua sponte by Bankruptcy Judge Isgur in connection with the most recent removal. |

| | | | | | |
|---|---|---|---|---|---|
| 4/23/2024 | G. Richard | $450.00 | 0.1 | $45.00 | Multiple email communications with counsel for the Aligned Parties regarding the Show Cause Order issued by Bankruptcy Judge Isgur. |
| 4/23/2024 | G. Richard | $450.00 | 0.2 | $90.00 | Draft, review, revise, finalize, and send detailed email to Rick Armstrong regarding the Show Cause Order issued today by Bankruptcy Judge Isgur. |
| 4/23/2024 | G. Richard | $450.00 | 0.1 | $45.00 | Email to counsel for PCF Properties in Texas, LLC regarding the Show Cause Order issued by Bankruptcy Judge Isgur. |
| 4/24/2024 | G. Richard | $450.00 | 0.1 | $45.00 | Email from Rick Armstrong regarding the upcoming hearing on May 1 and approval to attend same. |
| 4/25/2024 | G. Richard | $450.00 | 0.2 | $90.00 | Review and analyze Email Notification from the 333rd Harris County Court and the attached Notice of Removal (9 pages). |
| 4/25/2024 | G. Richard | $450.00 | 0.2 | $90.00 | Multiple email communications with counsel for the Aligned Parties regarding the Notice of Removal and upcoming hearing before Bankruptcy Judge Isgur. |
| 4/26/2024 | G. Richard | $450.00 | 0.3 | $135.00 | Multiple email communications with counsel for the Aligned Parties MTH Lending Group and Stewart Title regarding the latest Notice of Removal and potential impact on Motion for Summary Judgment filed by codefendant Stewart Title. Counsel for Stewart Title advised that they intended to proceed with the hearing on April 29th. |
| 4/29/2024 | G. Richard | $450.00 | 0.7 | $315.00 | Review and analyze Withdrawal of Notice of Removal filed by Elizabeth Thomas and James Anderson in Adversary Case No. 24-03066 pending before Bankruptcy Judge Isgur and in response to Judge Isgur's recent Show Cause Order. PRMI is not a party in that proceeding, but statements made in this Withdrawal may potentially be used against Ms. Thomas and Mr. Anderson in other cases in Harris County in which PRMI is a party. Evaluate and assess whether specific statements made in this Withdrawal can be utilized against |

|  |  |  |  |  | Ms. Thomas and Mr. Anderson in such other cases in Harris County. |
|---|---|---|---|---|---|
| 4/29/2024 | G. Richard | $450.00 | 0.3 | $135.00 | Review and analyze Email Notification from the Court and the attached Notice of Filing of Remand Order by James Anderson (16 pages). |
| 4/29/2024 | G. Richard | $450.00 | 0.3 | $135.00 | Following analysis of Withdrawal of Notice of Removal, draft, revise, finalize, and send email to counsel for the Aligned Parties detailing the failure of Elizabeth Thomas and James Anderson to comply fully with the Order of Bankruptcy Judge Isgur and citing specific provisions therein. |
| 4/30/2024 | G. Richard | $450.00 | 0.3 | $135.00 | Telephone conference with counsel for MTH Lending Group regarding hearing tomorrow before Bankruptcy Judge Isgur in Adversary Proceeding Case No. 24-03066 and coordinated strategy related to same. |
| 4/30/2024 | G. Richard | $450.00 | 0.7 | $315.00 | Review and analyze P.C.F. Properties in TX, LLC's exhibits for the contempt hearing set for May 1, 2024, received from John Burger, counsel for Aligned Party PCF Properties in Texas, LLC, regarding Adversary Case No. 24-003066 pending before Bankruptcy Judge Isgur. These included 18 separate documents and 74 pages. Assess and evaluate for impact on the other Adversary Case No. 22-03024 pending before Bankruptcy Judge Isgur, in which PRMI is a party. |
| 5/1/2024 | G. Richard | $450.00 | 2.1 | $945.00 | Attend hearing before Bankruptcy Judge Isgur in Adversary Proceeding Case No. 24-03066.  Following the hearing, participate in a conference with counsel for MTH Lending Group, Meritage Homes, and PCF Properties in Texas, LLC, to discuss next steps and strategic coordination. |
| 5/8/2024 | G. Richard | $450.00 | 0.2 | $90.00 | Telephone conference with counsel for Meritage Homes regarding the Motion for Compensation in order to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | comply with the procedure required by Judge Isgur. |
| 5/13/2024 | G. Richard | $450.00 | 0.6 | $270.00 | Prepare for and conduct telephone conference with Rick Armstrong (client) to discuss case and approval to file Motion for Compensation. |
| 5/13/2024 | G. Richard | $450.00 | 2.9 | $1,305.00 | Begin to prepare to draft Motion for Compensation through the review of extensive file materials related to wrongful removals, sanctions, and other Court Orders. |
| 5/14/2024 | G. Richard | $450.00 | 0.6 | $270.00 | Telephone conferences with counsel for Meritage Homes regarding the Motion for Compensation to be filed in Judge Isgur's court. |
| 5/14/2024 | G. Richard | $450.00 | 5.9 | $2,655.00 | Draft, review, and revise Motion for Compensation in connection with wrongful removals. |
| 5/15/2024 | G. Richard | $450.00 | 0.8 | $360.00 | Telephone conferences with counsel for Meritage Homes regarding finalization of the Motion for Compensation to be filed in Judge Isgur's court. |
| 5/15/2024 | G. Richard | $450.00 | 5.1 | $2,295.00 | Draft, review, revise, and finalize Motion for Compensation in connection with wrongful removals in order to file today as required by Judge Isgur. |
| 5/15/2024 | G. Richard | $450.00 | 1.2 | $540.00 | Draft, review, revise, and finalize Motion for Compensation in connection with wrongful removals in order to file today as required by Judge Isgur. |
| | TOTAL: | | 27.1 | $12,195.00 | |

EXHIBIT O

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **ELIZABETH THOMAS** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 24-3066** |
| | § | |
| **PRIMARY RESIDENTIAL** | § | |
| **MORTGAGE INC, ET AL.** | § | |
| *Defendants.* | § | |

## AFFIDAVIT OF KIMBERLY G. ALTSULER

STATE OF TEXAS                §

COUNTY OF HARRIS           §

Before me, the undersigned authority, on this day personally appeared Kimberly G. Altsuler

who, after being by me first duly sworn, stated under oath as follows:

1.  "My name is Kimberly G. Altsuler. I am over eighteen (18) years of age and I have never been convicted of a felony or crime of moral turpitude. I have personal knowledge of each statement contained in this affidavit and they are true and correct.

2.  I am an attorney and have been licensed to practice and practicing law in the State of Texas since 1996. I am a Partner with the law firm Peckar & Abramson, P.C. (the "Law Firm"). I practice civil litigation in Texas, including Houston and Harris County. I am familiar with the type and amount of work involved in a case such as this one, and I am familiar with hourly billing rates typically charged in Harris County, Texas for cases such as this one.

3.  The Law Firm represents Meritage Homes of Texas, LLC ("Meritage") in connection with all cases prosecuted by Elizabeth Thomas. I have been representing Meritage in the many Elizabeth Thomas lawsuits since Ms. Thomas, represented by James Andersen, first sued Meritage in 2014. Meritage pays the Law Firm by the hour for work performed on the case and pays all expenses. I have personally performed all the work for Meritage discussed in this Affidavit. Due to the lengthy and complex nature of this case, including the complicated procedural history, it would be more costly to bring an associate up to speed on this case to handle particular tasks at a lower billing rate than it would be for me to perform the task myself. As such, I have personal knowledge of all pleadings, motions, communications, and other documents involved in this lawsuit and the work performed by the Law Firm on this case.

4. I am familiar with the usual and customary rates charged by attorneys in Houston, Harris County, Texas for litigation of this kind and scope. I am familiar with the type and amount of work involved in a case such as this one.

5. In considering reasonable hourly rates, as set forth in *Arthur Anderson Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818–19 (Tex. 1997), citing, TEX. DISCIPLINARY R. PROF. CONDUCT 1.04, the factors that I considered include:

   (1)  the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;

   (2)  whether the acceptance of the particular employment precluded other employment by the firm;

   (3)  the fee customarily charged in the locality for similar legal services;

   (4)  the amount involved and the results obtained;

   (5)  the time limitations imposed by the client or the circumstances;

   (6)  the nature and length of the professional relationship with the client;

   (7)  the experience, reputation, and ability of the lawyer or lawyers performing the services; and

   (8)  whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

6. In my opinion, based on the above and based on my education, skill, knowledge, and experience as an attorney, a reasonable hourly rate for my time is $450.00 per hour.

7. In connection with Ms. Thomas' and Mr. Anderson's violation of Court Orders precluding removal, resulting in the proceedings pending before Hon. Judge Isgur, my Law Firm spent time reviewing the filings, reviewing the record, strategizing regarding securing a remand, conferring with our client, conferring with the attorneys for the other affected Defendants, and attending a hearing on May 1, 2024. In performing this work, I worked a total of 9.4 hours for a total attorney's fee of $4,230. In my opinion, all of this work was necessary, and the time spent was reasonable.

8. Attached to this Affidavit are relevant entries from the Law Firm's contemporaneous time records for work performed as generally described above. These records show the task performed, the amount of time spent on each task, and the total reasonable fee for the task. These records also tally the total reasonable and necessary attorney's fee for the removal and Meritage's motion in the amount of $4,230.00.

Affidavit of Kim Altsuler                                                    Page 2 of 3

9. In addition, I estimate that the Law Firm will spend 2.8 hours attending the hearing on the Motion for Compensation for a total additional reasonable fee of $1,260.00.

10. If Ms. Thomas or Mr. Andersen file a response to the Motion for Compensation, I anticipate the Law Firm will spend 3 hours reviewing the response and possibly preparing a reply, for an additional reasonable and necessary fee of $1,350.00.

11. After considering the factors enumerated above as set forth in *Arthur Anderson* and the contemporaneous time records for this matter, it is my opinion that a total reasonable and necessary attorney's fees already incurred and likely to be incurred up to and through the hearing on the Motion for Compensation is **$6,840.00**.

Further affiant sayeth not."

_____
Kim Altsuler

SWORN AND SUBSCRIBED before me the undersigned authority, on this 15th day of May 2024 by Kim Altsuler.

HEATHER RAZZAK
Notary Public, State of Texas
Comm. Expires 01-27-2025
Notary ID 129009035

NOTARY PUBLIC, STATE OF TEXAS

Affidavit of Kim Altsuler

Page 3 of 3

Elizabeth Thomas v. Primary Residential Mortgage Inc, et al.
Adversary No. 24-3066
Kim Altsuler Attorney's Fees

| Date | Timekeeper | Rate | Bs Hrs | Amount | Narrative |
|------|-----------|------|--------|--------|-----------|
| 4/18/2024 | K. Altsuler | $450.00 | 0.5 | $225.00 | Meeting with co-defendants to discuss status of case and need for remand into 333rd. |
| 4/23/2024 | K. Altsuler | $450.00 | 0.2 | $90.00 | Review show cause order and notice of hearing. |
| 4/25/2024 | K. Altsuler | $450.00 | 0.2 | $90.00 | Review filing by Stewart Title advising court that removal is improper because of 3 federal orders requiring Thomas to get permission from chief judge to remove a case. |
| 4/29/2024 | K. Altsuler | $450.00 | 0.2 | $90.00 | Review notice of filing remand order with attached remand order. |
| 5/1/2024 | K. Altsuler | $450.00 | 2.8 | $1,260.00 | Attend hearing on Show Cause Order in Federal Bankruptcy Court where removal was attempted. |
| 5/7/2024 | K. Altsuler | $450.00 | 0.2 | $90.00 | Phone call with PRMI's attorney regarding joint motion for attorney's fees. |
| 5/14/2024 | K. Altsuler | $450.00 | 0.2 | $90.00 | Prepare for call with client to discuss case. |
| 5/14/2024 | K. Altsuler | $450.00 | 0.6 | $270.00 | Phone calls with PRMI's attorney who is drafting joint motion for attorney's fees regarding motion and various orders to reference. |
| 5/14/2024 | K. Altsuler | $450.00 | 0.4 | $180.00 | Phone calls with client regarding status of case and recent activity and approval for filing motion for attorney's fees. |
| 5/14/2024 | K. Altsuler | $450.00 | 0.3 | $135.00 | Identify and locate sanctions and preclusion orders relevant to motion for attorney's fees. |
| 5/15/1014 | K. Altsuler | $450.00 | 3.8 | $1,710.00 | Review and revise motion for compensation and prepare Affidavit for attorney's fees. |
| | | **TOTAL:** | **9.4** | **$4,230.00** | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ELIZABETH THOMAS,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 24-3066** |
| | § | |
| **MERITAGE HOMES OF TEXAS, ET AL.,** | § | |
| **Defendants** | § | |

**ORDER OF CIVIL CONTEMPT**

Upon consideration of Primary Residential Mortgage, Inc.'s ("PRMI") and Meritage Homes of Texas, LLC's ("Meritage") Joint Motion for Order of Civil Contempt (the "Motion"), and for the reasons stated on the record, Elizabeth Thomas and James M. Andersen are in civil contempt of court. It is hereby:

ORDERED that Elizabeth Thomas and James M. Andersen shall be imprisoned as authorized by law and/or pay a $500.00 fine per diem until they prove compliance with the Court's June 11, 2024, Order; and

FURTHER ORDERED that Elizabeth Thomas and James M. Andersen shall pay reasonable and necessary attorney's fees incurred in connection with the Motion in the amount of $_____ to PRMI and $_____ to Meritage.

It is FURTHER ORDERED that all payments ordered herein shall be paid in full and in cash within 14 days of the date of this Order, and will accrue interest at the current judgment interest rate beginning 14 days after the date of this Order.

Signed on _____, 2024.

_____
Hon. Marvin Isgur
United States Bankruptcy Judge

000200

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **ELIZABETH THOMAS** | § | **Adversary No. 24-03066** |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **MERITAGE HOMES CORPORATION** | § | |
| **F/K/A MERITAGE CORPORATION,** | § | |
| **F/K/A LEGACY MONTEREY HOMES** | § | |
| **LP; MERITAGE HOMES OF TEXAS** | § | |
| **LLC F/K/A/ MERITAGE HOMES OF** | § | |
| **TEXAS LP F/K/A LEGACY** | § | |
| **MONTEREY HOMES LP; MTH** | § | |
| **LENDING GROUP L.P.; PRIMARY** | § | |
| **RESIDENTIAL MORTGAGE INC.;** | § | |
| **MARY A. LESTER; AND STEWART** | § | |
| **TITLE COMPANY CAUSE NO. 2016-** | § | |
| **87941** | § | |
| | § | |
| **Defendants** | | |

**CAUSE NO. 2017-76078**

| | |
|---|---|
| **ELIZABETH THOMAS** | § |
| **Plaintiff** | § |
| **v.** | § |
| | § |
| **MERITAGE HOMES CORPORATION** | § |
| **f/k/a Meritage Corporation, f/k/a Legacy** | § |
| **Monterey Homes LP; MERITAGE** | § |
| **HOMES OF TEXAS LLC f/k/a/** | § |
| **Meritage Homes of Texas LP f/k/a** | § |
| **Legacy Monterey Homes LP; MTH** | § |
| **LENDING GROUP L.P.; PRIMARY** | § |
| **RESIDENTIAL MORTGAGE INC.;** | § |
| **MARY A. LESTER; and STEWART** | § |
| **TITLE COMPANY;** | § |
| | § |
| **Defendants** | § |
| | § |

000201

## CAUSE NO. 2017-82388

| | |
|---|---|
| **ELIZABETH THOMAS** | § |
| **Plaintiff** | § |
| **v.** | § |
| | § |
| **MERITAGE HOMES OF TEXAS  LLC** | § |
| **f/k/a/ Meritage Homes of Texas LP f/k/a** | § |
| **Legacy Monterey Homes and** | § |
| **STEWART TITLE GUARANTY** | § |
| **Defendants** | § |
| | § |

## CAUSE NO. 2017-04089

| | |
|---|---|
| **MIRAMAR LAKE HOMEOWNERS** | § |
| **ASSOCIATION, INC.** | § |
| **Plaintiffs** | § |
| **v.** | § |
| | § |
| **ELIZABETH THOMAS** | § |
| **Defendants** | |

### JOINT RESPONSE TO MERITAGE HOMES OF TEXAS LLC, AND
### PRIMARY RESIDENTIAL MORTGAGE IN MOTION FOR CONTEMPT

Attorney James M. Andersen and Elizabeth Thomas pro, se files this Joint Response to

Primary Residential Mortgage Inc.,("PRMI") and Meritage Home of Texas LLC., ("Mertiage"),

Joint Motion for Civil Contempt and for cause shows as follows:

### I.    INTRODUCTION

1.    On June 11, 2024, the Court entered an Order Granting Compensation, ordering

Thomas and Andersen to pay $13,657.50 to PRMI and $4,612.50 to Meritage in full and in cash

within 14 days of the entry of the Order. (Dkt. 29).

2.    Thomas states that she has not ignored the Court June 11, 2024, instead she lacks

the ability to comply with the order (e.g., impecunious contemnor cannot pay a fine). Thomas is

retired and the only source of income is her monthly social security payments. The Court is free

to issue an order directing those payments be made to the PRMI and Meritage. *See*: **Exhibit** A.

3.      Attorney Andersen had made a statement which illustrates his present inability to pay. *See*: **Exhibit** B.

4.      Movants  objects PRIM and Meritage allegations that their exist any order from a District Court Judges within the Southern District prohibiting Andersen from removing cases is simply not true. On February 8, 2024 the Honorable Judge Alfred H. Bennett U.S.D.J., issued an order in the case styled as <u>Robert L. Thomas et al., vs. PCF Properties in Texas LLC, et al</u>, Cause No. 22 CV-705 clarifying that the "Aligned Litigants" (Elizabeth Thomas, James Allen, Robert L. Thomas and Allan Haye), must receive advance written notice from the Chief Judge of the Southern District of Texas before filing any notices of removal to include any and all removals from Harris County District Court. The court went on the clarify the Notice of Removal to the Delaware Court/ Doc. #77 Ex. 10. The Notice of Removal to the Delaware Bankruptcy Court was filed by Andersen a third party defendant who is also a attorney and is representing himself in the matter. Notably in the Court Order, the Aligned Litigants were barred from filing any notices of removal without written permission from the Chief Judge of the Southern District of Texas. See Doc.#75. But Andersen was not included as a one of the Aligned Litigants *Id.* Thus, the Court's order did not apply to him. *See*: **Exhibit** C.

**UNDISPUTED FACTS**

5.      On April 11, 2024, Attorney James M. Andersen on behalf of Elizabeth Thomas removed from the 333rd District Court, Harris County, Texas the following Cause No. 2016-87941 (the Parent Case) together with Case Cause Nos. 2017-76078, 2017-82388, and 2017-04089, all pending together with the parent case to the U.S. Bankruptcy Court for the Southern District of Texas.

6.      On April 23, 2024 the issued a Show Cause Order for Contempt of Court and ordered Thomas and Andersen to appear and show cause why they should not be held in civil contempt and sanctioned.

7.      On April 23, 2024, the Court ordered that Thomas and Andersen could purge themselves from Civil Contempt if they withdrew the Notice of Removal.  On April 24, 2024, Thomas and Andersen withdrew the Notice of Removal.

8.      On April 29, 2024, the Court remanded this proceeding Cause No. 2016-87941 (the Parent Case) and  Case Cause Nos. 2017-76078, 2017-82388, and 2017-04089, were all together sent back to the 333rd District Court, Harris County, Texas for which they came. The Court retained jurisdiction over any compensatory civil sanctions or requests for compensation sought against Thomas and Andersen.

9.       On May 1, 2024,  the Court conducted a show cause hearing relating Thomas an Andersen's ongoing violations of the Removal Orders. At this hearing, **Attorney** Gwen E. Richard of the Irelan McDaniel Law Firm appeared on behalf of Primary Residential Mortgage Inc., a defendant in cause Nos. 2016-87941 and 2017-76078 pending together in the 333rd District Court, Harris County, Texas with the parent cause No. 2016-87941. Attorney Kim Altsuler of Pecker & Abramson PC appeared on behalf of Meritage Homes Corporation, and Meriage Homes LLC, defendants in cause Nos. 2016-87941, 2017-76078 and 2017-82388 pending together in the 333rd District Court, Harris County, Texas.

10.      For the contempt motion to be granted, the court must find that the disobedient party not only failed to comply with a court order, but had the ability and financial resources and ability to pay but did, not.  The judgment must also include a finding that either the defendant has the ability to comply with the court's order underlying the contempt and willfully

refuses to do so, or that the defendant had that ability but took action to divest himself of the ability to comply.

WHEREFORE, because Attorney James M. Andersen and Elizabeth Thomas shown that they lack the financial ability and resources to comply with the Court order the Parties motion should be denied and for such futher relief the court deems just,

Respectfully submitted,

THE JAMES M. ANDERSEN LAW FIRM

/s/James M. Andersen

James M. Andersen
Attorney at Law
Texas State Bar No. 01165850
 SBN: 20144
 P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
 E-Mail:jandersen.law@gmail.com

/s/ Elizabeth Thomas

 Elizabeth Thomas Pro, Se
 712 H. Street NE #2487
 Washington DC 20002
 elizthomas234@gmail.com

## CERTIFICATE OF SERVICE

I certify that on August 21, 2024, the foregoing document was served on Counsel of record via the Court's ECF electronic notification system.

/s/James M. Andersen

James M. Andersen

EXHIBIT-1

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE SOUTHERN DISTRICT OF TEXAS

ELIZABETH THOMAS,
     *Plaintiff,*                  ADVERSARY NO.: 24-03066

v.

MERITAGE HOMES OF TEXAS LLC, et al
     *Defendants.*

### ELIZABETH THOMAS STATEMENT OF INABILITY TO PAY

     Thomas states that she has not ignored the Court June 11, 2024, instead she lacks the ability to comply with the order (e.g., impecunious contemnor cannot pay a fine). Thomas is retired and the only source of income is her monthly social security payments of 1,150.00 and after I pay my monthly expenses I have nothing left. The Court is free to issue an order directing Social Security to make those payments to the PRMI and Meritage.


                            /s/ *Elizabeth Thomas*
                            Elizabeth Thomas
                            712 H. Street NE #2487
                            Washington DC 20002
                            elizthomas234@gmail.com

EXHIBITB

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS**

ELIZABETH THOMAS,
   *Plaintiff,*      ADVERSARY NO.: 24-03066

v.

MERITAGE HOMES OF TEXAS LLC, et al
    *Defendants*.

JAMES M. ANDERSEN'S  STATEMENT  OF INABLITY TO
PAY CIVIL CONTEMPT FINE

   The Court issued on June 11, 2024 an Order for Elizabeth Thomas and James M. Andersen to pay $18,270.00 as compensatory sanctions for civil contempt as found by the Court. I have not been able to pay anything toward these sanctions.  This has not been willful or intentional, I just do not have funds to make a payment.  My primary source of income is my social security check each month which is $2,300.00 which I use to pay my office rent of $1430.00 per month and my car note of $450.00 per month.  I am also the sole caregiver for my brother who lost totally lost his memory in fall.  I see him every day for three (3) to four (4) hours; bring him a breakfast each day and give him supplements and food to keep his health up. I do get client funds in but that is sporadic.  Clients seem to run out of money after the case goes on for more than a few months.  I live in La Marque in Galveston County and was without power for nine (9) days.  I still have not been able to clean up the yard or finish cleaning out the refrigerator and freezer.  I did get rid of the bad food in the refrigerator but I just let the food re-freeze in the freezer and I will get to it when I have time.  Care for my brother is primary for me. I would pay the Court's sanctions if I had the funds.  Right now I am at my wits end.  My computer went down on Saturday morning at about 10 AM.  I did not get it back until Monday at about 3 pm.  A client had to pay the $176.00 to get my computer up and running again.  I am

000207

willing to make a payment arrangement with the Court if that is what the Court desires  I have had to pay rent late for June and July, 2024 ($1,555.00) but I managed to pay my August rent on time this month.

.

Respectfully submitted

**JAMES M. ANDERSEN**
**ATTORNEY AT LAW**

By:/s/James M. Andersen
James M. Andersen
Texas State Bar No.01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

I certify that on August 21, 2024, the foregoing document was served on Counsel of record via the Court's ECF electronic notification system.

By:/s/James M. Andersen
James M. Andersen

United States District Court
Southern District of Texas
**ENTERED**
February 12, 2024
Nathan Ochsner, Clerk

Exhibit-C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT THOMAS, *et al*,     §
                              §
     Plaintiffs,      §
                              §
VS.                        §    CIVIL ACTION NO. 4:22-CV-705
                              §
PCF PROPERTIES IN TEXAS, LLC, *et al*,  §
                              §
     Defendants.      §
                              §

## **ORDER**

Before the Court are Defendant PCF Properties in Texas, LLC's ("PCF") Motion for Sanctions (Doc. #77) and Third-Party Defendant James Andersen's ("Andersen") Response[1] (Doc. #78). In its Motion, PCF alleges that Plaintiffs Robert L. Thomas, Allan Haye, and James Allen, Defendant Elizabeth Thomas, and Andersen (collectively, the "Thomas Parties") and the parties' respective counsel should be sanctioned for willfully and intentionally violating the Court's February 16, 2023 Order (Doc. #75). Doc. #77. In the February 16 Order granting PCF and Third-Party Defendant JP Morgan Chase Bank N.A.'s Second Motion to Remand, the Court stated that the "Aligned Litigants" (Elizabeth Thomas, James Allen, Robert L. Thomas, and Allan Haye) must "receive advanced written notice from the Chief Judge of the Southern District of Texas before filing notices of removal to include any and all removals from any Harris County District Court." Doc. #75 at 4. The Court also warned that "continued frivolous notices of removal, complaints, and motions by the *Aligned Litigants* will result in the imposition of monetary sanctions and/or an order of contempt from this Court." *Id.* (emphasis added).

---

[1] The Court notes for the sake of clarity that Third-Party Defendant James Andersen's Response is titled as "Letter to Judge Bennett." Doc. #78. It is clear from the content of the letter that it was filed in response to the Motion for Sanctions, thus the Court will treat the letter as a response.

PCF contends that the Thomas Parties violated the Court's Order by attempting to remove a case in the 80th District Court of Harris County to the Unites States Bankruptcy Court of Delaware. Doc. #77, Ex. 10. The Notice of Removal to the Delaware Bankruptcy Court was filed by Andersen, a third-party defendant who is also an attorney and is representing himself in this matter. Notably, in the Court's Order, the Aligned Litigants were barred from filing any notices of removal without written permission from the Chief Judge of the Southern District of Texas. *See* Doc. #75 at 4. But Andersen was not included as one of the Aligned Litigants. *Id.* Thus, the Court's Order did not apply to him.

Accordingly, PCF's Motion for Sanctions (Doc. #77) is hereby DENIED.

It is so ORDERED.

_FEB 0 8 2024_
Date

The Honorable Alfred H. Bennett
United States District Judge

2

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

September 10, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 99-99999 |
| OUT OF DISTRICT MAIN CASE, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| ELIZABETH THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 24-3066 |
| | § | |
| PRIMARY RESIDENTIAL MORTGAGE | § | |
| INC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER IN AID OF ORDER GRANTING COMPENSATION (ECF #29)

For the reasons stated on the record, it is hereby:

ORDERED that Elizabeth Thomas and James M. Andersen shall file by no later than

September 24, 2024, with the Clerk of the Court in the referenced matter, copies of all the

following documents and information for the period from September 10, 2023 through

September 10, 2024:

1. Bank or credit union statements,

2. Credit card statements,

3. Commercial leases; and

4. Any other documents showing the movement of money to or from Elizabeth Thomas

   and/or James M. Anderson.

000211

ORDERED that after review of the filings, the Court will determine whether to set another hearing on the Joint Motion for Contempt (ECF #32).

SIGNED 09/10/2024

_____
Alfredo R Pérez
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ELIZABETH THOMAS,** | § | |
| Plaintiff | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 24-3066** |
| | § | |
| **MERITAGE HOMES OF TEXAS, ET AL.,** | § | |
| Defendants | § | |

### NOTICE OF HEARING ON PRIMARY RESIDENTIAL MORTGAGE, INC. AND MERITAGE HOMES OF TEXAS, LLC'S JOINT MOTION FOR ORDER OF CIVIL CONTEMPT

PLEASE TAKE NOTICE that Primary Residential Mortgage, Inc. and Meritage Homes of Texas, LLC's Joint Motion for Order of Civil Contempt (Doc. 32, filed on July 3, 2024) is set for hearing on **Monday, October 21, 2024, at 9:00 a.m.** in Courtroom 400.

Respectfully submitted,

**IRELAN MCDANIEL**
A Professional Limited Liability Company

By: */s/ Gwen E. Richard*
    Gwen E. Richard
    grichard@imtexaslaw.com
    State Bar No 16842730
    2520 Caroline St., 2nd Floor
    Houston, Texas 77004
    Phone:  713.222.7666
    Fax:     713.222.7669

**ATTORNEY FOR PRIMARY RESIDENTIAL MORTGAGE, INC.**

1

**PECKAR & ABRAMSON, P.C.**


By: */s/ Kim Altsuler*
     Kim Altsuler
     Federal Bar No. 21838
     State Bar No. 00796656
     kaltsuler@pecklaw.com
     1717 West Loop South, Suite 1400
     Houston, TX 77027
     Telephone: 713-568-1500
     Facsimile:  713-568-1490

**ATTORNEY FOR MERITAGE HOMES OF TEXAS, LLC**


## CERTIFICATE OF SERVICE

       I certify that on October 2, 2024, a copy of the foregoing Notice of Hearing was served by filing it with the Court's Case Management/Electronic Case Filing system and as follows:

**Via Email *jandersen.law@gmail.com***
James M. Andersen
P.O. Box 58554
Webster, Texas 77598

**Via CM/RRR 9314 8699 0430 0126 9645 56**
**And Email *tethomas3@aol.com***
Elizabeth Thomas
712 H Street NE, Suite 1297
Washington DC 20002

**Via Email *holidyefile@germer.com***
Dale M. Holiday
Germer PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019


     */s/ Gwen E. Richard*
     Gwen E. Richard

000214

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 03, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXES
## HOUSTON DIVISION

IN RE:                                          §
                                                §    **CASE NO: 99-99999**
**OUT OF DISTRICT MAIN CASE,**                  §
                                                §    **CHAPTER 7**
    Debtor.                  §
                                                §
**ELIZABETH THOMAS,**                           §
                                                §
    Plaintiff,               §
                                                §
VS.                                             §    **ADVERSARY NO. 24-3066**
                                                §
**PRIMARY RESIDENTIAL MORTGAGE**                §
**INC,** *et al.*,                              §
                                                §
    Defendants.              §

## ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH ORDER IN AID OF ORDER GRANTING COMPENSATION (ECF #46)

On September 10, 2024, the Court entered an order (ECF #46), compelling James M. Andersen to file copies of all the following documents and information for the period from September 10, 2023, through September 10, 2024:

    1. Bank or credit union statements,

    2. Credit card statements,

    3. Commercial leases; and

    4. Any other documents showing the movement of money to or from Elizabeth Thomas and/or James M. Anderson.

On September 24, 2024, James M. Andersen filed a single 3-page bank statement for the period 8/3/24 to 9/22/24. Filings in Mr. Andersen's now dismissed bankruptcy case (24-80232) reveal at least two bank accounts and a commercial lease (See – ECF #49 in case number 24-80232).

1 / 2

IT IS ORDERED that James M. Andersen show cause, at the hearing previously scheduled for October 21, 2024, at 9 am at Houston, Courtroom 400, why he should not be held in contempt for failing to comply with the Court's order dated September 10, 2024 (ECF #46).

SIGNED 10/03/2024

_____
Alfredo R Pérez
United States Bankruptcy Judge

2 / 2

## IN THE UNITED STATES BANKRUPCTY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE:

**OUT OF DISTRICT MAIN CASE**
*Debtor*

CASE NO. 99-99999

CHAPTER  7

**ELIZABETH THOMAS**

*Plaintiff*

vs.

**PRIMARY RESIDENTAL MORTGAGE INC,** *et al.,*

*Defendants.*

ADVERSARY NO.24-3066

### MOTION FOR A CONTINUANCE

Comes Now, Elizabeth Thomas (the "Plaintiffs") and files this Emergency Motion to Continue at least three (days) prior to the October 21, 2024, hearing and for good cause shows the court as follows:

On October 9, 2024, I was diagnosed by my doctor with a condition that requires surgery. I am scheduled for said surgery on October 17, 2024 with a pending release date of October 31, 2024, providing that there are no complications.

As such I am will not be able to appear at the hearing scheduled for October 21, 2024, and seek that said hearing be continued for the reasons stated above. In support thereof I have filed under seal a copy of the doctor's letter placing me on

a Medical from the October 17, 2024 to October 31, 2024.

Respectfully submitted,

_/s/Elizabeth Thomas_
Elizabeth Thomas Pro, Se
712 H Street NE #2487
Washington DC 20002
elizthomas234@gmail.com

## CERTIFICATE OF CONFERENCE

I Elizabeth Thomas declare that on October 15, 2024,  I served a copy of this Motion via e-mail upon Attorney Gwen E. Richard who oppose counsel for Primary Residential Mortgage Inc., at    grichard@imtexaslaw.com  and  Attorney Kim  Altsuler  counsel  for  Meritage  Homes  of  Texas  LLC.  at kaltsuler@pecklaw.com no response and Attorney James M. Andersen does not oppose at jandersen.law@gmail.com and requested if they oppose this motion,

/s/Elizabeth Thomas

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 15,  22, 2024  a copy of the foregoing document  was served EFC- Service System or E-mail and U. S. Mail, postage prepaid upon all counsel of record.

<u>/s/Elizabeth Thomas</u>

**IN THE UNITED STATES BANKRUPCTY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO. 99-99999** |
| **OUT OF DISTRICT MAIN CASE** | |
| *Debtor* | **CHAPTER  7** |
| **ELIZABETH THOMAS** | |
| *Plaintiff* | |
| **vs.** | **ADVERSARY NO.24-3066** |
| **PRIMARY RESIDENTAL MORTGAGE INC,** *et al.*, | |
| *Defendants.* | |

**ORDER GRANTING MOTION FOR CONTINUANCE**

Before the Court is the Motion filed by Elizabeth Thomas (the "Movant") requesting continuance of the current hearing scheduled for October 21, 2024,   on the Defendants Motion for Contempt. The Court finds that good cause has been shown and the Motion should be granted.

ACCORDINGLY, IT IS ORDERED that the hearing on the Defendants Motion for Contempt as to the Movant is  continued to the _____date and time _____.

SIGNED On _____.

_____
Hon. Alfredo R. Perez
United States Bankruptcy Judge

000221

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 16, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPCTY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO. 99-99999** |
| **OUT OF DISTRICT MAIN CASE** | |
| *Debtor* | **CHAPTER  7** |
| **ELIZABETH THOMAS** | |
| *Plaintiff* | |
| **vs.** | **ADVERSARY NO.24-3066** |
| **PRIMARY RESIDENTAL MORTGAGE INC,** *et al.*, | |
| *Defendants.* | |

## <u>ORDER GRANTING MOTION FOR CONTINUANCE</u>

Before the Court is the Motion filed by Elizabeth Thomas (the "Movant") requesting continuance of the current hearing scheduled for October 21, 2024,   on the Defendants Motion for Contempt. The Court finds that good cause has been shown and the Motion should be granted.

ACCORDINGLY, IT IS ORDERED that the hearing on the Defendants Motion for Contempt as to the Movant is  continued to November 5, 2022 at 9 am (Central Time).

Signed: October 16, 2024

Alfredo R Pérez
United States Bankruptcy Judge

000222

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 21, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXES
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 99-99999** |
| **OUT OF DISTRICT MAIN CASE,** | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| | § | |
| **ELIZABETH THOMAS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 24-3066** |
| | § | |
| **PRIMARY RESIDENTIAL MORTGAGE INC,** *et al.,* | § | |
| | § | |
| Defendants. | § | |

## ORDER TO SHOW CAUSE AND COMPELLING IN PERSON APPEARANCE AT THE HEARING SCHEDULED FOR NOVEMBER 5, 2024 AT 9:00 AM

On October 2, 2024, a hearing was noticed (ECF #51) for October 21, 2024, at 9:00 AM on the Joint Motion for Civil Contempt (ECF #32).

On October 3, 2024, the Court entered its Order to Show Cause for Failure to Comply with Order in Aid of Order Granting Compensation (ECF #52). Specifically, the last paragraph of the October 3rd order stated, "IT IS ORDERED that James M. Andersen show cause, at the hearing previously scheduled for October 21, 2024, at 9 am at Houston, Courtroom 400, why he should not be held in contempt for failing to comply with the Court's order dated September 10, 2024 (ECF #46)."

On October 15, 2024, Elizabeth Thomas requested a continuance of the civil contempt hearing as to her (ECF #56) which was granted on October 16, 2024 (ECF #58). The hearing was continued as to Elizabeth Thomas to November 5, 2024, at 9:00 AM.

At the hearing scheduled for October 21, 2024, although he had been ordered to appear and show cause why he should not be held in contempt, James M Andersen failed to appear.

1 / 2

000223

IT IS THEREFORE,

ORDERED that James M. Andersen appear, in person, at the hearing on November 5, 2024, at 9:00AM at the Federal Courthouse in Houston, 515 Rusk Avenue, Courtroom 400, Houston, Texas to show cause why he should not be held in contempt of court.

SIGNED 10/21/2024

_____
Alfredo R Pérez
United States Bankruptcy Judge

2 / 2

000224

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

October 21, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXES
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 99-99999** |
| **OUT OF DISTRICT MAIN CASE,** | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| | § | |
| **ELIZABETH THOMAS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 24-3066** |
| | § | |
| **PRIMARY RESIDENTIAL MORTGAGE INC,** *et al.,* | § | |
| | § | |
| | § | |
| Defendants. | § | |

### SUPPLEMENTAL ORDER AWARDING FURTHER COMPENSATION

Based on the testimony of counsel and for the reasons stated on the record, Elizabeth Thomas and James M. Andersen must pay an additional $4,500 to Primary Residential Mortgage, Inc., and $1,305 to Meritage Homes of Texas, LLC.

Elizabeth Thomas and James M. Andersen are jointly and severally liable for these payments.

These payments are awarded as compensatory sanctions for civil contempt. The payments must be made in full and in cash on or before November 4, 2024.

The Court retains jurisdiction to consider any enforcement action that may be brought on account of a failure to pay these sanctions.

SIGNED 10/21/2024

Alfredo R Pérez
United States Bankruptcy Judge

000225

000226